1   David M. Walsh (SB# 120761)  davidwalsh@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
2   515 South Flower Street
    Twenty-Fifth Floor
3   Los Angeles, CA  90071
    Telephone:  (213) 683-6000
4   Facsimile:  (213) 627-0705

5   Thomas A. Counts (SB# 148051)  tomcounts@paulhastings.com
    Eric A. Long (SB# 244147)  ericlong@paulhastings.com
6   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
7   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
8   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100

9
    Attorneys for Defendant
10  APPLE INC.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  JACOB BALTAZAR, CLAUDIA              CASE NO. C 10-03231 EMC
    KELLER, JOHN R. BROWNING,
15  individually, and on behalf of all others   **DEFENDANT APPLE INC.'S NOTICE OF**
    similarly situated,                 **MOTION AND MOTION TO DISMISS**
16
                    Plaintiffs,
17                                       Date:      November 17, 2010
        vs.                             Time:      10:30 a.m.
18                                       Dept.:     Courtroom C, 15th Floor
    APPLE INC.,                         Judge:     Hon. Edward M. Chen
19
                    Defendant.          Complaint Filed:  July 23, 2010
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 3

II.   SUMMARY OF ALLEGATIONS ....................................................................... 4

III.  STANDARD OF REVIEW ................................................................................. 5

    A.   Rule 12(b)(6) Standard Governing Plaintiffs' Claims ............................ 5

    B.   Rule 9(b) Standard Governing Plaintiffs' Fraud-Based Claims .............. 6

IV.   LEGAL ARGUMENT:  PLAINTIFFS HAVE FAILED TO PROPERLY
ALLEGE CLAIMS AGAINST APPLE ............................................................. 7

    A.   Plaintiffs' First, Second and Eighth Causes of Action For Fraud, Negligent
Misrepresentation and Intentional Misrepresentation Must Be Dismissed
Because the Complaint Fails To Allege Fraud or Negligent
Misrepresentation ................................................................................. 7

        1.   Plaintiffs Do Not Adequately Plead False Representations ....................... 8

        2.   Plaintiffs Do Not Adequately Plead Fraudulent Omission ........................ 8

    B.   Plaintiffs' Third, Fourth and Fifth Causes of Action Fail to State a Claim ........... 9

        1.   Plaintiffs Have Not Pled an Affirmative Misrepresentation or
Fraudulent Omission ................................................................................. 9

            a.   Apple Has No Duty To Disclose .................................................. 11

            b.   Plaintiffs' Omission-Based Allegations Lack Specificity ............. 12

        2.   Plaintiffs Have Not Pled Reliance Under the UCL or CLRA .................. 13

        3.   Plaintiffs Cannot Plead That Consumers Are Likely To Be
Deceived .................................................................................................. 14

        4.   Plaintiffs Point Only To Non-Actionable Puffery .................................. 16

        5.   Plaintiffs Have Alleged No Actual Injury For Their UCL, FAL, and
CLRA Claims .......................................................................................... 17

    C.   Plaintiffs Have Not Alleged an "Unfair" Practice Under the UCL ..................... 18

    D.   Plaintiffs' Sixth Cause of Action for Express Warranty Is Equally Flawed ........ 18

        1.   Plaintiffs Have Not Alleged Reliance or Breach ................................... 18

        2.   Plaintiffs Have Not Alleged Concrete Injury .......................................... 19

    E.   Plaintiffs' Ninth Cause of Action for Violation of the Song-Bervely Act
Also Must Be Dismissed Because There Is No Breach ........................................ 19

**TABLE OF CONTENTS**
**(continued)**

Page

F.    Plaintiffs' Seventh Cause of Action for Breach of Implied Warranty Must Be Dismissed Because There Is No Breach ............................................................ 20

G.    Plaintiff's Tenth Cause of Action for Unjust Enrichment Must Be Dismissed Because the Complaint Fails To Allege Any Misconduct ................. 20

V.    CONCLUSION:  DISMISSAL WITH PREJUDICE IS APPROPRIATE ....................... 21

# TABLE OF AUTHORITIES

Page

<u>CASES</u>

*Am. Suzuki Motor Corp. v. Superior Ct.*,
  37 Cal. App. 4th 1291 (1995)...................................................................................... 20

*Anunziato v. eMachines, Inc.*,
  402 F. Supp. 2d 1133 (C.D. Cal. 2005).......................................................................... 16

*Ashcroft v. Iqbal*,
  --- U.S. ---, 129 S. Ct. 1937 (2009) .......................................................................... 6, 11

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990)........................................................................................ 5

*Bardin v. Daimlerchrysler Corp.*,
  136 Cal. App. 4th 1255 (2006)..................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 5

*Berryman v. Merit Prop. Mgmt., Inc.*,
  152 Cal. App. 4th 1544 (2007)................................................................................. 12, 18

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001)...................................................................................... 6

*Brothers v. Hewlett-Packard Co.*,
  2006 WL 3093685 (N.D. Cal. Oct. 31, 2006)................................................................ 16

*Brownfield v. Bayer Corp.*,
  2009 WL 1953035 (E.D. Cal. 2009) ............................................................................. 17

*Buckland v. Threshold Enters., Ltd.*,
  155 Cal. App. 4th 798 (2007).................................................................................. 15, 17

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004)........................................................................................ 7

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*,
  365 F.3d 835 (9th Cir. 2004).......................................................................................... 7

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008)....................................................................................... 10

*Colgan v. Leatherman Tool Group, Inc.*,
  135 Cal. App. 4th 663 (2006)....................................................................................... 15

APPLE INC.'S MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(continued)

Page

*Consumer Advocates v. Echostar Satellite Corp.*,
   113 Cal. App. 4th 1351 (2003)........................................................................ 14

*Daro v. Superior Ct.*,
   151 Cal. App. 4th 1079 (2007)........................................................................ 17

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006)................................................. 10, 11, 12, 18

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003)........................................................................ 6

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995)............................................................................ 15

*Herrington v. Johnson & Johnson Consumer Cos.*,
   2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ........................................... 14

*Hoey v. Sony Elecs. Inc.*,
   515 F. Supp. 2d 1099 (N.D. Cal.2007) ............................... 9, 10, 11, 21

*Hutson v. American Home Mort. Servicing, Inc.*,
   2009 WL 3353312 (N.D. Cal. Oct. 16, 2009)........................................... 7

*In re ActImmune Marketing Litig.*,
   2009 WL 3740648 (N.D. Cal. Nov. 6, 2009)........................................... 14

*In re Tobacco II*,
   46 Cal. 4th 298 (2009).......................................................................... 13, 17

*In re Vioxx Class Cases*,
   180 Cal. App. 4th 116 (2009)........................................................................ 15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)................................................. 6, 11, 13, 18

*Kent v. Hewlett-Packard Co.*,
   2010 WL 2681767 (N.D. Cal. July 6, 2010)........................................... 20

*Khoury v. Maly's of Calif., Inc.*,
   14 Cal. App. 4th 612 (1993)........................................................................ 11

*Long v. Hewlett-Packard Co.*,
   2007 U.S. Dist LEXIS 79262 (N.D. Cal. July 27, 2007)................. 10, 11

