Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email:  scole@scalaw.com
email:  mbainer@scalaw.com
email:  hsalassi@scalaw.com
Web:  www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated, | Case No. C10-03231 |
| Plaintiffs, | **<u>CLASS</u> <u>ACTION</u>** |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| APPLE, INC., | |
| Defendant. | **[Jury Trial Demanded]** |

Representative Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1.     This is a class action, brought under Rule 23 of the Federal Rules of Civil Procedure, seeking damages, restitution, interest thereon, injunctive and other equitable relief and reasonable attorneys' fees and costs on behalf of Representative Plaintiffs and all other persons who have purchased the iPad tablet computer (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or either of the Classes defined herein) from defendant APPLE, INC. (hereinafter referred to as "APPLE" and/or "Defendant") either directly therefrom or indirectly from a distributor or retailer thereof within the United States at any time during the

*SCOTT COLE & ASSOCIATES, APC*
*ATTORNEYS AT LAW*
*THE WACHOVIA TOWER*
*1970 BROADWAY, NINTH FLOOR*
*OAKLAND, CA 94612*
*TEL: (510) 891-9800*

1  applicable limitations period. The Representative Plaintiffs, on behalf of themselves and all Class

2  Members, also seek injunctive relief and restitution of all benefits APPLE has enjoyed from its

3  unlawful and/or deceptive business practices, as detailed herein.

4

5  **JURISDICTION AND VENUE**

6  2.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity

7  jurisdiction) and/or 28 U.S.C. §1331 (controversy arising under United States law).

8  Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under

9  28 U.S.C. § 1367. .

10  3.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give

11  rise to Plaintiffs' claims took place within the Northern District of California and because

12  APPLE is headquartered in, and maintains its principal place of business within, this District.

13  Finally, APPLE also sold the iPad tablet computer (hereinafter "iPad") through its web site,

14  essential acts consummating the sale of many iPads occurred within this judicial District.

15

16  **PLAINTIFFS**

17  4.      Jacob Baltazar, Claudia Keller and John R. Browning, the named/representative

18  Plaintiffs identified herein, were and are natural persons and, during the relevant time period,

19  purchased and used (or attempted to use) the iPad, yet did not receive the full value of the

20  product, as promised by APPLE.

21  5.       As used throughout this Complaint, the term "Class Members" and/or the

22  "Plaintiff Classes" refers to the named plaintiff herein as well as each and every person eligible

23  for membership in one or more of the classes of persons, as further described and defined herein.

24  6.      At all times herein relevant, Representative Plaintiffs were and are persons

25  within each of the classes of persons further described and defined herein.

26  7.      Representative Plaintiffs bring this action on behalf of themselves and as a class

27  action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons

28  similarly situated and proximately damaged by the unlawful conduct described herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**DEFENDANT**

8.      At all times herein relevant, APPLE was a corporation, duly licensed in California and doing business in this Judicial District as well as throughout the United States. APPLE maintains its principal place of business in Cupertino, California.

9.      Representative Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the defendants either identified herein and/or who may be identified in subsequent versions hereof was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

**CLASS ACTION ALLEGATIONS**

10.      Representative Plaintiffs bring this action on behalf of themselves and as a class action on behalf of the following Plaintiff Classes:

California Class:
"All persons who purchased, within the State of California, Apple, Inc.'s iPad tablet computer."

National Class:
"All persons who purchased, within the United States, Apple, Inc.'s iPad tablet computer."

11.      Defendant and its officers and directors are excluded from both of the Plaintiff Classes.

12.      This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed Classes are easily ascertainable:

a.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is in the millions of individuals. Membership in the Classes will be

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by APPLE.

b.   <u>Commonality</u>: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1)   Whether defendant APPLE knew or should have known of the problems associated with overheating of the iPad, either before the launch of the product and/or thereafter, as alleged herein;

2)   Whether defendant APPLE had a duty to disclose to consumers the iPad's functionality under particular environmental conditions;

3)   Whether defendant APPLE'S advertising of the iPad was false, deceptive, and/or misleading;

4)   Whether defendant APPLE violated California Business and Professions Code §17500, *et seq.* by engaging in misleading or deceptive advertising;

5)   Whether defendant APPLE violated California Civil Code §1750, *et seq.* by engaging in unfair or deceptive trade practices;

6)   Whether defendant APPLE breached express warranties and/or implied warranties of merchantability and/or fitness regarding the iPad's functionality under particular environmental conditions;

7)   Whether defendant APPLE violated California Civil Code §1790, *et seq.* by breaching express and implied warranties;

8)   Whether defendant APPLE intentionally or negligently misrepresented the iPad's functionality under particular environmental conditions;

9)   Whether defendant APPLE engagement in false representations regarding the iPad's functionality under particular environmental conditions constituted a fraud on consumers; and

10)  Whether APPLE violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c.   <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Representative Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Defendant's common course of conduct in violation of law, as alleged herein.

d.  Adequacy of Representation: The Representative Plaintiffs in this class action are adequate representatives of each of the Plaintiff Classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case and have retained competent counsel who is experienced in conducting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entirety. The Representative Plaintiffs anticipate no management difficulties in this litigation.

e.  Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

13.  Established in 1976, APPLE has consistently been heralded as an innovative designer and distributer of various computer hardware and computer software packages – the company being perhaps best-known for its original Apple computer (1976), Apple Macintosh computer (1984) and, in recent years, the iPod and iPhone products.

