**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BALTAZAR, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant.<br>_____/ | No. C 10-03231 JSW<br><br>**ORDER GRANTING APPLE INC.,'S MOTION FOR INTRADISTRICT VENUE TRANSFER** |

**INTRODUCTION**

Now before the Court for consideration is the Motion for Intradistrict Venue Transfer, filed by Defendant Apple Inc. ("Apple"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for November 5, 2010, and HEREBY GRANTS Apple's motion.

**BACKGROUND**

On July 23, 2010, Plaintiffs Jacob Baltazar, Claudia Keller and John R. Browning (collectively "Plaintiffs") filed the original complaint in this matter against Apple, in which Plaintiffs assert putative class claims for, *inter alia*, false advertising and breach of warranty with regard to the Apple iPad. Plaintiffs did not include allegations as to their state or county of residence or where an when they allegedly purchased an iPad. However, they allege that Apple's principal place of business is in Cupertino, California. Plaintiffs also allege that many of the acts underlying their claims took place within this judicial district. (Compl., ¶ 4).)

In an Amended Complaint, filed on October 12, 2010, Baltazar and Keller each allege that they purchased their iPad's from stores in the State of California and Browning alleges that he purchased his iPad through an internet website. (*See* Amended Complaint, ¶¶ 25, 28, 30.) According to declaration submitted in opposition to Apple's motion, Baltazar lives in Walnut Creek, California, which is within Contra Costa county. (Declaration of Jacob Baltazar ("Baltazar Decl."), ¶¶ 1-2.) Baltazar does not specify in which county he purchased his iPad. (*Id.* ¶ 3.) Keller and Browning attest that they live in Southern California. (Declaration of Claudia Keller ("Keller Decl."), ¶¶ 1-2; Declaration of John R. Browning ("Browning Decl."), ¶¶ 1-2.)

Apple attests that the iPad was designed and developed in and that the advertising and marketing for the iPad was created in Cuptertino, California, which is a part of Santa Clara County. (Declaration of Deborah House ("House Decl."), ¶ 2.) Baltazar attests that his iPad overheated and powered down in Contra Costa County.

Apple moves for an intradistrict transfer from the San Francisco division, to the San Jose Division, pursuant to Northern District Civil Local Rule 3-2 and 28 U.S.C. § 1404(a).

**ANALYSIS**

Rule 3-2, provides that "except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises." N.D. Civ. L.R. 3-2(c).

"A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred ...." *Id.* Local Rule 3-2(e) provides that "all civil actions which arise in the" county of Santa Clara shall be assigned to the San Jose Division. Rule 3- also provides that "[w]henever a Judge finds ... that a civil action has not been assigned to the proper division within this district in accordance with this rule, *or* that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a

1  different division within this district, the Judge may order such transfer, subject to the
2  provisions of the Court's Assignment Plan." N.D. Civ. L.R. 3-2(h) (emphasis added).[1]

3  This case does not fall within any of the exceptions articulated in Rule 3-2(c). In
4  addition, although Baltazar contends that his iPad manifested the defects that are identified in
5  the Amended Complaint in Contra Costa County, Apple attests that the design and development
6  of the iPad occurred in Santa Clara County. In addition, Apple also attests that the advertising
7  and marketing plans were developed there as well.

8  The Court concludes that Apple has demonstrated that this action "arises in" Santa Clara
9  County. (House Decl., ¶ 2.) Thus, the action should have been assigned to the San Jose
10 division, and the Court shall GRANT Apple's motion for an intradistrict transfer. The Clerk is
11 directed to transfer this case to a District Judge within the San Jose Division, forthwith.[2]

12 **IT IS SO ORDERED.**

14 Dated: October 29, 2010

   JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

---

[1] Although each of the parties argues about the interests of justice and convenience of witnesses, Local Rule 3-2(h) is drafted in the disjunctive. The Court notes that it finds each parties' arguments regarding the inconvenience that would be attendant to transfer or to maintaining the case within this district to be unpersuasive.

[2] Apple declined to proceed before a United States Magistrate Judge. (Docket No. 7.)

3