-iv-

**TABLE OF AUTHORITIES**
(continued)

Page

*Lorenz v. Sauer,*
807 F.2d 1509 (9th Cir. 1987)............................................................................. 7

*Lorenzo v. Qualcomm Inc.,*
603 F. Supp. 2d 1291 (S.D. Cal. 2009) .............................................................. 21

*McDonnell Douglas Corp. v. Thiokol Corp.,*
124 F.3d 1173 (9th Cir. 1997)............................................................................ 18

*Melchior v. New Line Prods., Inc.,*
106 Cal. App. 4th 779 (2003)............................................................................. 21

*Morgan v. Harmonix Music Sys., Inc.,*
2009 U.S. Dist. LEXIS 57528 (N.D. Cal. July 7, 2009)...................................... 10

*Neilson v. Union Bank of California,*
290 F. Supp. 2d 1101 (C.D. Cal. 2003)................................................................ 7

*Oestreicher v. Alienware Corp.,*
544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd* 2009 U.S. Dist. LEXIS 7259 (9th Cir.
Apr. 2, 2009) ................................................................................................ passim

*Robertson v. Fleetwood Travel Trailers of California, Inc.,*
144 Cal. App. 4th 785 (2006)............................................................................. 20

*Saba v. Caplan,*
2010 WL 2681987 (N.D. Cal. July 6, 2010) (FAL)............................................... 6

*Sanders v. Apple,*
672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................ 12

*Southland Sod Farms v. Stover Seed Co.,*
108 F.3d 1134 (9th Cir. 1997)............................................................................ 16

*Tietsworth v. Sears, Roebuck & Co.,*
2010 WL 1268093 (N.D. Cal. Mar. 31, 2010)..................................................... 16

*Tietsworth v. Sears Roebuck and Co.,*
2009 WL 1363548 (N.D. Cal. May 14, 2009) ..................................................... 19

*U.S. Concord, Inc. v. Harris Graphics Corp.,*
757 F. Supp. 1053 (N.D. Cal. 1991) .................................................................... 8

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003)..................................................................... 6, 7, 8

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *Weinstat v. Dentsply Int'l, Inc.*,
       180 Cal. App. 4th 1213 (2010)................................................................... 19

4

5    *Werberl ex rel. v. Pepsico, Inc.*,
       2010 WL 2673860 (N.D. Cal. July 2, 2010) ....................................... 7, 15

6

     *Wilens v. TD Waterhouse Group, Inc.*,
7      120 Cal. App. 4th 746 (2003)............................................................ 14, 17

8    *Williams v. Beechnut Nutrition Corp.*,
       185 Cal. App. 3d 135 (1986)..................................................................... 18

9

     *Williams v. Gerber Prods. Co.*,
10     552 F.3d 934 (9th Cir. 2008)..................................................................... 15

11

     *Yield Dynamics, Inc. v. TEA Sys. Corp.*,
12     154 Cal. App. 4th 547 (2007)................................................................... 19

13

14                                    **STATUTES**

15   Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................ 5

16   Cal. Bus. & Prof. Code § 17204 ..................................................................... 17

17   Cal. Bus. & Prof. Code § 17500 ..................................................................... 10

18   Cal. Civ. Code § 1750 ..................................................................................... 5

19
     Cal. Civ. Code § 1790 ............................................................................... 5, 19

20
     Cal. Civ. Code § 1794(a)............................................................................... 20

21

22

23                                **OTHER AUTHORITIES**

24   Federal Rule of Civil Procedure 9(b) ..................................................... passim

25   Federal Rule of Civil Procedure 12(b)(6) ................................................. 5, 6

26

27

28

1

**<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

2   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3           PLEASE TAKE NOTICE THAT on November 17, 2010 at 10:30 a.m. in

4   Courtroom C of the United States District Court for the Northern District of California, located at

5   450 Golden Gate Ave, San Francisco, California 94102, before the Honorable Judge Edward M.

6   Chen Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiffs' purported

7   Class Action Complaint ("Complaint"), or alternatively, moves for a more definite statement.

8           This Motion is based on Federal Rules of Civil Procedure 12(b)(6) and 9(b); this

9   Notice of Motion and Motion; the attached Memorandum of Points and Authorities; Apple's

10   Request for Judicial Notice and the Declaration of Eric A. Long, filed concurrently herewith; the

11   Complaint; and the pleadings, papers and other documents on file in this action along with any

12   evidence and argument presented at the hearing in this matter.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

**STATEMENT OF ISSUES**

1.      Whether the First, Second and Eighth Causes of Action for fraud, negligent misrepresentation, and intentional misrepresentation fail to state a claim because (a) Plaintiffs have not alleged a false statement of fact, (b) Plaintiffs have not alleged reliance, and (c) Plaintiffs have not pleaded the claims with sufficient particularity under Rule 9(b).

2.      Whether the Third, Fourth, and Fifth Causes of Action for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* fail to state claims because Plaintiffs failed (a) to plead facts sufficient to state a claim, (b) to allege a duty to disclose, and (c) to state allegations of reliance and/or injury.

3.      Whether the Fifth Cause of Action for violation of the UCL should be dismissed because Plaintiffs fail to plead facts sufficient to state a claim under the "unfair" prong of the UCL.

4.      Whether the Sixth Cause of Action for Breach of the Express Warranty fails to state a claim because Plaintiffs have identified no reliance and no breach.

5.      Whether the Seventh Cause of Action for Breach of the Implied Warranty of Merchantability and/or Fitness fails to state a claim because iPad is both merchantable and fit for its ordinary purpose.

6.      Whether the Ninth Cause of Action for violation of the Song-Beverly Consumer Warranty Act should be dismissed because Plaintiffs fail to plead facts sufficient to state a claim, including presentment of the allegedly non-conforming good for replacement or refund.

7.      Whether the Tenth Cause of Action for Unjust Enrichment fails to state a claim because the Complaint fails to allege any misconduct resulting in Apple's enrichment.

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    <u>INTRODUCTION</u>**

3            Plaintiffs complain that Apple's sale of iPad[1] – Apple's new multi-purpose mobile

4    device – constitutes actionable fraud and a breach of warranty because iPad allegedly does not

5    perform as expected when operated in "particular environmental conditions."  While Plaintiffs

6    fail to adequately describe those "particular" conditions, it appears Plaintiffs' allegation is that

7    iPad overheats in the allegedly "common" use condition of direct sunlight at certain ambient

8    temperatures for extended periods of time – although the Complaint fails to describe any details

9    of this allegedly "common" use condition or why it is "common."

10            Yet even assuming (for the purposes of this motion) that iPad performs as the

11    Complaint describes, Plaintiffs fail to state any claims against Apple.  Plaintiffs fail to allege any

12    of Apple's advertisements or representations promise the "particular" performance Plaintiffs

13    claim to be entitled to.  Nor do Plaintiffs adequately allege that Apple had a duty to make any

14    affirmative disclosures regarding the particular use condition, as required to establish an

15    actionable omission by Apple.  Nowhere do Plaintiffs state either that Apple made any statements

16    that were knowingly false when made or how Plaintiffs will prove that they were knowingly false

17    when made.  Without identifying the allegedly false statements, Plaintiffs certainly cannot plead

18    that they relied on those statements when purchasing their iPads.  They further cannot plead how

19    they have been damaged as a result of those statements.  Accordingly, Plaintiffs cannot sustain

20    their many claims that sound in fraud.  Indeed, the Complaint fails to allege adequately any claim,

21    and certainly does not provide the requisite "who, what, when, where, and how" of the

22    misconduct charged.  Defendants are entitled to specific pleading in these circumstances for a

23    reason.  Plaintiffs' claims are meritless and must be dismissed.