14.  On January 27, 2010, Steve Jobs, APPLE's Chief Executive Officer, unveiled the company's then-newest product, the iPad, and announced a March 2010 launch date for sale of the so-called revolutionary device in the United States. Post-release (i.e., since approximately April 2010), APPLE had (reported as of June 22, 2010) sold over three million iPads, and sales continue in earnest today. Indeed, sales thereof have led to billions of dollars in APPLE revenue.

15.  As such, the iPad has been purchased by millions of consumers, both in California and nationwide, all of whom are putative Class Members.

16.  The iPad is a tablet computer, marketed for consumption of media such as books and periodicals, movies, music, and games and for general internet and e-mail access. The

iPad is controlled by a multitouch display, weighs in at roughly 700 grams, uses the same operating system as the iPhone, and can run its own specific applications as well as those developed originally for the iPhone, making it appealing to users both familiar and unfamiliar with the iPhone.

17.     As with many technological devices, the iPad is equipped with a liquid crystal display, or "LCD," screen, which sends light through crystal filters in order to create the images seen on-screen. The use of light necessarily requires a power source, which, in turn, generates heat and affects the temperature of the device.

18.     The internal and external temperature parameters within which the iPad operates are/were pre-set by APPLE, and are/were monitored by software within the iPad.

19.     Representative Plaintiffs are informed and believe and, on that basis, allege that APPLE intended and did, in fact, advertise and market the iPad as a direct (and superior) competitor to other tablet computers and/or e-readers (e.g., the Amazon Kindle).

20.     Among the iPad's many features is "iBooks," an e-book application which allows the iPad to act as an eBook reader, complete with APPLE's own bookstore, a feature that also put the iPad in competition with the Amazon Kindle and/or other e-readers. The presence of this and other iPad applications such as an email reader, the "Safari" web browser, "iTunes," "iPod," and the availability of numerous built-in and add-on applications, makes the iPad an attractive tool for consumers desiring the option of extended use of the product both indoors and outdoors, and under variable environmental conditions.

21.     Apple advertises the use of the iPad, both indoors and outdoors, and under variable environmental conditions, in a variety of media, including the internet, television, and in written materials regarding the product, in ways including, but not limited to:

a.     APPLE expressly represented that the iPad would function in temperature ranges between 32 and 95 degrees Fahrenheit in the specifications included in the original packaging for each iPad. The production specifications are also available on APPLE's website (www.apple.com), but are not otherwise advertised to the general public.

b.     According to APPLE's website  (www.apple.com) , "[r]eading on iPad is just like

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

reading a book." However, contrary to this promise, using the iPad is not "just like reading a book" at all since books do not close when the reader is enjoying them in the sunlight or in other normal environmental environments. This promise, like other portions of APPLE's marketing material for the iPad, is false.

c.      In addition, APPLE released a commercial depicting use of the iPad in various places, including outdoor locations such as a sidewalk cafe, front steps of a building, and on a grassy lawn, among others. On information and belief, the commercial was aired simultaneously with the release of the iPad on television stations nationwide, and disseminated globally via the internet.

d.      Apple also posted a commercial on its website (www.apple.com) depicting the iPad being used in a variety of ways, including outdoors while affixed to the dashboard of a car and the gas tank of a motorcycle.

22.      The iPad does not live up to the reasonable consumer's expectations created by APPLE insofar as the iPad overheats so quickly under common weather conditions that it does not function for prolonged use either outdoors, or in many other warm conditions, for a variety of common uses such as, but not necessarily limited to, an e-reader, email tool, web browser and/or game/entertainment unit.

23.      Nowhere in any of APPLE's press releases (e.g., the January 27, 2010 press release announcing the iPad and some of its applications, such as "iBooks" and "iTunes," or the several press release since then which boast sales milestones reached by the iPad) and nowhere in any of APPLE's advertising materials which market the iPad to consumers does APPLE mention that the iPad is virtually unusable when sitting in particular environmental conditions (e.g., in direct sunlight in connection with virtually any ambient air temperature) since it turns off, sometimes after just a few minutes of use.

24.      In fact, the iPad does not function in many of the outdoor environments depicted in the advertisements, nor within the temperature range of 32 and 95 degrees Fahrenheit.