24            Faced with an alleged technological limitation but in the absence of a material

25    representation on the subject, Plaintiffs point to one innocuous marketing phrase by Apple as the

26    ───────────────
            [1] iPad is a multi-purpose mobile device for browsing the web, reading and sending email, viewing photos,
    watching videos, listening to music, playing games, reading e-books and more.  iPad is based on the Apple's Multi-
27    Touch™ technology, has a 9.7-inch LED-backlit display, is 0.5 inches thick and weighs 1.5 pounds.  iPad is available
    in two models, one with Wi-Fi connectivity and the other with both Wi-Fi and 3G connectivity.  Both versions of
28    iPad became available in the U.S. in April 2010.

1   basis for their claims:  "Reading on iPad is just like reading a book."  (Compl. ¶ 20.)  In the

2   absence of any actionable representation or duty to disclose, Plaintiffs attempt to find refuge in

3   Apple's use of this common and metaphoric descriptive device also fails.  Because Plaintiffs'

4   allegations are inadequate to state a basis for liability, Plaintiffs' claims should be dismissed.

5   **II.       SUMMARY OF ALLEGATIONS**

6               Apple designs and sells iPad, a multi-purpose mobile device.  (Compl. ¶¶ 14, 15,

7   17.)  Plaintiffs Jacob Baltazar, Claudia Keller, and John R. Browning allege that they purchased

8   iPads but do not state when.  (Compl. ¶ 5.)  Absent from Plaintiffs' Complaint are facts about

9   Plaintiffs themselves, the dates that they purchased their iPads, how they purchased their iPads

10  (*e.g.*, online or in-store), or even which iPad model they purchased.

11              Plaintiffs allege that they did not receive the full value of the product, "as

12  promised by APPLE."  (*Id.*)  Specifically, Plaintiffs claim "iPad does not live up to the reasonable

13  consumer's expectations created by APPLE insofar as the iPad overheats so quickly under

14  common weather conditions[.]"  (Compl. ¶ 21.)  Just ***one*** specific representation by Apple is

15  alleged:  "[r]eading on iPad is just like reading a book."  (Compl. ¶ 20.)  The single representation

16  that is partially quoted in Paragraph 20 is found on Apple's iBook Feature Page.[2]  It states:

17          Reading on iPad is just like reading a book.  You hold your iPad
        like a book.  You flip the pages like a book.  And you do it all with
18      your hands — just like a book.  The high-resolution, LED-backlit
        screen displays each page beautifully....
19

20  The Complaint does not identify any specific representations by Apple that allegedly created

21  whatever "reasonable consumer's expectations" Apple is alleged to have violated.  Indeed, every

22  other reference in the Complaint to a statement is vague, *e.g.*, "APPLE's marketing material"

23  (*id.*), "Apple's advertising materials" (¶ 22), "a consistent marketing campaign" (¶ 28), and

24  "represented, through its advertising, warranties, and other express representations."  (¶ 39.)

25  Accordingly, Plaintiffs failed to identify what Apple said, when and to whom.  Moreover,

26  Plaintiffs only allege reliance generally, and what they relied upon is anyone's guess.

27              Plaintiffs do not allege that their iPads have actually experienced any thermal

28  _____
        [2] Apple's Request for Judicial Notice ("RJN"), filed concurrently herewith; Long Decl. ¶ 3, Ex. B.

1  limitations or overheating shut down as alleged in the Complaint.[3]  Nor do they allege that Apple

2  denied them warranty service or that they even sought such service.  Accordingly, Plaintiffs do

3  not demonstrate how they have been allegedly harmed by Apple's alleged misstatements.

4          Based upon this thin set of facts, Plaintiffs attempt to state ten claims against

5  Apple on behalf of themselves and putative nationwide and California-only classes of all Apple

6  iPad purchasers.  Plaintiffs' claims can be sorted into six that sound in fraud (but are not pleaded

7  with particularity as required by Federal Rule of Civil Procedure 9(b)) and four equally flawed

8  non-fraud claims.  The six fraud-based claims are:  (1) fraud (Count 1); (2) intentional

9  misrepresentation (Count 8); (3) negligent misrepresentation (Count 2); and statutory violations

10  under (4) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*

11  (Count 5); (5) California's False Advertising Law ("FAL"), *id.* § 17500, *et seq.* (Count 3); and

12  (6) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 (Count 4).

13  Plaintiffs' four other claims are for (1) breach of express warranty (Count 6); breach of implied

14  warranty (Count 7); violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ.

15  Code § 1790 (Count 9); and unjust enrichment (Count 10).  Plaintiffs' statutory claims for

16  violations of the UCL, FAL, CLRA, and Song-Beverly Act overlap with their other claims and

17  purport to state claims on behalf of a California-only class.  Plaintiffs' non-statutory claims are

18  made on behalf of putative nationwide and California classes.

19  **III.   STANDARD OF REVIEW**

20      **A.   Rule 12(b)(6) Standard Governing Plaintiffs' Claims**

21          Rule 12(b)(6) requires dismissal if a complaint lacks sufficient facts to support the

22  alleged claim or fails to assert a cognizable theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

23  696, 699 (9th Cir. 1990); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (motion to

24  dismiss should be granted if a plaintiff fails to allege "enough facts to state a claim to relief that is

25  plausible on its face").  While "detailed factual allegations are not required," a complaint must

26

27          [3] Indeed, Plaintiffs fail to include a single factual allegation about when they purchased their iPads, where they
were purchased, when they were used, how they were used, or even if they have ever allegedly "overheated" during

28  use.  Nor do Plaintiffs describe the so-called "common" or "normal" weather conditions under which they allege
iPads shut down.

Case No. C 10-03231 EMC                                    APPLE INC.'S MOTION TO DISMISS

1   have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft*

2   *v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

3   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4   statements, do not suffice." *Id.* at 1950. A claim is facially plausible "when the. . .plead[ed]

5   factual content. . .allows the court to draw the reasonable inference that the defendant is liable for

6   the misconduct alleged." *Id.* Allegations of material fact are construed in the light most

7   favorable to the plaintiff; however, the court need not "accept as true allegations that are

8   conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences."

9   *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd* 2009 U.S. Dist.

10   LEXIS 7259 (9th Cir. Apr. 2, 2009) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

11   (9th Cir. 2001) and *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)).

12   Apple moves to dismiss each of the ten causes of action because the Complaint does not state

13   cognizable claims against Apple. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

14   (9th Cir. 2003) (recognizing futility of amendment as a basis to deny leave to amend).