25.      On or about April 24, 2010, Representative Plaintiff Claudia Keller purchased

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   an iPad 3G from an Apple store located in the State of California after seeing the commercial

2   depicting use of the iPad outdoors (referenced in paragraph 21(c), above).

3        26.   As a result of viewing Apple's advertisement, Representative Plaintiff Claudia

4   Keller purchased the iPad in reliance on APPLE's representations that the device could be used

5   outdoors, and with the expectation that she would be able to use the e-reading and e-mail

6   functions of the iPad while spending time outdoors.

7        27.   Less than a month after purchase, Representative Plaintiff Claudia Keller

8   attempted to use the iPad outdoors next to her pool in an ambient temperature of less than 90

9   degrees. After less than 5 minutes of use, the device displayed an overheating message and then

10  shut-down. After experiencing the same problem on two more occasions while attempting to use

11  the device outdoors, and within the temperature range specified by APPLE, Ms. Keller stopped

12  using the device outdoors due to its unreliability.

13       28.   Representative Plaintiff John Browning purchased an iPad 3G in April 2010

14  through an internet website after seeing advertisements depicting use of the iPad outdoors, in

15  reliance upon APPLE's representations that the device could be used outdoors and with the

16  expectation that he would be able to use the iPad while attending outdoor activities such as his

17  children's sporting events.

18       29.   Within one week of purchase, while using the iPad outdoors in an ambient

19  temperature of approximately 70 degrees, after less than 20 minutes of use Representative

20  Plaintiff John Browning's device displayed an overheating message and shut-down. As a result,

21  Representative Plaintiff John Browning no longer uses the device in direct sunlight, in order to

22  avoid further shut-downs.

23       30.   Representative Plaintiff Jacob Baltazar purchased an iPad 3G from an APPLE

24  store located in the State of California on or about April 30, 2010, after seeing the commercial

25  depicting use of the iPad outdoors (referenced in paragraph 21(c), above), in reliance on

26  APPLE's representations that the device could be used outdoors, and with the expectation that he

27  would be able to use the device in outdoor locations such as around his college campus.

28       31.   To date, Representative Plaintiff Jacob Baltazar has experienced the device

1  overheating and shutting-down on multiple occasions, oftentimes after use of only 5-10 minutes,

2  and in ambient temperatures ranging from 65-85 degrees.

3       32.     Experiences such as those of the Representative Plaintiffs herein are common to

4  other Class Members, demonstrated by the complaints regarding overheating which have become

5  prevalent across the internet and within technology circles.

6       33.     Examples of consumer complaints include, but are not necessarily limited to:

7      a.    "Mine over heats all the time I take it outside to read. I should have kept
8          my kindle for outdoor reading. (in NJ, and it's not that hot out). I find I
        have to take it out of it's cover and sit in the shade. So much for getting
9          sun." (www.the ipadfan.com/heated-ipad-debate, approx. June 23, 2010.)

10      b.    "I live in NYC and I had taken my ipad out on my 3rd floor balcony to do
        some reading. After putting the ipad down for what could not have been
11          more than 5 minutes to go inside and grab a drink, I returned to the
        overheating error. Well, I was planning on taking the ipad with me on
12          vacation to Aruba to do some reading by the pool, but I don't think that's
        going to happen now being that the high fir [sic] the day in NYC was only
13          about 70 when it overheated. How are people in California and Florida
        using this thing outdoors?" (www.product-reviews.net/2010/04/06/apple-
14          ipad-overheating-problems-are-you-affected, approx. April 8, 2010)

15      c.    "Yes, my new ipad just overheated in less than 15 minutes time! Very
        frustrated as it lost the long note I was in the process of typing. Secondly,
16          one of the main reasons I ordered it was to use outside inky [sic] back
        yard. I have a mac in the house I can use, I want to get out of the house.
17          This is ridiculous. I was sitting in the shade, underan [sic] umbrella with a
        nice breeze. I want a new one when apple fixes this problem. At least there
18          should be a warning to save work before it shuts down. It is an immediate
        shutdown." (www.product-reviews.net/2010/04/06/apple-ipad-
19          overheating-problems-are-you-affected, approx. June 4, 2010)

20      d.    "I just returned my iPad. It kept overheating and turned out to be unusable
        in even moderate weather. I live in New York, and in the last 5 days, only
21          1 day was around 85 degrees...My iPad overheated 8 times in five days. I
        really feel bad for everyone in the south and mid-west, as they must be
22          really having trouble..."
        (www.ilounge.com/index.php/news/comments/early-ipad-issues-wi-fi-
23          problems-overheating, April 7, 2010)

24       34.     Moreover, members of the Plaintiff Classes have made complaints directly to

25  APPLE employees at various APPLE stores.

26       35.     Like many large corporations, APPLE maintains an internal marketing

27  information system which tracks customer demographics, competing products and technology,

28  customer complaints and product returns. As a result, APPLE knew, or reasonably should have

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

First Amended Complaint for Damages, Injunctive Relief and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   known, of the customer complaints regarding the iPad.