15         **B.**      **Rule 9(b) Standard Governing Plaintiffs' Fraud-Based Claims**

16            In addition to the Rule 12(b)(6) standards, Rule 9(b) provides that "[i]n alleging

17   fraud or mistake, a party must state with particularity the circumstances constituting fraud or

18   mistake." Fed. R. Civ. Proc. 9(b). Under Rule 9(b), mere conclusory allegations of fraud are

19   insufficient. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b)'s

20   heightened pleading requirement applies to allegations of fraud and allegations that sound in

21   fraud, including false representations or omissions. *Id.* at 1106-07. It also applies to claims under

22   the UCL, CLRA and FAL when such claims are based on a fraudulent course of conduct. *Kearns*

23   *v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (UCL and CLRA); *Saba v. Caplan*, 2010 WL

24   2681987, at *4 (N.D. Cal. July 6, 2010) (FAL). The "allegations of fraud must be specific

25   enough to give defendants notice of the particular misconduct which is alleged to constitute the

26   fraud charged so that they can defend against the charge and not just deny that they have done

27   anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotations

28   omitted). To meet this standard, a complaint must provide the time, place, and content of the

1  alleged fraudulent representation or omission – the "who, what, when, where, and how" – as well

2  as the circumstances indicating fraudulent conduct.  *See Vess*, 317 F.3d at 1106.  Plaintiffs' fraud-

3  based claims are conclusory at best, and should be dismissed.

4  **IV.    LEGAL ARGUMENT:  PLAINTIFFS HAVE FAILED TO PROPERLY ALLEGE**
   **CLAIMS AGAINST APPLE.**

5

6      **A.    Plaintiffs' First, Second and Eighth Causes of Action For Fraud, Negligent**
       **Misrepresentation and Intentional Misrepresentation Must Be Dismissed**
7      **Because the Complaint Fails To Allege Fraud or Negligent Misrepresentation.**

8          Plaintiffs assert claims for "fraud," "intentional misrepresentation," and "negligent

9  misrepresentation."  The elements of fraud/intentional misrepresentation under California law are:

10  (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of

11  falsity (scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and

12  (5) resulting damage.  *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839

13  (9th Cir. 2004) (fraud); *Werberl ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *5 (N.D. Cal. July

14  2, 2010) (quoting *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997))

15  (intentional misrepresentation).  The same elements comprise a cause of action for negligent

16  misrepresentation, except there is no requirement of intent to induce reliance.  *Cadlo v. Owens-*

17  *Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).  For each cause of action,[4] a plaintiff must plead

18  that he or she actually relied on the misrepresentation.  *Id.*

19          "Under California law, negligent misrepresentation is a species of actual fraud"

20  and is therefore also subject to Rule 9(b).  *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir.

21  1987) (citing *Gold v. Los Angeles Democratic League*, 49 Cal. App. 3d 365, 373-74 (1975)

22  (overruled on other grounds)); *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1141

23  (C.D. Cal. 2003) ("well-established in the Ninth Circuit that both claims for…negligent

24  misrepresentation must meet Rule 9(b)'s particularity requirements."); *see also Hutson v.*

25  *American Home Mort. Servicing, Inc.*, 2009 WL 3353312, at *14 (N.D. Cal. Oct. 16, 2009)

26  (quoting *Neilson*).

27      [4] Plaintiffs allege "fraud" and "intentional misrepresentation" as separate causes of action (Counts 1 and 8) but
28  under California law the claims are identical.  Apple treats them identically and will refer to the claims jointly as
    "fraud."

-7-

1    Plaintiffs' fraud and negligent misrepresentation causes of action must be

2   dismissed because Plaintiffs' allegations of fraud are inadequate.  Plaintiffs seek damages

3   resulting from Apple's alleged (1) "false representations" – but without identifying who said what

4   (Compl. ¶¶ 27, 70), and (2) failure to disclose – but without alleging the source of a duty to

5   disclose.  (Compl. ¶¶ 29, 74.)  Plaintiffs further allege Apple had full knowledge, or was reckless

6   in not knowing, of the falsehoods.  (Compl. ¶¶ 31, 72.)  Neither Plaintiffs' affirmative

7   misrepresentation nor their omission-based theories provide more than conclusory allegations

8   which are insufficient under Rule 9(b).

9             **1.      Plaintiffs Do Not Adequately Plead False Representations.**

10    As discussed in Section II above, Plaintiffs rely solely on Apple's statement that

11   "[r]eading on iPad is just like reading a book."  (Compl. ¶ 20.)   This representation does not

12   promise Plaintiffs specific, factual conditions regarding iPad's use; instead, it is the type of non-

13   factual comparison typically made in advertising.  To state a fraud-based claim, Plaintiffs must

14   identify both the false statement of fact and resulting justifiable reliance.  Neither is alleged, and

15   accordingly the requisite "who, what, when, where, and how " of any representation *made to*

16   *Plaintiffs* by Apple is missing.  *Vess*, 317 F.3d at 1106.  Plaintiffs' negligent misrepresentation

17   claim is based upon the same flawed allegations of falsity, and it too fails for lack of specificity.

18   *See U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991).

19   Simply put, Plaintiffs have not identified any specific, knowingly false statements made by Apple

20   regarding iPad.

21             **2.      Plaintiffs Do Not Adequately Plead Fraudulent Omission.**

22    At its core, the Complaint is based on the allegation that iPad cannot do

23   something that Plaintiffs had hoped it could do.  But importantly, the "hope" is not based on

24   Apple's failure to disclose something, but rather on Plaintiffs' own subjective expectations.  As

25   the court in *Oestreicher* observed, "allegations of this nature [] could be made about any alleged

26   design defect in any manufactured product."  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d

27   964, 974 (N.D. Cal. 2008).  The heightened pleading requirements of Rule 9(b) were designed to

28   avoid such threadbare claims.  For virtually identical reasons, the court in *Oestreicher* found a

-8-

1  lack of facts substantiating the plaintiff's fraudulent concealment claim based on an alleged latent

2  defect. *Id.* (dismissing with prejudice plaintiff's fraudulent omission and UCL claim based on a

3  lack of facts supporting fraudulent concealment).

4        Here, Plaintiffs fail to describe with specificity any representations made by Apple

5  with respect to iPad that would give rise to a duty to disclose.  Plaintiffs also do not allege when

6  Apple had exclusive knowledge of facts not known to them.  *See Hoey v. Sony Elecs. Inc.*, 515 F.

7  Supp. 2d 1099 (N.D. Cal.2007) (rejecting a claim for fraudulent concealment because plaintiffs'

8  complaint failed to identify a representation by defendant contrary to the alleged concealment).

9        In short, Plaintiffs have not identified anything in Apple's advertising and

10  marketing materials which would give rise to a duty to disclose the phenomenon alleged in the

11  Complaint.  For each of these reasons, Plaintiffs fail to meet the heightened pleading standard of

12  Rule 9(b), and their omission-based fraud theories should be dismissed.

13        **B.**      <u>**Plaintiffs' Third, Fourth and Fifth Causes of Action Fail to State a Claim.**</u>

14        Plaintiffs repackage their fraud claims as statutory violations under the FAL,

15  CLRA and UCL.  Plaintiffs' fraud-based statutory claims fail for at least four reasons.  ***First***,

16  Plaintiffs have not alleged an actionable false statement, misrepresentation, or false advertisement

17  by Apple, nor have they alleged a failure to disclose based on an established duty to disclose.