2       36.     Despite the existence of these complaints, and despite its legal obligation to do

3   so, APPLE has taken no apparent steps to inform either potential consumers or previous

4   purchases of the false promises detailed in this Complaint.

5       37.     This action is brought to redress and end this pattern of unlawful conduct.

6   Indeed, without an award of damages and injunctive relief by this Court, Defendant is likely to

7   continue to injure consumers and harm the public interest.

8       38.     As a direct and proximate result of Defendant's unlawful conduct, as set forth

9   herein, Representative Plaintiffs and Class Members were misled into purchasing the iPad,

10  unjustly enriching Defendant at the expense of these consumers. Defendant, at all times, knew

11  that Representative Plaintiffs and the Class Members would rely upon the misrepresentations

12  and/or omissions of Defendant. Defendant's concealment, misbranding and non-disclosure were

13  intended to influence consumers' purchasing decisions and were done with reckless disregard for

14  the rights of consumers. Representative Plaintiffs' and Class Members' reliance, and resultant

15  substantial monetary loss, were reasonably foreseeable by Defendant.

16

17                          **FIRST CAUSE OF ACTION**
                                  **FRAUD**
18                  ***(for the California and Nationwide Classes)***

19      39.     Representative Plaintiffs incorporate in this cause of action each and every

20  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

21  herein.

22      40.     The conduct of Defendant constitutes a fraud against Representative Plaintiffs

23  and members of each of the Classes. Defendant, directly or through its agents and employees,

24  made false representations to Representative Plaintiffs and members of each of the Classes that

25  were likely to deceive Representative Plaintiffs and members of each of the Classes.

26  Representative Plaintiffs and members of each of the Classes were misled by these false

27  representations in purchasing goods and/or services from Defendant and/or entering into

28  agreements with Defendant.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

41.     Defendant's false representations include, but are not limited to, the statement that reading the iPad is just like reading a book, commercials depicting various outdoor uses, and the temperature specifications included with the iPad and/or on Defendant's website, as alleged herein.

42.     Defendant knew, or reasonably should have known, of the false representations alleged herein based on the temperature range in which Defendant programmed the device to operate, and consumer complaints regarding the device.

43.     Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose, and, had the facts been known, would not have purchased the iPad and/or purchased it at the price at which it was offered.

44.     Specifically, Representative Plaintiff and members of each of the Classes viewed APPLE's website, commercials, and product specifications, and, in reliance on those representations, purchased the device for use outdoors.

45.     As a direct and proximate result of Defendant's wrongful conduct, Representative Plaintiffs and members of each of the Classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendant for a device which can be used for only a fraction of the purposes for which it was purchased. In short, Plaintiffs have paid far more for a product than the use they expected and/or received in return.

46.     Moreover, in that, at all times herein mentioned, Defendant intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of each of the Classes, and because Defendant was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of each of the Classes are entitled to an award of exemplary or punitive damages against Defendant in an amount adequate to deter such conduct in the future. Specifically, despite knowledge of the internal temperature restrictions set for the iPad, and consumer complaints regarding overheating, as alleged herein,

1   APPLE has refused, and continues to refuse, any response or remedy.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

## SECOND CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
### *(for the California and Nationwide Classes)*

47.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

48.     At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, marketing, distributing and/or selling the iPad, as alleged herein.

49.     Defendant willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the iPad, in ways including, but not necessarily limited to, the statement that reading the iPad is just like reading a book, the commercial depicting various outdoor uses, and the temperature specifications included with the iPad, as alleged herein.

50.     Defendant knew that the misrepresentations alleged herein were false at the time it made them and/or acted recklessly in making such misrepresentations, based on Defendant's knowledge of the temperature range within which Defendant programmed the device to operate, and consumer complaints regarding the device.

51.     Defendant's misrepresentations were the type of misrepresentations that are/were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions). The misrepresentations were material in that Representative Plaintiffs and members of each of the Classes purchased the iPad as a mobile device, believing it to be capable of use without significant interruption outdoors, under the temperature conditions specified by Defendant.

52.     Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad and/or would not have purchased it at the price at which it was offered. Representative Plaintiffs' and Class members' reliance was a substantial factor in the purchase of the device, resulting in the harm alleged herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

53.     Specifically, Representative Plaintiff and members of each of the Classes viewed APPLE's website, commercials and/or product specifications, and, in reliance on those representations, purchased the device for use outdoors.

54.     Defendant intended that Representative Plaintiffs and members of each of the Classes rely on the misrepresentations alleged herein and purchase an iPad for the uses advertised, including outdoor use.