18  Relatedly, Plaintiffs were required, but failed, to meet the heightened pleading standard of

19  Federal Rule of Civil Procedure 9(b).  ***Second***, Plaintiffs have not alleged that they relied upon

20  any statement that Apple made.  ***Third***, even assuming Plaintiffs in fact had relied on something

21  that Apple said, no reasonable consumer is likely to be deceived.  ***Finally***, Plaintiffs have no

22  standing to pursue claims based on something that, as alleged, has not happened to them.

23        **1.**      **Plaintiffs Have Not Pled an Affirmative Misrepresentation or**

24                        **Fraudulent Omission.**

25        Like Plaintiffs' fraud allegations, Plaintiffs' statutory causes of action fail to

26  provide more than conclusions.  Plaintiff, for example, alleges that Apple violated CLRA Section

27  1770(a)(5) (representing that products have characteristics they do not have).  (Compl. ¶ 45.)  To

28  maintain a CLRA claim under this section, a plaintiff must identify a specific misrepresentation

-9-

1   by the defendant that its product had a characteristic or quality that it does not have. *Daugherty v.*

2   *Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 834 (2006). While it is true that "a claim may be

3   stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission

4   must be contrary to a representation actually made by the defendant, or an omission of a fact that

5   the defendant was obliged to disclose." *Id.* at 835. Moreover, a plaintiff cannot simply allege

6   that he expects more from a product than the manufacturer promised. *Bardin v. Daimlerchrysler*

7   *Corp.*, 136 Cal. App. 4th 1255, 1270 (2006) (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18

8   (1965)).

9          To establish a violation of the UCL, Plaintiffs must adequately allege that Apple

10   committed a fraudulent, unlawful or unfair business act or practice. *See Daugherty*, 144 Cal.

11   App. 4th at 837. Plaintiffs have not been, and will not be, able to do so. It is well established that

12   a manufacturer cannot be liable under any prong of the UCL for a concealed characteristic it had

13   no duty to disclose. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008);

14   *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 972 (N.D. Cal. 2008); *Hoey v. Sony Elecs.*

15   *Inc.*, 515 F. Supp. 2d 1099, 1104-05 (N.D. Cal. 2007); *Long v. Hewlett-Packard Co.*, 2007 U.S.

16   Dist. LEXIS 79262, at *23-24 (N.D. Cal. July 27, 2007); *Morgan v. Harmonix Music Sys., Inc.*,

17   2009 U.S. Dist. LEXIS 57528, at *11-12 (N.D. Cal. July 7, 2009); *Daugherty*, 144 Cal. App. 4th

18   at 838. There are only two exceptions to this rule: (1) where the omission is contrary to a

19   representation actually made by the defendant; or (2) where the omission pertains to facts relating

20   to product safety concerns. *Oestreicher*, 544 F. Supp. 2d at 969, aff'd 2009 U.S. App. LEXIS

21   7259, at *9 ("A manufacturer's duty to consumers is limited to its warranty obligations absent

22   either an affirmative misrepresentation or a safety issue."); *Morgan*, 2009 U.S. Dist. LEXIS

23   57528, at *11-12 ("According to all relevant case law, defendants are only under a duty to

24   disclose a known defect in a consumer product when there are safety concerns associated with the

25   product's use.") (citing *Daugherty*, 144 Cal. App. 4th at 835-36; *Bardin v. DaimlerChrysler*

26   *Corp.*, 136 Cal. App. 4th 1255 (2006); and *Long*, 2007 U.S. Dist. LEXIS 79262, at *8).

27          Similarly, the FAL makes it unlawful to make or disseminate any statement

28   concerning property or services that is "untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

-10-

1   A FAL claim "must state with reasonable particularity the facts supporting the statutory elements

2   of the violation." *Khoury v. Maly's of Calif., Inc.*, 14 Cal. App. 4th 612, 619 (1993); *see also*

3   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (claims that "sound in fraud" or

4   are "grounded in fraud" subject to Rule 9(b)).

5            Nondisclosure claims under the FAL, CLRA and UCL must be pleaded with

6   particularity. *Kearns*, 567 F.3d at 1127.  To state a cognizable claim, a plaintiff must establish

7   that the defendant made "untrue or misleading" statements while selling goods or services.

8   Essentially similar standards apply to Plaintiffs' consumer-statute claims.

9            Plaintiffs allege that Apple violated the FAL, CLRA and UCL because Apple's

10  advertisements are false and misleading.[5]  (Compl. ¶¶ 37-42, 43-49, and 50-54.)  As discussed

11  above with respect to Plaintiffs' fraud and negligent misrepresentation claims, Plaintiffs fail to

12  identify an affirmative statement of fact on which to base their claims.   Plaintiffs also do not

13  identify either an affirmative misrepresentation or a partial representation (that they relied on) that

14  would give rise to a duty to disclose.

15                          **a.      Apple Has No Duty To Disclose.**

16           Plaintiffs allege that Apple violated the CLRA, UCL and FAL by failing to

17  disclose facts that, had Plaintiffs known them, would have prevented Plaintiffs from purchasing

18  iPad or purchasing it at the price paid.  (Compl. ¶¶ 22, 23, 25, 29, 35, 41, 46, 74).  California

19  courts have consistently held that a manufacturer has no duty to disclose something absent a

20  hazard that impacts the safety of the product or a partial statement giving rise to the need to

21  clarify.  *See Daugherty, supra*; *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103-05 (N.D.

22  Cal. 2007) (dismissing CLRA and UCL claims based on alleged failure to disclose a soldering

23  defect in defendant's computers in the absence of any alleged misrepresentation or alleged

24  representation that the computers have characteristics they do not have); *Long*  at *24 (failure to

_____

[5] Plaintiffs actually do not include factual allegations in support of their UCL claim other than to incorporate "each and every allegation of the preceding paragraphs." (Compl. ¶ 50.)  In fact, Plaintiffs speak only in the vaguest of terms, *e.g.*, "Defendant's misconduct" (¶ 51), "Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice" (¶ 52), "Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws…engenders an unfair competitive advantage[.]"  (Compl. ¶ 53.)  Plaintiffs' UCL claim is noting but a "threadbare recital[]" of the elements and should be dismissed for this reason alone.  *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).

1   disclose defect of computer monitor, in the absence of any representation as to the life of the

2   component or the useful life of the computer, failed to state a CLRA or UCL claim); *Oestreicher*,

3   544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims based on failure to disclose alleged

4   defects in defendant's notebook computer). Therefore, Plaintiffs must point to either a hazardous

5   condition arising from the alleged performance issue or a partial statement requiring clarification

6   before they can allege that Apple failed to disclose certain details about iPad's performance.