55.     As a direct and proximate result of Defendant's intentional misrepresentations, Representative Plaintiffs and members of each of the Classes were injured in ways including, but not necessarily limited to, the purchase of a device which can only be used for a fraction of the purposes for which it was purchased. Damages resulting from such injury may, but do not necessarily include nor are limited to, the purchase of the iPad and/or the purchase of the iPad at the price at which it was offered.

56.     Moreover, in that, at all times herein mentioned, Defendant intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of each of the Classes, and because Defendant was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of each of the Classes are entitled to an award of exemplary or punitive damages against Defendant in an amount adequate to deter such conduct in the future. Specifically, despite knowledge of the internal and external temperature restrictions set for the iPad, and consumer complaints regarding overheating, as alleged herein, APPLE has refused, and continues to refuse, any response or remedy.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### (for the California and Nationwide Classes)

57.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

58.     Defendant owed a duty to Representative Plaintiffs and members of each of the Classes to exercise reasonable case in making representations about the iPad that APPLE offered

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    for sale thereto.

2         59.     Defendant should have known of the nature of the problems associated with the

3    iPad, as detailed in this Complaint and, thus, should have known that APPLE's representations,

4    as also detailed, at least in part, in this Complaint, were false. In addition, given APPLE's

5    knowledge of the temperature restrictions of the iPad, Defendant had no reasonable ground to

6    believe the representations were true.

7         60.     Defendant's representations were negligently and recklessly made to potential

8    consumers and the general public (including Representative Plaintiffs and members of each of

9    the Classes) through APPLE's statements that reading the iPad is just like reading a book,

10   commercials depicting various outdoor uses, and the temperature specifications included with the

11   iPad and/or appearing on APPLE's website, as alleged herein. Representative Plaintiffs and

12   members of each of the Classes viewed and reasonably and justifiably relied on Defendant's

13   misrepresentations when purchasing the iPad, were unaware of the existence of facts that

14   Defendant suppressed and failed to disclose and, had the facts been known, would not have

15   purchased the iPad and/or would not have purchased it at the price at which it was offered.

16        61.     As a direct and proximate result of these misrepresentations, Representative

17   Plaintiffs and members of each of the Classes have been damaged in an amount to be proven at

18   trial. Representatives Plaintiffs' and members of each of the Classes' damages include, but are

19   not limited to, the monies paid to Defendant for a device which can be used for only a fraction of

20   the purposes for which it was purchased.

21

22                          **FOURTH CAUSE OF ACTION**
                          **DECEPTIVE ADVERTISING PRACTICES**
23              **(California Business & Professions Code §§ 17500, et seq.)**
                      ***(for the California and Nationwide Classes)***
24

25        62.     The Representative Plaintiffs incorporate in this cause of action each and every

26   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

27   herein.

28        63.     California Business & Professions Code § 17500 prohibits "unfair, deceptive,

1   untrue or misleading advertising."

2       64.     Defendant violated California Business & Professions Code § 17500 when it

3   represented that APPLE's iPad possessed characteristics and a value that it did not actually have;

4   these representations were made through APPLE's statement that reading the iPad is just like

5   reading a book, commercials depicting various outdoor uses, and the temperature specifications

6   included with the iPad and/or appearing on the APPLE website.

7       65.     Defendant's deceptive practices were specifically designed to induce

8   Representative Plaintiffs and members of each of the Classes to purchase the iPad. Defendant

9   engaged in broad-based marketing efforts, including posting statements on APPLE's website,

10  releasing commercials on television stations nationwide, and publishing the temperature range

11  with the product specifications, as alleged herein, in order to reach Representative Plaintiffs and

12  members of each of the Classes and induce them to purchase this product.

13      66.     The content of the advertisements, as alleged herein, were of a nature likely to

14  deceive a reasonable consumer.

15      67.     APPLE knew or, in the exercise of reasonable care, should have known, that the

16  representations were untrue or misleading.

17      68.     To this day, Defendant continues to engage in unlawful, unfair and deceptive

18  practices in violation of California Business & Professions Code § 17500. Specifically,

19  Defendant continues to conceal the overheating problems associated with the iPad, as described

20  in this Complaint, and has failed to provide an adequate remedy for its violations.

21      69.     As a direct and proximate result of Defendant's unlawful conduct in violation of

22  California Business & Professions Code § 17500, Defendant should be required to provide all

23  proper remedies to Representative Plaintiffs and members of each of the Classes.

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FIFTH CAUSE OF ACTION**

## CONSUMERS LEGAL REMEDIES ACT
### (California Civil Code §1750, et seq.)
### (*for the Nationwide and California Classes*)

70.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71.     Representative Plaintiffs and the members of each of the Classes are consumers who purchased APPLE's iPad, directly or indirectly from Defendant for personal and/or commercial use.