7        While Plaintiffs contend that Apple did not disclose that its iPad had purported

8   technical limitations as a result of it being an electronic device similar to a laptop ("tablet

9   computer," Compl. ¶ 18), Plaintiffs do not identify any contrary representations – that Apple

10  actually made and on which they relied – that would somehow require Apple to specifically list

11  the physical and functional differences between iPad and a traditional paper book.[6] Plaintiffs, in

12  other words, have failed to allege facts which would give rise to a duty to disclose. *See Sanders*

13  *v. Apple*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009) ("Yonai fails to describe with specificity

14  representations made by Apple with respect to the display's component parts that would give rise

15  to a duty to disclose, [or] how he relied on such partial disclosures[.]"). This failure is fatal to

16  Plaintiffs' claims. *See Daugherty*, 144 Cal. App. 4th at 835 (affirming dismissal of CLRA claim

17  alleging that car manufacturer failed to disclose engine defects because manufacturer did not

18  make any representations about the engine to the contrary); *see also Berryman v. Merit Prop.*

19  *Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1556-57 (2007) (sustaining dismissal of UCL claim because

20  the plaintiff could not identify any statute or authority that required the defendant to provide a

21  breakdown of its fees).

22       Plaintiffs have failed to allege any such statements. Plaintiffs' Complaint does not

23  include an allegation that Apple made any representations that are contrary to iPad's

24  performance. Accordingly, Apple's iPad disclosures cannot form the basis of a CLRA, UCL, or

25  FAL claim.

26  _____

    [6] Plaintiffs also refer to Apple pre-iPad-release press releases that "nowhere" mention that the iPad has
    environmental limitations. (Compl. ¶ 22.) A press release does not constitute a fraudulent omission because it is

27  merely an announcement that the product is being released identifying "some of its applications, such as 'iBooks' and
    'iTunes.' " *Id.* Nothing in the press release promised that the iPad could be used in virtually every environmental

28  condition.

Case No. C 10-03231 EMC                                    APPLE INC.'S MOTION TO DISMISS

1

                **b.**      **Plaintiffs' Omission-Based Allegations Lack Specificity.**

2              Plaintiffs must allege omission-based claims with specificity.  The Ninth Circuit

3  recently reaffirmed that claims of nondisclosure and omission, just like misrepresentations, are

4  subject to the pleading standards of Rule 9(b).  *Kearns*, 567 F.3d at 1126-27.  As a result, a

5  plaintiff must plead fraudulent omission under the CLRA or the UCL with specificity.  *Kearns*,

6  567 F.3d at 1125.

7              Specifically, Plaintiffs must describe what has been omitted and where the omitted

8  information should or could have been revealed.  *Id.* at 1127.  Plaintiffs also must refer to Apple's

9  specific advertisements or other representations that failed to include relevant information.  *Id*. at

10  1126-27.  Plaintiffs have not identified with sufficient particularity where Apple made an

11  affirmative representation that contradicts its alleged omissions.

12              As discussed below, Plaintiffs failed to identify which sales material, if any, they

13  relied upon in making their decision to buy iPads.  Without identifying any advertising material

14  that Apple published, Plaintiffs claim that Apple concealed the alleged defect, not by its own

15  representations, but through expectations set for Plaintiffs by different "e-readers (e.g., the

16  Amazon Kindle)."  (Compl. ¶ 18.)  Such market-based expectations cannot form the basis of an

17  omission-related claim under the CLRA, UCL, or FAL.  *See Oestreicher v. Alienware Corp.*, 544

18  F. Supp. 2d at 974.  In sum, the "who, what, when, where, and how" of the misconduct Plaintiffs

19  allege falls short of the level of specificity required to plead a fraudulent omission under the

20  heightened pleading standard of Rule 9(b).

21             **2.**      **Plaintiffs Have Not Pled Reliance Under the UCL or CLRA.**

22              Plaintiffs have not pleaded reliance on any representation.  In *In re Tobacco II*, the

23  Supreme Court held unequivocally that to meet the standing requirements a plaintiff in a UCL

24  action "must plead and prove actual reliance to satisfy the requirement of section 17204[.]"

25  *Tobacco II*, 46 Cal. 4th 298, 328 (2009).  Here, Plaintiffs do not allege that they specifically

26  relied on anything Apple said.

27              CLRA claims have "a more stringent standing requirement, in that a class

28  representative must show actual causation and reliance."  *In re ActImmune Marketing Litig.*, 2009

1    WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009); *see also Wilens v. TD Waterhouse Group, Inc.*,

2    120 Cal. App. 4th 746, 754 (2003) ("[CLRA] does not create an automatic award of statutory

3    damages upon proof of an unlawful act.  Relief under the CLRA is specifically limited to those

4    who suffer damage, making causation a necessary element of proof.").  Although Plaintiffs'

5    Complaint avers generally that Plaintiffs "reasonably and justifiably relied on Defendant's

6    misrepresentations when purchasing the iPad" (Compl. ¶ 46), it fails to allege with any

7    particularity how Plaintiffs relied upon any specific misleading statements at the time of their

8    purchases.

9            Moreover, the Complaint focuses on countless presumably post-purchase

10   representations, referencing Apple's general statements in "marketing material for the iPad."

11   (Compl. ¶ 20.)  Marketing after purchase is irrelevant to the question of whether Apple made

12   false statements to Plaintiffs *before or during* their respective transactions which allegedly

13   induced them to purchase iPads.  *Herrington v. Johnson & Johnson Consumer Cos.*, 2010 WL

14   3448531, at *7 (N.D. Cal. Sept. 1, 2010) (plaintiffs must "plead the circumstances in which they

15   were exposed to these statements" and "upon which of these misrepresentations they relied in

16   making their purchase of products.").  In light of these considerations, Plaintiffs' UCL and CLRA

17   claims should be dismissed.

18           **3.      Plaintiffs Cannot Plead That Consumers Are Likely To Be Deceived.**

19           Plaintiffs cannot plead reliance because no reasonable consumer would likely be

20   deceived by Apple's marketing.  To be actionable, the Complaint must allege a reasonable

21   consumer standard similar to the reasonable reliance element of common law fraud.  *Consumer*

22   *Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1355 (2003) (test to determine

23   whether certain representations constitute false advertising is whether the public is "likely to be

24   deceived[.]").  Here, no reasonable consumer would believe that iPad, which is an electronic

25   device, could be used everywhere a book can be read, such as in subzero temperatures, or during

26   takeoff or landing on commercial flights.

27           All three of Plaintiffs' statutory consumer protection claims are governed by the

28   "reasonable consumer" test which focuses on whether "members of the public are likely to be

-14-

1 deceived." Plaintiffs must show that "members of the public are likely to be deceived."

2 *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (2007). A CLRA plaintiff must

3 allege that consumers are likely to be deceived under a standard "sometimes called the

4 'reasonable consumer' standard." *Id.* Similarly, under the UCL, "[i]n order to obtain a remedy

5 for deceptive advertising, a UCL plaintiff need only establish that members of the public were

6 likely to be deceived by the advertising…. The law focuses on a reasonable consumer who is a

7 member of the target population." *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009).

8 This standard requires that Plaintiffs "show that 'members of the public are likely to be

9 deceived.'" *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quoting *Bank of West v.*

10 *Superior Ct.*, 2 Cal. 4th 1254, 1267 (1992)). The same standard applies under the FAL. *See*

11 *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682 (2006) ("To prevail on a

12 false advertising claim, a plaintiff need only show that members of the public are likely to be

13 deceived. A 'reasonable consumer' standard applies when determining whether a given claim is

14 misleading or deceptive.").