72.     Through APPLE's statement that reading the iPad is just like reading a book, commercials depicting various outdoor uses, and the temperature specifications included with the iPad and/or appearing on APPLE's website, Defendant represented that the iPad had/has characteristics, uses and/or benefits which it did/does not have, which constituted and continues to constitute an unfair or deceptive trade practice under the provisions of California Civil Code § 1770(a)(5) (the "Consumers Legal Remedies Act"). Plaintiffs and members of each of the Classes viewed and reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad or would not have purchased it at the price at which it was offered.

73.     Representative Plaintiffs and the members of each of the Classes have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the purchase of a device which can be used for only a fraction of the purposes for which it was purchased. Such injury may, but does not necessarily include nor is limited to, the purchase of the iPad and/or the purchase of the iPad at the price at which it was offered.

74.     Insofar as Defendant's conduct violated California Civil Code § 1770(a)(5), Representative Plaintiffs and members of each of the Classes are entitled to (pursuant to California Civil Code § 1780, *et seq.*) and do seek injunctive relief to end Defendant's violations of the California Consumers Legal Remedies Act.

75.     In addition, pursuant to California Civil Code § 1782(a), Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs on their own behalf and on behalf of members of each of the Classes, have notified APPLE of the alleged violations of the Consumer Legal Remedies Act. Although 30 days have elapsed from the date of the notification letter, APPLE has failed to provide appropriate relief for the violations.

76.     As a direct and proximate result of Defendant's unfair and deceptive trade practice, Representative Plaintiffs and members of each of the Classes have been damaged in an amount to be proven at trial. Representative Plaintiffs further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

77.     Moreover, in that, at all times herein mentioned, Defendant intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of each of the Classes, and because Defendant was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of each of the Classes are entitled to an award of exemplary or punitive damages against Defendant in an amount adequate to deter such conduct in the future. Specifically, despite knowledge of the internal temperature restrictions set for the iPad, and consumer complaints regarding overheating, as alleged herein, APPLE has refused, and continues to refuse, any response or remedy.

**SIXTH CAUSE OF ACTION**
**BREACH OF SONG-BEVERLY CONSUMER WARRANTY ACT**
**(California Civil Code § 1790, et seq.)**
***(for the California Class only)***

78.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

79.     The iPad is a "consumer good" within the meaning of California Civil Code § 1791(a).

80.     Representative Plaintiffs and each member of the California Class purchased an

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

iPad in California.

81.     Defendant's express warranty and implied warranty of merchantability arose out of and/or were related to the sale of the iPads.

82.     APPLE "warrants this Apple-branded hardware product against defects in materials and workmanship under normal use for a period of ONE (1) YEAR from the date of retail purchase by the original end-user purchaser ("Warranty Period")." Normal use, as set forth by APPLE, include operating "iPad in a place where the temperature is between 0◦ and 35◦ C (32◦ to 95◦ F)." In addition, the models of the iPad included in Defendant's commercial demonstrate use outdoors.

83.     APPLE's sale of the iPad is also subject to an implied warranty of merchantability (i.e., that the iPad passes without objection in the trade under the descriptions and advertisements provided by APPLE, is fit for the ordinary purpose for which such goods are used, and conforms to the promises and affirmations of fact made on the container and labels).

84.     Ordinary use of the iPad includes operating the device in a place where the temperature is between 0◦ and 35◦ C (32◦ to 95◦ F), including indoor and outdoor operation, for purposes such as, *inter alia*, downloading, viewing and storing multi-media data and applications and sending and receiving email.

85.     When Defendant placed the iPad into the stream of commerce, it knew, reasonably should have known and/or was obligated to understand that the intended and ordinary purpose of the iPad was to function consistently under normal environmental conditions.

86.     The iPad cannot perform its ordinary and represented purpose because it suddenly and unexpectedly stops functioning during outdoor use, due to overheating, and preventing further use until the product sufficiently cools.

87.     As set forth herein, Defendant failed to comply with its obligations under its express warranty and under its implied warranty of merchantability in that it did not provide a product that functions as warranted, that serves its ordinary or intended purpose, or functions in conformity with models as advertised.

88.     Representative Plaintiffs and the California Class Members have suffered and

1   will continue to suffer damages as a direct and proximate result of Defendant's failure to comply

2   with its warranty obligations, and are entitled to judgment pursuant to California Civil Code §§

3   1791.1(d) and 1794, as well as attorneys' fees, costs and interest pursuant to California Civil

4   Code § 1794(d).

5

6                              **SEVENTH CAUSE OF ACTION**
    **UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

7                   **(California Business & Professions Code §§ 17200-17208)**
                        ***(for the California and Nationwide Classes)***

8

9           89.     Representative Plaintiffs incorporate in this cause of action each and every

10  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

11  herein.