15  Reasonableness can be decided as a question of law. *See Freeman*, 68 F.3d at 289

16 ("[T]he false or misleading advertising and unfair business practices claim must be evaluated

17 from the vantage of a reasonable consumer.") (affirming 12(b)(6) dismissal of plaintiff's FAL,

18 UCL and CLRA claims); *cf. Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)

19 (finding a question of fact exists where packaging contains affirmative misrepresentation).

20  Here, Apple has stated merely that "[r]eading on iPad is just like reading a book."

21 Plaintiffs have not identified why this statement is a misrepresentation. Even assuming the truth

22 of Plaintiffs' threadbare allegations (and ignoring Plaintiffs' failure to plead actual reliance),

23 Plaintiffs' alleged subjective expectation that their iPads would function exactly like a book or

24 other e-readers is not actionable under the CLRA, UCL or FAL. None of Apple's

25 representations, as referenced in the Complaint, would lead a reasonable consumer to believe that

26 iPad can be used just like a paper book in all environments. *See Werberl ex rel. v. Pepsico, Inc.*,

27 2010 WL 2673860, *4-5 (N.D. Cal. July 2, 2010) (dismissing on 12(b)(6) motion UCL, CLRA,

28 and FAL claims where no reasonable consumer would likely be deceived). Plaintiffs' consumer

1  protection claims should be dismissed for this reason alone.

2  ### 4.    Plaintiffs Point Only To Non-Actionable Puffery.

3        Similarly, the one alleged misdescription – Apple's statement that "[r]eading on

4  iPad is just like reading a book" – does not pertain to "specific or absolute characteristics."

5  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997).  Rather, it is

6  properly considered non-actionable puffery.  *Tietsworth v. Sears, Roebuck & Co.*, 2010 WL

7  1268093, at *9 (N.D. Cal. Mar. 31, 2010) (holding washing machine manufacturer's statements

8  that the machines are "designed and manufactured for years of dependable operation" and that

9  they "save you time by allowing you to do fewer, larger loads" were non-actionable puffery);

10  *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (holding

11  representations concerning the "outstanding quality, reliability, and performance" of a product

12  were non-actionable puffery.).

13        In *Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *4-5 (N.D. Cal. Oct.

14  31, 2006), the district court rejected the plaintiff's false advertising claims based on Hewlett-

15  Packard's description of its Pavilion notebook computer as "[f]unctioning *like an* in-home digital

16  entertainment and photo studio, the Pavilion zd7000 incorporates a high resolution 17-inch

17  widescreen display which allows users to enjoy movies, music, games, art and photography to its

18  fullest." *Id.* (emphasis added).  The court focused exclusively on the "partially factual" portion of

19  the representation that "the Pavilion incorporates a 17-inch widescreen display." *Id.*  Relying on

20  *Anunziato*, the court held that defendant HP's alleged statements were "either (1) non-actionable

21  puffery; or (2) asserted factual statements for which there are no allegations supporting an

22  inference of falsity." *Id.*

23        Here, Apple's use of an advertising simile "just like a book" points out that some

24  differences exist between the compared things – iPad and printed books.  Implicit in the statement

25  is that iPad is ***not*** a book and necessarily does not have all book-like qualities.  Thus, the single

26  advertisement Plaintiffs cite is non-actionable puffery about iPad, and both has no factual

27  component and even if it could be read literally, there are no allegations to support an inference of

28  falsity.

-16-

1
2

### 5.     Plaintiffs Have Alleged No Actual Injury For Their UCL, FAL, and CLRA Claims.

3

Finally, Plaintiffs' ability to bring this lawsuit individually and to represent a

4

purported class of California purchasers requires an allegation of *actual* injury.   To have standing

5

to sue, Plaintiffs must have been damaged.   A plaintiff cannot assert a UCL or FAL claim unless

6

he has been "injur[ed] in fact and has lost money or property as a result" of the alleged unfair

7

competition.   Cal. Bus. & Prof. Code § 17204; *Buckland*, 155 Cal. App. 4th at 814, 819

8

(affirming dismissal of UCL claim where injury and causation not shown and noting that the UCL

9

and FAL have the same standing requirements).   The CLRA similarly requires Plaintiffs to allege

10

injury.  *Brownfield v. Bayer Corp.*, 2009 WL 1953035, *3 (E.D. Cal. 2009) (citing *Laster v. T-*

11

*Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) and *Cattie v. Wal-Mart, Inc.*, 504

12

F. Supp. 2d 939, 946 (S.D. Cal. 2007)).

13

Here, Plaintiffs' UCL, FAL, and CLRA claims must be dismissed because

14

Plaintiffs have not alleged present injury.  *In re Tobacco II*, 46 Cal. 4th 298, 315 (2009) ("the

15

'person'… who pursues such [UCL] claims must meet the standing requirements of section

16

17204"); *Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1098 (2007) ("After Proposition 64, a

17

private person has standing to sue under the UCL only if that person has suffered injury *and* lost

18

money or property 'as a result of such unfair competition.'") (citing Cal. Bus. & Prof. Code

19

§ 17204); *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754 (2003) ("Relief

20

under the CLRA is specifically limited to those who suffer damage, making causation a necessary

21

element of proof."); *Buckland*, 155 Cal. App. 4th at 819 (noting same with respect to FAL).  To

22

the contrary, Plaintiffs' allegations are based solely on "complaints regarding the overheating of

23

the product" found on "the internet and within technology circles."  (Compl. ¶ 23.)  Notably,

24

Plaintiffs do not allege *their* personal iPads have failed to operate as Apple promised.  Their claim

25

purely speculates about iPad's possible operation.  Plaintiffs' UCL, FAL, and CLRA claims

26

cannot rest on such speculation, and, therefore, should be dismissed for lack of standing.

27

### C.     Plaintiffs Have Not Alleged an "Unfair" Practice Under the UCL.

28

To the extent Plaintiffs contend that Apple committed an "unfair" practice, false

-17-

1   advertising claims are not "unfair" under the UCL.  *See Daugherty*, 144 Cal. App. 4th at 838-39

2   (holding that plaintiff could not, as a matter of law, establish that alleged unfair act caused a

3   "substantial injury" because alleged defects did not pose a safety risk); *Kearns*, 567 F.3d at 1127.

4   Similarly, because Plaintiffs do not identify any statute or regulation that requires a manufacturer

5   to adopt certain policies, Plaintiffs' "unfair" prong claims must fail.  *Berryman*, 152 Cal. App. 4th

6   at 1555 (sustaining dismissal of UCL claim under "unfair" prong because plaintiff did not

7   identify any statute or case law that required defendant to provide breakdown of its fees.);

8   *Daugherty*, 144 Cal. App. 4th at 838-39.  Plaintiffs, in sum, cannot establish a claim under the

9   "unfair" prong of the UCL.

10       **D.       Plaintiffs' Sixth Cause of Action for Express Warranty Is Equally Flawed.**

11               Similar to Plaintiffs' fraud and statutory fraud-based claims, no reasonable

12   consumer would expect  iPad to work in every condition.  Apple's warranty promises nothing to

13   the contrary.[7]

14           **1.       Plaintiffs Have Not Alleged Reliance or Breach.**

15               To state a claim for breach of express warranty under California law, a plaintiff

16   must allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach

17   of warranty that proximately caused plaintiff's injury.  *Williams v. Beechnut Nutrition Corp.*, 185

18   Cal. App. 3d 135, 142 (1986); *see McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173,

19   1176 (9th Cir. 1997).