12          90.     Representative Plaintiffs further bring this cause of action seeking equitable and

13  injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution

14  of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business

15  practices described herein.

16          91.     Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or

17  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

18  17208. Specifically, Defendant conducted business activities while failing to comply with the

19  legal mandates cited herein.

20          92.     Defendant's conduct was, and continues to be, unlawful in that it is a violation

21  of California Civil Code §1750, et seq. and California Business & Professions Code §§ 17500, et

22  seq., as alleged herein.

23          93.     Defendant's conduct was, and continues to be fraudulent, because directly or

24  through its agents and employees, Defendant made false representations to Representative

25  Plaintiffs and members of each of the Classes that were likely to deceive Representative

26  Plaintiffs and members of each of the Classes. These false representations misled Representative

27  Plaintiffs and members of each of the Classes into purchasing an iPad.

28          94.     Defendant's false representations include, but are not limited to, the statement

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   that reading the iPad is just like reading a book, commercials depicting various outdoor uses, and

2   the temperature specifications included with the iPad and/or appearing on APPLE's website, as

3   alleged herein.

4       95.     Representative Plaintiffs and members of each of the Classes reasonably and

5   justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of

6   the existence of facts that Defendant suppressed and failed to disclose, and, had the facts been

7   known, would not have purchased the iPad and/or would not have purchased it at the price at

8   which it was offered.

9       96.     Specifically, Representative Plaintiffs and members of each of the Classes

10  viewed APPLE's website, commercials, and product specifications, and, in reliance on those

11  representations, purchased the device for use outdoors.

12      97.     As a direct and proximate result of Defendant's wrongful conduct,

13  Representative Plaintiffs and members of each of the Classes have suffered and continue to

14  suffer economic losses and other general and specific damages, including, but not necessarily

15  limited to, the monies paid to Defendant.

16      98.     Defendant's conduct in making the representations described herein, and failing

17  to disclose or remedy the problem despite knowledge and consumer complaints, constitutes a

18  knowing failure to adopt policies in accordance with and/or adhere to applicable laws, as set

19  forth herein, all of which are binding upon and burdensome to its competitors, engendering an

20  unfair competitive advantage for APPLE, thereby constituting an unfair business practice under

21  California Business & Professions Code §§ 17200-17208.

22      99.     Defendant has clearly established a policy of accepting a certain amount of

23  collateral damage, as represented by the damages to the Representative Plaintiffs and to members

24  of each of the Classes herein alleged, as incidental to its business operations, rather than accept

25  the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily

26  borne by its responsible competitors and as set forth in legislation and the judicial record.

27      100.    In addition, Defendant's conduct was, and continues to be, unfair, in that its

28  injury to millions of purchasers of the iPad is substantial, and is not outweighed by any

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    countervailing benefits to consumers or to competitors.

2        101.    Moreover, Representative Plaintiffs and members of each of the Classes could

3    not have reasonably avoided such injury given that APPLE failed to disclose the iPad's use

4    limitations at any point, and Representative Plaintiffs and members of each of the Classes

5    purchased the iPad in reliance on the representations made by Defendant, as alleged herein.

6        102.    Representative Plaintiffs and the members of each of the Classes have been

7    directly and proximately injured by Defendant's conduct in ways including, but not necessarily

8    limited to, the purchase of a device which can be used for only a fraction of the purposes for

9    which it was purchased. Such injury may, but does not necessarily include nor is limited to, the

10   purchase of the iPad and/or the purchase of the iPad at the price at which it was offered.

11

12   **EIGHTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
*(for the California and Nationwide Classes)*

13

14       103.    Representative Plaintiffs incorporate in this cause of action each and every

15   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

16   herein.

17       104.    APPLE, as the designer, manufacturer, distributor and seller of the iPad,

18   expressly warranted that the iPad being sold to the general public would operate properly and

19   without defects, and would, therefore, operate under normal environmental conditions, as

20   advertised.

21       105.    APPLE "warrants this Apple-branded hardware product against defects in

22   materials and workmanship under normal use for a period of ONE (1) YEAR from the date of

23   retail purchase by the original end-user purchaser ("Warranty Period")." Normal use, as set forth

24   by APPLE, include operating "iPad in a place where the temperature is between $0\circ$ and $35\circ$ C

25   ($32\circ$ to $95\circ$ F)."

26       106.    In addition, APPLE's promotional statements, representations and

27   demonstrations regarding the iPad became part of the basis of the bargain between consumers

28   and APPLE, creating express warranties that the product purchased by the Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Plaintiffs and members of each of the Classes would conform to APPLE's representations.

2   107.   APPLE breached its express warranties because the iPad does not conform to

3   the promises or affirmations made by APPLE to the Representative Plaintiffs and members of

4   each of the Classes.

5   108.   Representative Plaintiffs, on their own behalf and on behalf of members of each

6   of the Classes, have provided and/or will provide reasonable notice to APPLE of the breach of

7   warranty.