20               Plaintiffs fail to allege they reasonably relied upon any affirmation of fact Apple

21   made with respect to iPad, the good sold.  Plaintiffs do not quote or refer to particularized

22   language in the written warranty.  Nor do they identify allegedly false or misleading statements in

23   advertising or on Apple's website that became part of the bargain.  Instead, Plaintiffs allege

24   broadly that Apple provides an express warranty that iPad "would operate properly and without

25   defects" which they claim means that the products "would, therefore, operate under normal

26   environmental conditions, as advertised."  (Compl. ¶ 56.)  To the extent Plaintiffs seek to add

27   promotional statements to the "basis of the bargain" between consumers and Apple, Plaintiffs do

28   ───────────────
         [7] RJN & Long Decl. ¶2, Ex. A (Apple's One (1) Year Limited Warranty).

1    not identify those alleged promises and do not discuss what that advertising might be.  Plaintiffs'

2    express warranty claims are not based on Apple's written One Year Limited Warranty, or on the

3    warranty plus promotional statements.  They are simply abstract, vague complaints about iPad.

4            Finally, regardless of whether Plaintiffs' allegations accurately reflect Apple's

5    written express warranty or its advertisements, Plaintiffs have not alleged facts that constitute an

6    affirmation of fact or a promise relating to iPad that Plaintiffs relied on such that it because part

7    of the bargain.  *See* Sections IV.B.1, IV.B.2, *supra*.  Therefore, Apple could not have breached

8    its express warranty.  Plaintiffs' allegations are not sufficient to support their claims for breach of

9    express warranties.  *See Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)

10   (noting that focus of express warranty claim should be on seller's "affirmations, promises, and

11   descriptions of the goods").  Accordingly, Plaintiffs have failed to state an express warranty

12   claim.

13               **2.       Plaintiffs Have Not Alleged Concrete Injury.**

14           Likewise, Plaintiffs' express warranty claims are flawed, because there is no

15   showing of "concrete injury."  *See, e.g.*, *Yield Dynamics, Inc. v. TEA Sys. Corp.*, 154 Cal. App.

16   4th 547, 573 (2007) (rejecting express warranty claim where no proof of "concrete injury").

17   Jacob Baltazar, Claudia Keller, and John R. Browning do not allege that *their* iPads have not

18   operated in "normal" conditions.  *See* Section IV.B.5, *supra*.

19       **E.      Plaintiffs' Ninth Cause of Action for Violation of the Song-Beverly Act Also
                   Must Be Dismissed Because There Is No Breach.**
20

21           Plaintiffs have also failed to plead properly their ninth cause of action against

22   Apple for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790.

23   Plaintiffs' failure to allege reliance (see Section IV.B.2, *supra*) justifies dismissal of their Song-

24   Beverly claim.  *See Tietsworth v. Sears Roebuck and Co.*, 2009 WL 1363548, at *2, *5 (N.D. Cal.

25   May 14, 2009) (actual reliance required to state Song-Beverly claim).

26           The claim also fails because Plaintiffs have failed to plead damages.   The Song-

27   Beverly Act grants standing to sue to "[a]ny buyer of consumer goods" who is damaged.  Cal.

28   Civ. Code § 1794(a).  Plaintiffs have not alleged they were damaged, and therefore do not have

                                                    -19-

standing.  *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 798-99 (2006) (recognizing product defect must be existent:  "A plaintiff pursuing an action under the Song-Beverly Act has the burden to prove…the product had a defect or nonconformity covered by the express warranty").  Accordingly, Plaintiffs' Song-Beverly Act claim must be dismissed.

### F.      Plaintiffs' Seventh Cause of Action for Breach of Implied Warranty Must Be Dismissed Because There Is No Breach.

As a matter of law, iPad is merchantable and fit for its ordinary purpose.  Plaintiffs allege without support that their iPads "do not pass without objection in the trade under the descriptions and advertisements provided by APPLE."  (Compl. ¶ 62.)  Plaintiffs further allege that iPad is not fit for its ordinary purpose because it "suddenly and unexpectedly stops functioning when it becomes overheated[.]"  (Compl. ¶ 64.)  The implied warranty of merchantability, however, does not "impose a general requirement that goods precisely fulfill the expectation of the buyer.  Instead, it provides for a minimum level of quality."  *Am. Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1295 (1995) (citation omitted).  Accordingly, a defect must render the product unfit for its ordinary purpose.  *See id.*

Here, Plaintiffs do not allege that their iPads are rendered completely useless or that they have been forced to abandon the use of their iPads completely.  To the contrary, Plaintiffs recognize that iPad can be used when "the product sufficiently cools."  (Compl. ¶ 64.)  Plaintiffs also do not allege how often their iPads have shut down or the specific condition in which it has occurred, and as such, Plaintiffs' allegations fall short of showing that iPad is unusable or fails to serve its ordinary purpose.  *See Kent v. Hewlett-Packard Co.*, 2010 WL 2681767, at *4 (N.D. Cal. July 6, 2010) (dismissing fitness for ordinary purpose implied warranty claims where it was not alleged how often [Plaintiffs'] computers exhibit the subject problems).

### G.      Plaintiff's Tenth Cause of Action for Unjust Enrichment Must Be Dismissed Because the Complaint Fails To Allege Any Misconduct.

Under California law, there is no cause of action for unjust enrichment.  "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect:  the result of a failure to make restitution under circumstances where it is equitable to do so."  *Melchior v. New*

-20-

1   *Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (internal quotations and citations omitted);

2   *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009) ("a cause of action for

3   unjust enrichment is not cognizable under California law.").  Further, due to plaintiffs' failure to

4   allege any other substantive claim, the unjust enrichment claim must fail.  In *Oestreicher v.*

5   *Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008), the court held that since the plaintiff's

6   fraud, CLRA, and UCL claims failed to state a claim, there was no basis for the unjust enrichment

7   claim.  *Id.* at 975; *see also Hoey,* 515 F. Supp. 2d at 1106 (dismissing claim for unjust enrichment

8   where complaint failed to state a claim under the CLRA and UCL).  Here, since the Complaint

9   fails to allege any substantive claim, there is no misconduct upon which to base a claim or theory

10  of recovery for unjust enrichment.  Accordingly, Plaintiffs' unjust enrichment claim should be

11  dismissed.

12  **V.      CONCLUSION:  DISMISSAL WITH PREJUDICE IS APPROPRIATE.**

13                   For the reasons set forth above, Plaintiffs' Complaint should be dismissed with

14  prejudice.

15  DATED:  September 20, 2010           PAUL, HASTINGS, JANOFSKY & WALKER LLP

16

17                                        By:_____/s/ Thomas A. Counts_____
                                               THOMAS A. COUNTS
18
                                          Attorneys for Defendant
19                                        APPLE INC.

20

21

22

23  LEGAL_US_W # 65583454

24

25

26

27

28

-21-