8   109.   Representative Plaintiffs and the members of each of the Classes have been

9   directly and proximately injured by Defendant's conduct in ways including, but not limited to,

10   the purchase of a device which can be used for only a fraction of the purposes for which it was

11   purchased.

12   110.   As a direct and proximate result of Defendant's unlawful conduct, as set forth

13   herein, Representative Plaintiffs and members of each of the Classes are entitled to monetary

14   damages in the amount of the difference in value between a properly-functioning iPad (as

15   warranted by APPLE) and the improperly-functioning iPad actually purchased by Representative

16   Plaintiffs and members of each of the Classes.

17

18   **NINTH CAUSE OF ACTION**
    **BREACH OF IMPLIED WARRANTY**
19   *(for the California and Nationwide Classes)*

20   111.   Representative Plaintiffs incorporate in this cause of action each and every

21   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

22   herein.

23   112.   APPLE is a merchant engaged in the business of selling electronic devices to

24   consumers. APPLE's sale of the iPad is subject to an implied warranty of merchantability.

25   APPLE breached said warranty by selling iPads which do not pass without objection in the trade

26   under the descriptions and advertisements provided by APPLE, are not fit for the ordinary

27   purpose for which such goods are used, and do not conform to the promises and affirmations of

28   fact made on the container and labels.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

113.     Representative Plaintiffs and members of each of the Classes purchased iPads and used them for their ordinary and intended purpose which included operating the device in a place where the temperature is between 0◦ and 35◦ C (32◦ to 95◦ F), including indoor and outdoor operation, for purposes such as, *inter alia*, downloading, viewing and storing multi-media data and applications and sending and receiving email.

114.     The iPad cannot perform its ordinary and represented purpose because it suddenly and unexpectedly stops functioning when it becomes overheated even when used in the approved temperature range, preventing further use until the product sufficiently cools.

115.     When Defendant placed the iPad into the stream of commerce, it knew, reasonably should have known, or was obligated to understand that the intended and ordinary purpose of the iPad was to function consistently under normal environmental conditions.

116.     Representative Plaintiffs and members of each of the Classes reasonably expected that the iPad they purchased would function consistently, and without sudden and unexpected interruption under normal environmental conditions.

117.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and members of each of the Classes were injured and are entitled to damages in an amount to be proven at trial.

### TENTH CAUSE OF ACTION
**UNJUST ENRICHMENT**
*(for the California and Nationwide Classes)*

118.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

119.     As alleged herein, Defendant intentionally and/or recklessly made false representations to Representative Plaintiffs and members of each of the Classes to induce them to purchase an iPad. Representative Plaintiffs and members of each of the Classes reasonably relied on these false representations when purchasing the iPad.

120.     Representative Plaintiffs and members of each of the Classes did not receive all

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

of the benefits promised by Defendant, and paid more to Defendant for the iPad than they otherwise would and/or should have paid.

121. It would be inequitable and unconscionable for Defendant to retain the profit, benefit and/or other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

122. Representative Plaintiffs and members of each of the Classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiffs**, on behalf of themselves and the proposed **Plaintiff Classes**, pray for judgment and the following specific relief against **Defendant**, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23;

**For the California Class Only:**

2. That defendant APPLE is found to have violated California Civil Code § 1790, *et seq*., as to the Representative Plaintiffs and California Class members;

3. An award to Representative Plaintiffs and the California Class members of damages in an amount to be proven at trial;

4. For reasonable attorneys' fees, pursuant to California Civil Code § 1794(d);

**For the California and National Classes:**

5. That defendant APPLE is found to have violated California Business & Professions Code § 17200, *et seq*., § 17500, *et seq*. and California Civil Code § 1750, *et seq*., as to the Representative Plaintiffs and members of both Classes;

6. That the Court order Defendant to pay restitution to the Representative Plaintiffs

and members of both Classes due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

7.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*;

8.    For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil Code § 1780(d);

9.    That defendant APPLE is found to have made fraudulent and/or negligent misrepresentations to Representative Plaintiffs and Class members;

10.   An award to Representative Plaintiffs and members of both Classes of damages in an amount to be proven at trial;

11.   For Punitive Damages in an amount appropriate to punish Defendant and to deter others from engaging in similar misconduct in the future;

12.   For all other Orders, findings and determinations identified and sought in this Complaint;

13.   For interest on the amount of any and all economic losses, at the prevailing legal rate;  and

14.   For costs of suit and any and all other such relief as the Court deems just and proper.


Dated: October 12, 2010                    **SCOTT COLE & ASSOCIATES, APC**


                                           By:    /s/ Matthew R. Bainer
                                                  Matthew R. Bainer, Esq.
                                                  Attorneys for Representative Plaintiffs
                                                  and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800