1  David M. Walsh (SB# 120761)  davidwalsh@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
2  515 South Flower Street
   Twenty-Fifth Floor
3  Los Angeles, CA  90071
   Telephone:  (213) 683-6000
4  Facsimile:  (213) 627-0705

5  Thomas A. Counts (SB# 148051)  tomcounts@paulhastings.com
   Eric A. Long (SB# 244147)  ericlong@paulhastings.com
6  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
7  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
8  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100

9
   Attorneys for Defendant
10 APPLE INC.

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15 JACOB BALTAZAR, CLAUDIA            CASE NO. C 10-03231 JSW
   KELLER, JOHN R. BROWNING,
16 individually, and on behalf of all others   **DEFENDANT APPLE INC.'S NOTICE OF**
   similarly situated,                **MOTION AND MOTION TO DISMISS**
17                                     **FIRST AMENDED COMPLAINT**
                  Plaintiffs,
18
          vs.                         Date:      December 17, 2010
19                                    Time:      9:00 a.m.
   APPLE INC.,                        Dept.:     Courtroom 11, 19th Floor
20                                    Judge:     Hon. Jeffrey S. White
                  Defendant.
21                                    Complaint Filed:  July 23, 2010
                                      First Amended Complaint Filed: October 12, 2010
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. SUMMARY OF ALLEGATIONS ..................................................................... 1

III. STANDARD OF REVIEW ................................................................................ 3

    A. Rule 12(b)(6) Standard Governing Plaintiffs' Claims ............................ 3

    B. Rule 9(b) Standard Governing Plaintiffs' Fraud-Based Claims .............. 3

IV. LEGAL ARGUMENT:  PLAINTIFFS HAVE FAILED TO ALLEGE CLAIMS AGAINST APPLE .............................................................................................. 4

    A. Plaintiffs' Fraud Claims Must Be Dismissed Because The FAC Fails To Allege False Representations or Omissions ............................................. 4

        1. Plaintiffs Do Not Adequately Plead False Representations ...................... 5

        2. Plaintiffs Do Not Adequately Plead Fraudulent Omission ...................... 5

    B. Plaintiffs' Fourth, Fifth, and Seventh Causes of Action Fail To State A Claim ...................................................................................................... 6

        1. Plaintiffs Have Not Pled An Affirmative Misrepresentation or Fraudulent Omission ............................................................................ 6

            a. Apple Has No Duty To Disclose .................................................... 8

            b. Plaintiffs' Omission-Based Allegations Lack Specificity .............. 9

        2. Plaintiffs Have Not Pled Reliance Under the UCL or CLRA ................... 9

        3. Plaintiffs Cannot Plead That Consumers Are Likely To Be Deceived ................................................................................................ 11

        4. Plaintiffs Point To Non-Actionable Puffery .......................................... 12

    C. Plaintiffs Have Not Alleged An "Unfair" Practice Under The UCL ...... 13

    D. Plaintiffs' Eighth Cause of Action for Express Warranty Is Equally Flawed ...... 13

        1. Plaintiffs Have Not Alleged Reliance or Breach ................................... 13

    E. Plaintiffs' Sixth Cause of Action For Violation of the Song-Beverly Act Also Must Be Dismissed Because There Is No Reliance ...................... 14

    F. Plaintiffs' Ninth Cause of Action For Breach of Implied Warranty Must Be Dismissed Because There Is No Breach ............................................... 14

    G. Plaintiff's Tenth Cause of Action For Unjust Enrichment Must Be Dismissed Because the FAC Fails To Allege Any Misconduct ................ 15

V. CONCLUSION:  DISMISSAL WITH PREJUDICE IS APPROPRIATE ...... 15

-i-

# TABLE OF AUTHORITIES

**Page**

### CASES

*Am. Suzuki Motor Corp. v. Superior Ct.*,
   37 Cal. App. 4th 1291 (1995)........................................................................... 14, 15

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005)................................................................ 12

*Ashcroft v. Iqbal*,
   --- U.S. ---, 129 S. Ct. 1937 (2009) ...................................................................... 3

*Bardin v. Daimlerchrysler Corp.*,
   136 Cal. App. 4th 1255 (2006)............................................................................... 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 3

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007)............................................................................. 13

*Brothers v. Hewlett-Packard Co.*,
   2006 WL 3093685 (N.D. Cal. Oct. 31, 2006)...................................................... 12

*Buckland v. Threshold Enters., Ltd.*,
   155 Cal. App. 4th 798 (2007)............................................................................... 11

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004)................................................................................. 4

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*,
   365 F.3d 835 (9th Cir. 2004).................................................................................. 4

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)................................................................................ 7

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (2006)............................................................................... 11

*Consumer Advocates v. Echostar Satellite Corp.*,
   113 Cal. App. 4th 1351 (2003)............................................................................. 11

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006).................................................................... 7, 8, 9, 13

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003)................................................................................ 3

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Freeman v. Time, Inc.*,
68 F.3d 285 (9th Cir. 1995).................................................................................. 11

4

*Herrington v. Johnson & Johnson Consumer Cos.*,
2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ................................................. 10, 11

5

6

*Hoey v. Sony Elecs. Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007) ........................................................... 6, 7

7

8

*Hutson v. American Home Mort. Servicing, Inc.*,
2009 WL 3353312 (N.D. Cal. Oct. 16, 2009)....................................................... 4

9

*In re ActImmune Marketing Litig.*,
2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) ...................................................... 10

10

11

*In re Tobacco II*,
46 Cal. 4th 298 (2009) ....................................................................................... 9

12

13

*In re Vioxx Class Cases*,
180 Cal. App. 4th 116 (2009)............................................................................ 11

14

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)...................................................................... 4, 8, 9

15

16

*Kent v. Hewlett-Packard Co.*,
2010 WL 2681767 (N.D. Cal. July 6, 2010) ..................................................... 15

17

18

*Khoury v. Maly's of Calif., Inc.*,
14 Cal. App. 4th 612 (1993)................................................................................ 7

19

*Long v. Hewlett-Packard Co.*,
2007 WL 2994812 (N.D. Cal. July 27, 2007) ...................................................... 7

20

21

*Lorenzo v. Qualcomm Inc.*,
603 F. Supp. 2d 1291 (S.D. Cal. 2009) ............................................................. 15

22

23

*McDonnell Douglas Corp. v. Thiokol Corp.*,
124 F.3d 1173 (9th Cir. 1997)........................................................................... 13

24

*Melchior v. New Line Prods., Inc.*,
106 Cal. App. 4th 779 (2003)............................................................................ 15

25

26

*Morgan v. Harmonix Music Sys., Inc.*,
2009 WL 2031765 (N.D. Cal. July 7, 2009)......................................................... 7

27

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Neilson v. Union Bank of California,*

4

290 F. Supp. 2d 1101 (C.D. Cal. 2003).....................................................................4

5

*Oestreicher v. Alienware Corp.,*
544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*

6

2009 WL 902341 (9th Cir. Apr. 2, 2009) ..................................................*passim*

7

*Saba v. Caplan,*
2010 WL 2681987 (N.D. Cal. July 6, 2010) (FAL)....................................................4

8

9

*Sanders v. Apple,*
672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................................9

10

*Southland Sod Farms v. Stover Seed Co.,*

11

108 F.3d 1134 (9th Cir. 1997)...................................................................................12

12

*Tietsworth v. Sears, Roebuck & Co.,*
2010 WL 1268093 (N.D. Cal. Mar. 31, 2010).................................................12, 14

13

14

*U.S. Concord, Inc. v. Harris Graphics Corp.,*
757 F. Supp. 1053 (N.D. Cal. 1991) ..........................................................................5

15

*Vess v. Ciba-Geigy Corp. USA,*

16

317 F.3d 1097 (9th Cir. 2003)................................................................................3, 4

17

*Weinstat v. Dentsply Int'l, Inc.,*
180 Cal. App. 4th 1213 (2010).................................................................................14

18

19

*Werberl ex rel. v. Pepsico, Inc.,*
2010 WL 2673860 (N.D. Cal. July 2, 2010) .......................................................4, 12

20

*Wilens v. TD Waterhouse Group, Inc.,*

21

120 Cal. App. 4th 746 (2003)....................................................................................10

22

**RULES**

23

Federal Rule of Civil Procedure 9(b).......................................................................*passim*

24

Federal Rule of Civil Procedure 12(b)(6) ......................................................................3

25

**STATUTES**

26

Cal. Bus. & Prof. Code § 17500 .............................................................................3, 7

27

Cal. Civ. Code § 1750 ...................................................................................................3

28

Cal. Civ. Code § 1790 .............................................................................................3, 14

-iv-

APPLE INC.'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT

1

### <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

  PLEASE TAKE NOTICE THAT on December 17, 2010 at 9:00 a.m. in Courtroom 11 of

4

the United States District Court for the Northern District of California, located at 450 Golden

5

Gate Ave., San Francisco, California 94102, before the Honorable Judge Jeffrey S. White,

6

Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiffs' purported First

7

Amended Class Action Complaint ("FAC").

8

  This Motion is based on Federal Rules of Civil Procedure 12(b)(6) and 9(b); this Notice of

9

Motion and Motion; the attached Memorandum of Points and Authorities; Apple's Request for

10

Judicial Notice and the Declaration of Eric A. Long, filed concurrently herewith; the First

11

Amended Complaint; and the pleadings, papers and other documents on file in this action along

12

with any evidence and argument presented at the hearing in this matter.

13

<u>*</u>

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-v-  APPLE INC.'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT

**STATEMENT OF ISSUES**

1.      Whether the First, Second and Third Causes of Action for fraud, intentional misrepresentation, and negligent misrepresentation fail to state a claim because (a) Plaintiffs have not alleged a false statement of fact, (b) Plaintiffs have not alleged reliance, and (c) Plaintiffs have not pleaded the claims with sufficient particularity under Rule 9(b).

2.      Whether the Fourth, Fifth, and Seventh Causes of Action for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, fail to state claims because Plaintiffs failed (a) to plead facts sufficient to state a claim, (b) to allege a duty to disclose, and (c) to state allegations of reliance.

3.      Whether the Seventh Cause of Action for violation of the UCL should be dismissed because Plaintiffs fail to plead facts sufficient to state a claim under the "unfair" prong of the UCL.

4.      Whether the Eighth Cause of Action for Breach of the Express Warranty fails to state a claim because Plaintiffs have identified no reliance and no breach.

5.      Whether the Ninth Cause of Action for Breach of the Implied Warranty of Merchantability and/or Fitness fails to state a claim because iPad is both merchantable and fit for its ordinary purpose.

6.      Whether the Sixth Cause of Action for violation of the Song-Beverly Consumer Warranty Act should be dismissed because Plaintiffs fail to plead facts sufficient to state a claim.

7.      Whether the Tenth Cause of Action for Unjust Enrichment fails to state a claim because the First Amended Complaint fails to allege any misconduct resulting in Apple's enrichment.

APPLE INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

## SUMMARY OF ARGUMENT

2      All of Plaintiffs' claims against Defendant Apple Inc. fail as a matter of law.  First,

3  Plaintiffs' fraud and fraud-based claims under California's consumer protection statutes (the

4  CLRA, FAL, and UCL) fail to state a claim because Plaintiffs have not alleged a false statement

5  of fact, have not alleged reliance, and have not pleaded their claims with sufficient particularity

6  under Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009); *Oestreicher v.*

7  *Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd* 2009 WL 902341 (9th Cir. Apr. 2,

8  2009); *Long v. Hewlett-Packard Co.*, 2007 WL 2994812 (N.D. Cal. July 27, 2007); *Daugherty v.*

9  *Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006).

10     Second, Plaintiffs' warranty claims are equally flawed because Plaintiffs have pleaded no

11 reliance and no breach.  *Tietsworth v. Sears, Roebuck & Co.*, 2010 WL 1268093 (N.D. Cal. Mar.

12 31, 2010); *Kent v. Hewlett-Packard Co.*, 2010 WL 2681767 (N.D. Cal. July 6, 2010); *Am. Suzuki*

13 *Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291 (1995).

14     Finally, Plaintiffs fail to state an unjust enrichment claim because all their other claims

15 were pled inadequately.  *See Oestreicher*, 544 F. Supp. 2d at 967 (N.D. Cal. 2008).  Moreover,

16 even if another claim were pled, a claim for unjust enrichment is not cognizable under California

17 law.  *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Lorenzo v.*

18 *Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009).

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs amended their Complaint in an effort to cure deficiencies identified in Apple's previous Motion To Dismiss.  Like their original pleading, Plaintiffs' First Amended Complaint ("FAC") fails to state claims against Apple.  Plaintiffs allege that Apple's sale of iPad[1] constitutes actionable fraud and a breach of warranty because iPad allegedly does not perform as expected when operated in "particular environmental conditions."  It appears Plaintiffs' allegation is that iPad overheats in the allegedly "common" use condition of direct sunlight at certain temperatures – although the FAC fails to describe adequately any promises made by Apple regarding this allegedly "common" use condition or how or why any statements could have defrauded Plaintiffs.

Yet even assuming for the purposes of this Motion that iPad performs as the FAC describes, Plaintiffs fail to state any claims against Apple.  Plaintiffs fail to allege that any advertisements or representations promised the particular performance Plaintiffs claim to be entitled to.  Nor do Plaintiffs adequately allege that Apple had a duty to make any affirmative disclosures regarding the particular use condition, as required to establish an actionable omission.  Without identifying allegedly false statements, Plaintiffs certainly cannot plead that they relied on those statements when purchasing their iPads.  Accordingly, Plaintiffs cannot sustain their many claims that sound in fraud.  Indeed, the FAC fails to allege adequately any claim, and certainly does not provide the requisite "who, what, when, where, and how" of the misconduct charged.  Plaintiffs' claims are meritless and should be dismissed.

### II.    SUMMARY OF ALLEGATIONS

Plaintiffs Jacob Baltazar, Claudia Keller, and John Browning allege that they purchased iPads in April 2010.  (FAC ¶¶ 25, 28, 30.)  Still absent from Plaintiffs' FAC are facts about Plaintiffs themselves, including their residences,[2] where they purchased their iPads (*e.g.*, directly

---

[1] iPad is a multi-purpose mobile device for browsing the web, reading and sending email, viewing photos, watching videos, listening to music, playing games, reading e-books and more.  iPad is based on the Apple's Multi-Touch™ technology, has a 9.7-inch LED-backlit display, is 0.5 inches thick and weighs 1.5 pounds.  iPad is available in two models, one with Wi-Fi connectivity and the other with both Wi-Fi and 3G connectivity.  Both versions of iPad became available in the U.S. in April 2010.

[2] Plaintiffs recently filed Declarations in opposition to transfer to the San Jose Division, in which Plaintiffs state their counties of residence.  (Doc. No. 25).  Two of the three declarations are dated in advance of the FAC.

-1-        APPLE INC.'S MOTION TO DISMISS FIRST
                                                                AMENDED COMPLAINT

1    from Apple or indirectly from a secondary reseller), and which stores they purchased from.

2           Plaintiffs claim "iPad does not live up to the reasonable consumer's expectations created

3    by APPLE insofar as the iPad overheats so quickly under common weather conditions[.]"  (FAC

4    ¶ 22.)  Even after amendment, just *two* specific representations by Apple are alleged:  (1) an

5    advertising statement by Apple that "[r]eading on iPad is just like reading a book" (FAC ¶ 21.b)

6    and (2) the product specifications included with iPad in its original packaging and on Apple's

7    website.  (FAC ¶ 21.a.)  The marketing representation that is partially quoted in Paragraph 21(b)

8    is found on Apple's iBook Feature Page of its website.[3]  It states:

9           Reading on iPad is just like reading a book.  You hold your iPad
            like a book.  You flip the pages like a book.  And you do it all with
10          your hands — just like a book.  The high-resolution, LED-backlit
            screen displays each page beautifully....
11

12   Plaintiffs further reference two "commercials" that depict iPad use in outdoor locations.  (FAC

13   ¶¶ 21.c, d.)  Every other reference in the FAC to a statement made by Apple is vague, *e.g.*, "other

14   portions of APPLE's marketing material" (FAC ¶ 21.b.), "any of APPLE's press releases" (FAC

15   ¶ 23), "any of APPLE's advertising materials."  (*Id.*)

16          Importantly, Plaintiffs fail to allege that they relied on either representation   Faced with an

17   alleged technological limitation but in the absence of a material representation on the subject,

18   Plaintiffs fail to allege actual reliance and to identify what Apple said, when and to whom.

19   Plaintiffs also fail to allege that Apple denied them warranty service or that they even sought such

20   service.  Accordingly, Plaintiffs do not demonstrate how they have been harmed by Apple's

21   alleged misstatements.

22          Based upon this thin set of facts, Plaintiffs attempt to state ten claims against Apple on

23   behalf of themselves and putative nationwide and California-only classes of all iPad purchasers.

24   Plaintiffs' claims can be sorted into six that sound in fraud (but are not pleaded with particularity

25   as required by Federal Rule of Civil Procedure 9(b)) and four equally flawed non-fraud claims.

26   The six fraud-based claims are: (1) fraud; (2) intentional misrepresentation; (3) negligent

27

28          [3] Apple's Request for Judicial Notice ("RJN"), filed concurrently herewith; Declaration of Eric A. Long ("Long Decl."), filed concurrently herewith, ¶ 3, Ex. B.

-2-

1  misrepresentation; and statutory violations under California's (4) False Advertising Law ("FAL"),

2  Cal. Bus. & Prof. Code § 17500, *et seq.*; (5) Unfair Competition Law ("UCL"), *id.* § 17200, *et*

3  *seq.*; and (6) Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750.  Plaintiffs' four

4  non-fraud claims are for (1) breach of express warranty; (2) breach of implied warranty; (3)

5  violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790; and (4)

6  unjust enrichment.

7  **III.    STANDARD OF REVIEW**

8         **A.    Rule 12(b)(6) Standard Governing Plaintiffs' Claims**

9         Rule 12(b)(6) requires dismissal if a complaint lacks sufficient facts to support the alleged

10  claim or fails to assert a cognizable theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

11  (motion to dismiss should be granted if a plaintiff fails to allege "enough facts to state a claim to

12  relief that is plausible on its face").  While "detailed factual allegations are not required," a

13  complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its

14  face."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at

15  570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16  statements, do not suffice."  *Id.* at 1950.  A claim is facially plausible "when the. . .plead[ed]

17  factual content. . .allows the court to draw the reasonable inference that the defendant is liable for

18  the misconduct alleged."  *Id.*  Allegations of material fact are construed in the light most favorable

19  to the plaintiff; however, the court need not "accept as true allegations that are conclusory, legal

20  conclusions, unwarranted deductions of fact or unreasonable inferences."  *Oestreicher v.*

21  *Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd* 2009 WL 902341 (9th Cir.

22  Apr. 2, 2009).  Apple moves to dismiss each of the ten causes of action because the FAC does not

23  state cognizable claims against it.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

24  (9th Cir. 2003) (recognizing futility of amendment as a basis to deny leave to amend).

25         **B.    Rule 9(b) Standard Governing Plaintiffs' Fraud-Based Claims**

26         Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with

27  particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. Proc. 9(b).  Mere

28  conclusory allegations of fraud are insufficient.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

-3-

1  1106 (9th Cir. 2003).  A heightened pleading requirement applies to allegations that sound in

2  fraud, including false representations or omissions and claims under the UCL, CLRA and FAL

3  when such claims are based on a fraudulent course of conduct.  *Id.* at 1106-07; *Kearns v. Ford*

4  *Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (UCL and CLRA); *Saba v. Caplan*, 2010 WL 2681987,

5  at *4 (N.D. Cal. July 6, 2010) (FAL).  To meet this standard, a complaint must provide the time,

6  place, and content of the alleged fraudulent representation or omission – the "who, what, when,

7  where, and how" – as well as the circumstances indicating fraudulent conduct.  *See Vess*, 317

8  F.3d at 1106.  Plaintiffs' fraud-based claims are conclusory at best, and should be dismissed.

9  **IV.    LEGAL ARGUMENT:  PLAINTIFFS HAVE FAILED TO ALLEGE CLAIMS**
10       **AGAINST APPLE.**

         **A.    Plaintiffs' Fraud Claims Must Be Dismissed Because The FAC Fails To**
11           **Allege False Representations or Omissions.**

12       Plaintiffs assert claims for "fraud," "intentional misrepresentation," and "negligent

13  misrepresentation."  The elements of fraud/intentional misrepresentation under California law are:

14  (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of

15  falsity (scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and

16  (5) resulting damage.  *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839

17  (9th Cir. 2004) (fraud); *Werberl ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *5 (N.D. Cal. July

18  2, 2010) (intentional misrepresentation).  The same elements comprise a cause of action for

19  negligent misrepresentation, except there is no requirement of intent to induce reliance.  *Cadlo v.*

20  *Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).  For each cause of action,[4] a plaintiff

21  must plead that he or she actually relied on the misrepresentation.  *Id.*

22       Under California law, negligent misrepresentation is a species of actual fraud and is

23  therefore also subject to Rule 9(b).  *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101,

24  1141 (C.D. Cal. 2003) ("well-established in the Ninth Circuit that both claims for…negligent

25  misrepresentation must meet Rule 9(b)'s particularity requirements."); *see also Hutson v.*

26  *American Home Mort. Servicing, Inc.*, 2009 WL 3353312, at *14 (N.D. Cal. Oct. 16, 2009).

27

28       [4] Plaintiffs allege "fraud" and "intentional misrepresentation" as separate causes of action (Counts 1 and 2) but
under California law the claims are identical.  Apple treats both as claims for "fraud."

Plaintiffs' fraud and negligent misrepresentation causes of action must be dismissed because Plaintiffs' allegations of fraud are inadequate.  Plaintiffs seek damages resulting from Apple's alleged (1) "false representations" – but without identifying who said what (FAC ¶¶ 40, 59), and (2) failure to disclose – but without alleging the source of a duty to disclose.  (FAC ¶¶ 43, 60.)  Plaintiffs further allege Apple had full knowledge, or was reckless in not knowing, of the falsehoods.  (FAC ¶¶ 46, 59.)  Neither Plaintiffs' affirmative misrepresentation nor their omission-based theories provide more than conclusory allegations which are insufficient under Rule 9(b).

### 1.   Plaintiffs Do Not Adequately Plead False Representations.

As discussed in Section II above, Plaintiffs base their claims on Apple's statement that "[r]eading on iPad is just like reading a book" and generally on its "website, commercials, and product specifications." (FAC ¶¶ 21, 41, 53, 60.)   No specific representation allegedly relied on by Plaintiffs promises the use condition Plaintiffs demand.  First, with respect to the "just like a book" statement, it is the type of non-factual comparison typically made in advertising.  Second, with respect to the "commercials depicting various outdoor uses, and the temperature specifications included with the iPad and/or appearing on APPLE's website," Plaintiffs fail to allege actual reliance on a specific representation.

To state a fraud-based claim, Plaintiffs must identify both the false statement of fact and resulting justifiable reliance.  Neither is alleged, and accordingly the requisite "who, what, when, where, and how" of any representation *made to Plaintiffs* by Apple is missing.  *Vess*, 317 F.3d at 1106.  Plaintiffs' negligent misrepresentation claim is based upon the same flawed allegations of falsity, and it too fails for lack of specificity.  *See U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991).  Simply put, Plaintiffs have not identified any specific, knowingly false statements made by Apple regarding iPad on which Plaintiffs actually relied.

### 2.   Plaintiffs Do Not Adequately Plead Fraudulent Omission.

The FAC remains based on allegations that iPad does not function in a way that Plaintiffs had hoped it would.  But importantly, the "hope" is not based on Apple's failure to disclose something, but rather on Plaintiffs' own subjective expectations.  As the court in *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008), observed, "allegations of this nature

-5-

1    [] could be made about any alleged design defect in any manufactured product." The heightened

2    pleading requirements of Rule 9(b) were designed to avoid such threadbare claims. For virtually

3    identical reasons, the court in *Oestreicher* found a lack of facts substantiating the plaintiff's

4    fraudulent concealment claim based on a latent defect. *Id.* (dismissing with prejudice plaintiff's

5    fraudulent omission and UCL claim based on a lack of facts supporting fraudulent concealment).

6         Here, Plaintiffs fail to describe with specificity any representations that Apple made

7    regarding iPad that would give rise to a duty to disclose. *See Hoey v. Sony Elecs. Inc.*, 515 F.

8    Supp. 2d 1099 (N.D. Cal. 2007) (rejecting a claim for fraudulent concealment because plaintiffs'

9    complaint failed to identify a representation by defendant contrary to the alleged concealment).

10   Plaintiffs may attempt to rely on online posts and users of online message boards not associated

11   with Apple. (FAC ¶ 33.) But, Plaintiffs do not include a single allegation that <u>Apple</u> posted a

12   single public denial on these message boards that would give rise to a duty to disclose.

13        In short, Plaintiffs have not identified anything in Apple's advertising and marketing

14   materials which would give rise to a duty to disclose the performance issue alleged in the FAC.

15   For each of these reasons, Plaintiffs fail to meet the heightened pleading standard of Rule 9(b),

16   and their omission-based fraud theories should be dismissed.

17        **B.**    <u>**Plaintiffs' Fourth, Fifth, and Seventh Causes of Action Fail To State a Claim.**</u>

18        Plaintiffs repackage their fraud claims as statutory claims under the FAL, CLRA and

19   UCL. These claims fail for at least three reasons. ***First***, Plaintiffs have not alleged an actionable

20   false statement, nor have they alleged a failure to disclose based on an established duty to

21   disclose. Relatedly, Plaintiffs were required, but failed, to meet the heightened pleading standard

22   of Federal Rule of Civil Procedure 9(b). ***Second***, Plaintiffs have not alleged that they relied upon

23   any factual statement that Apple made. ***Third***, even assuming Plaintiffs in fact had relied on

24   something Apple said, no reasonable consumer is likely to be deceived.

25
          **1.**    **Plaintiffs Have Not Pled An Affirmative Misrepresentation or**
26               **Fraudulent Omission.**

27        Like Plaintiffs' fraud allegations, Plaintiffs' statutory causes of action fail to provide more

28   than conclusions. Plaintiffs, for example, allege that Apple violated CLRA Section 1770(a)(5)

APPLE INC.'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT

1    (representing that products have characteristics they do not have).  (FAC ¶ 72.)  To maintain a

2    CLRA claim under this section, a plaintiff must identify a specific misrepresentation by the

3    defendant that its product had a characteristic or quality that it does not have.  *Daugherty v. Am.*

4    *Honda Motor Co.*, 144 Cal. App. 4th 824, 834 (2006).  While it is true that "a claim may be stated

5    under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must

6    be contrary to a representation actually made by the defendant, or an omission of a fact that the

7    defendant was obliged to disclose."  *Id.* at 835.  Moreover, a plaintiff cannot simply allege that he

8    expects more from a product than the manufacturer promised.  *Bardin v. Daimlerchrysler Corp.*,

9    136 Cal. App. 4th 1255, 1270 (2006) (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965)).

10          To establish a violation of the UCL, Plaintiffs must adequately allege that Apple

11   committed a fraudulent, unlawful or unfair business act or practice.  *See Daugherty*, 144 Cal.

12   App. 4th at 837.  Plaintiffs have not been, and will not be, able to do so.  It is well established that

13   a manufacturer cannot be liable under any prong of the UCL for a concealed characteristic it had

14   no duty to disclose.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008);

15   *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1104-05 (N.D. Cal. 2007); *Long v. Hewlett-*

16   *Packard Co.*, 2007 WL 2994812, at *8 (N.D. Cal. July 27, 2007).  There are only two exceptions

17   to this rule: (1) where the omission is contrary to a representation actually made by the defendant;

18   or (2) where the omission pertains to facts relating to product safety concerns.  *Oestreicher*, 544

19   F. Supp. 2d at 969, *aff'd* 2009 WL 902341, at *3 ("A manufacturer's duty to consumers is limited

20   to its warranty obligations absent either an affirmative misrepresentation or a safety issue.");

21   *Morgan v. Harmonix Music Sys., Inc.*, 2009 WL 2031765, at *4 (N.D. Cal. July 7, 2009)

22   ("According to all relevant case law, defendants are only under a duty to disclose a known defect

23   in a consumer product when there are safety concerns associated with the product's use.").

24          Similarly, the FAL makes it unlawful to make or disseminate any statement concerning

25   property or services that is "untrue or misleading[.]"  Cal. Bus. & Prof. Code § 17500.  A FAL

26   claim "must state with reasonable particularity the facts supporting the statutory elements of the

27   violation."  *Khoury v. Maly's of Calif., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

28          Nondisclosure claims under the FAL, CLRA and UCL must be pleaded with particularity.

*Kearns*, 567 F.3d at 1127.  To state a cognizable claim, a plaintiff must establish that the defendant made "untrue or misleading" statements while selling goods or services.  Essentially similar standards apply to Plaintiffs' consumer-statute claims.

Plaintiffs allege that Apple violated the FAL, CLRA and UCL because Apple's advertisements are false and misleading.  (FAC ¶¶ 64, 72, 94.)  As discussed above with respect to Plaintiffs' fraud and negligent misrepresentation claims, Plaintiffs fail to identify an affirmative statement of fact on which to base their claims.   Plaintiffs also do not identify either an affirmative misrepresentation or a partial representation (that they actually relied on) that would give rise to a duty to disclose.

### a. Apple Has No Duty To Disclose.

Plaintiffs allege that Apple violated the CLRA, UCL and FAL by failing to disclose facts that, had Plaintiffs known them, would have prevented Plaintiffs from purchasing iPad or purchasing it at the price paid.  (FAC ¶¶ 72, 95, 101.)  California courts have consistently held that a manufacturer has no duty to disclose something absent a hazard that impacts the safety of the product or a partial statement giving rise to the need to clarify.  *See Daugherty, supra*.  Therefore, Plaintiffs must point to either a hazardous condition arising from the alleged performance issue or a partial statement requiring clarification before they can allege that Apple failed to disclose certain details about iPad's performance.

Plaintiffs contend that Apple did not disclose purported technical limitations, but those alleged limitations derive from iPad being an electronic device, which Plaintiffs acknowledge.  (FAC ¶¶ 16, 17.)  Plaintiffs do not identify any contrary representations – that Apple actually made and on which they relied – that would somehow require Apple (1) to specifically list the physical and functional differences between iPad and a traditional paper book, or (2) to specify each and every use limitation arising from the fact that it is an electronic device.[5]  Plaintiffs, in other words, have failed to allege facts which would give rise to a duty to disclose.  *See Sanders*

---

[5] Plaintiffs also refer to Apple press releases that "nowhere" mention that iPad has environmental limitations. (FAC ¶ 23.)  A pre-product-release press release does not constitute a fraudulent omission where it merely announces that the product is being released.  Here, it identified "some of its applications, such as 'iBooks' and 'iTunes.' "  *Id.* As alleged, nothing in the press release promised Plaintiffs anything relating to the performance they now demand.

-8-

1   *v. Apple*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009) ("Yonai fails to describe with specificity

2   representations made by Apple with respect to the display's component parts that would give rise

3   to a duty to disclose, [or] how he relied on such partial disclosures[.]").  This failure is fatal to

4   Plaintiffs' claims.  *See Daugherty*, 144 Cal. App. 4th at 835 (affirming dismissal of CLRA claim

5   alleging that car manufacturer failed to disclose engine defects because manufacturer did not

6   make any representations about the engine to the contrary).

7       Plaintiffs' FAC does not include an allegation that Apple made any specific, factual

8   representations that are contrary to iPad's actual performance.  Accordingly, Apple's iPad

9   disclosures cannot form the basis of a CLRA, UCL, or FAL claim.

10              **b.      Plaintiffs' Omission-Based Allegations Lack Specificity.**

11      Plaintiffs must allege omission-based claims with specificity.  The Ninth Circuit has held

12   that claims of nondisclosure and omission are subject to the pleading standards of Rule 9(b).

13   *Kearns*, 567 F.3d at 1126-27.  Specifically, Plaintiffs must describe what has been omitted and

14   where the omitted information should or could have been revealed.  *Id.* at 1127.  Plaintiffs also

15   must refer to Apple's specific advertisements or other representations that failed to include

16   relevant information.  *Id*. at 1126-27.

17      Plaintiffs have not identified with sufficient particularity where Apple made any

18   affirmative representation(s) that contradict its alleged omissions.  Plaintiffs suggest that Apple

19   concealed an alleged defect, not by its own representations, but through expectations set for

20   Plaintiffs by different "tablet computers an/or e-readers (e.g., the Amazon Kindle)."  (FAC ¶ 19.)

21   Such market-based expectations in the absence of promises by the manufacturer cannot form the

22   basis of an omission-related claim under the CLRA, UCL, or FAL.  *See Oestreicher*, 544 F. Supp.

23   2d at 974.  In sum, the "who, what, when, where, and how" of the misconduct Plaintiffs allege

24   falls short of the level of specificity required to plead a fraudulent omission under Rule 9(b).

25          **2.      Plaintiffs Have Not Pled Reliance Under The UCL or CLRA.**

26      Plaintiffs have not pled reliance on a material representation.  In *In re Tobacco II*, 46 Cal.

27   4th 298, 328 (2009), the California Supreme Court held unequivocally that to meet the standing

28   requirements a plaintiff in a UCL action "must plead and prove actual reliance to satisfy the

1   requirement of section 17204[.]"  CLRA claims have "a more stringent standing requirement, in

2   that a class representative must show actual causation and reliance."  *In re ActImmune Marketing*

3   *Litig.*, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009); *see also Wilens v. TD Waterhouse*

4   *Group, Inc.*, 120 Cal. App. 4th 746, 754 (2003) ("[CLRA] does not create an automatic award of

5   statutory damages upon proof of an unlawful act.  Relief under the CLRA is specifically limited

6   to those who suffer damage, making causation a necessary element of proof.").

7       Here, Plaintiffs do not allege that they relied on a material representation made by Apple.

8   Indeed, two Plaintiffs point only to an advertising video depicting outdoor use without regard for

9   the temperature, shade, or sunlight.  (FAC ¶¶ 21.c, 26, 30.)  Plaintiffs fail to describe what was

10  stated and even when the advertisement was seen by them.[6]  Although Plaintiffs' FAC avers

11  generally that Plaintiffs "reasonably and justifiably relied on Defendant's misrepresentations

12  when purchasing the iPad" (FAC ¶ 43), it fails to allege with any particularity how Plaintiffs

13  relied upon any specific misleading statements at the time of their purchases.  For example, the

14  FAC alleges that "Representative Plaintiff Claudia Keller purchased the iPad in reliance on

15  APPLE's representations that the device could be used outdoors."  (FAC ¶ 26; *see also* ¶ 30.)  But

16  Plaintiffs point to nothing more than a commercial that depicts, among other things, "outdoor

17  use."  Plaintiffs' characterization of the commercial fails to provide any specific details, and

18  suffers from a complete lack of context, *e.g.*, what was stated and what type of outdoor use was

19  depicted.  Specifically, Plaintiffs fail to allege that Apple promised iPad could be used outdoors at

20  higher temperatures and in direct sunlight, nor could they allege it.

21      Moreover, the FAC focuses on countless post-purchase statements, referencing comments

22  in technology circles (FAC ¶¶ 32-33), a video "commercial" on Apple's website (FAC ¶ 21.d),

23  and even the operating temperatures contained in the product specifications.  (FAC ¶ 21.a.)

24  Plaintiffs do ***not*** allege that they relied on any of this.  Marketing after purchase is irrelevant to

25  the question of whether Apple made false statements to Plaintiffs *before or during* their

26  respective transactions which allegedly induced them to purchase iPads.  *Herrington v. Johnson*

27

28      [6] Unlike Plaintiffs Baltazar and Keller who alleged they saw the commercial referenced in Paragraph 21(c),
    Plaintiff Browning fails to specify what he relied on, when anything was said, or what specifically was said.

-10-

& *Johnson Consumer Cos.*, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010) (plaintiffs must "plead the circumstances in which they were exposed to these statements" and "upon which of these misrepresentations they relied in making their purchase of products."). In light of these considerations, Plaintiffs' CLRA, UCL, and FAL claims should be dismissed.

### 3. Plaintiffs Cannot Plead That Consumers Are Likely To Be Deceived.

Taken together, Plaintiffs have pled generalized reliance on non-specific depictions in a single commercial. Indeed, rather than identify a discrete promise on which Plaintiffs relied, Plaintiffs allege they saw depictions of "outdoor use" but focus on one representation that "[r]eading on iPad is just like reading a book." Because no reasonable consumer would likely be deceived by Apple's marketing as alleged in the FAC, Plaintiffs' claims must fail.

To be actionable, Plaintiffs must allege a reasonable consumer standard similar to the reasonable reliance element of common law fraud. *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1355 (2003) (test is whether the public is "likely to be deceived[.]"); *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (2007) (CLRA). Similarly, under the UCL, "[i]n order to obtain a remedy for deceptive advertising, a [] plaintiff need only establish that members of the public were likely to be deceived by the advertising…. The law focuses on a reasonable consumer who is a member of the target population." *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009). The same standard applies under the FAL. *See Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682 (2006).

Here, no reasonable consumer would believe that iPad, which is an electronic device, is literally "just like reading a book." iPad has no paper pages, for example. But unlike a paper book, it can be read in absolute darkness. Reasonableness can be decided as a question of law. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (affirming 12(b)(6) dismissal of plaintiff's FAL, CLRA, and UCL claims).

According to Plaintiffs, Apple has stated merely that "[r]eading on iPad is just like reading a book" and that iPad has an operating temperature range of 32° to 95° F (0° to 35° C). Plaintiffs have not identified how or why these statements are misrepresentations. Even assuming the truth of Plaintiffs' threadbare allegations (and ignoring Plaintiffs' failure to plead *actual* reliance),

-11-

Plaintiffs' alleged subjective expectation that their iPads would function literally and exactly like a book or within ambient temperature ranges (*e.g.*, the temperature of the surroundings without the addition of direct sunlight) is not actionable under the CLRA, UCL or FAL.  None of Apple's representations, as referenced in the FAC, would lead a reasonable consumer to believe that iPad can be used exactly like a paper book in all environments, or that the temperature ranges would permit solar heating.  *See Werberl*, 2010 WL 2673860, at *4-5 (dismissing on 12(b)(6) motion UCL, CLRA, and FAL claims where no reasonable consumer would likely be deceived).  Plaintiffs' consumer protection claims should be dismissed for this reason alone.

### 4.    Plaintiffs Point To Non-Actionable Puffery.

Similarly, the one alleged misrepresentation – "[r]eading on iPad is just like reading a book" – does not pertain to "specific or absolute characteristics." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997).  Rather, it is properly considered non-actionable puffery. *Tietsworth v. Sears, Roebuck & Co.*, 2010 WL 1268093, at *9 (N.D. Cal. Mar. 31, 2010) (holding washing machine manufacturer's statements that the machines are "designed and manufactured for years of dependable operation" and that they "save you time by allowing you to do fewer, larger loads" were non-actionable puffery); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (holding representations concerning the "outstanding quality, reliability, and performance" of a product were non-actionable puffery.).

In *Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *4-5 (N.D. Cal. Oct. 31, 2006), the district court rejected the plaintiff's false advertising claims based on Hewlett-Packard's description of its Pavilion notebook computer as "[f]unctioning *like* an in-home digital entertainment and photo studio, the Pavilion zd7000 incorporates a high resolution 17-inch widescreen display which allows users to enjoy movies, music, games, art and photography to its fullest." *Id.* (emphasis added).  The court focused exclusively on the "partially factual" portion of the representation that "the Pavilion incorporates a 17-inch widescreen display." *Id.*  Relying on *Anunziato*, the court held that defendant HP's alleged statements were "either (1) non-actionable puffery; or (2) asserted factual statements for which there are no allegations supporting an inference of falsity." *Id.*

-12-

APPLE INC.'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT

Apple's use of an advertising simile "just like a book" points out that some differences exist between the compared things – iPad and printed paper books.  Implicit in the statement is that iPad is *not* a book and necessarily does not have all the exact qualities of a book.  Thus, the statement Plaintiffs cite is non-actionable puffery about iPad because it has no factual component and, even if it could be read literally, there are no allegations to support an inference of falsity.

### C.   Plaintiffs Have Not Alleged An "Unfair" Practice Under The UCL.

To the extent Plaintiffs allege Apple committed an "unfair" practice, false advertising claims are not "unfair" under the UCL.  *See Daugherty*, 144 Cal. App. 4th at 838-39 (holding that plaintiff could not as a matter of law establish that alleged unfair act caused a "substantial injury" because alleged defect did not pose a safety risk).  Similarly, because Plaintiffs do not identify any statute or regulation that requires a manufacturer to adopt certain policies, Plaintiffs' "unfair" prong claims must fail.  *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1556-57 (2007) (sustaining dismissal of "unfair" prong claim because plaintiff did not identify any statute or case law that required defendant to provide breakdown of its fees).  Plaintiffs, in sum, cannot establish a claim under the "unfair" prong of the UCL.

### D.   Plaintiffs' Eighth Cause of Action For Express Warranty Is Equally Flawed.

Similar to Plaintiffs' fraud and fraud-based claims, no reasonable consumer would expect iPad to work in every condition.  Apple's warranty promises nothing to the contrary.[7]

### 1.   Plaintiffs Have Not Alleged Reliance or Breach.

To state a claim for breach of express warranty under California law, a plaintiff must allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty that proximately caused plaintiff's injury.  *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997).

Plaintiffs fail to allege they reasonably relied upon any affirmation of fact Apple made with respect to iPad.  Plaintiffs cite the ambient temperatures referenced in the product specifications, operating "iPad in a place where the temperature is between 0° and 35° C (32° to 95° F)."  (FAC ¶ 82.)  But the only representation allegedly relied on by Plaintiffs are contained

---

[7] RJN & Long Decl. ¶2, Ex. A (Apple's One (1) Year Limited Warranty).

-13-

1   in Paragraph 21.c:  "APPLE released a commercial depicting use of the iPad in various places,

2   including outdoor locations such as a sidewalk café, front steps of a building, and on a grassy

3   lawn, among others."  (*See* FAC ¶¶ 25, 30.)  To the extent Plaintiffs seek to add promotional

4   statements to the "basis of the bargain" between consumers and Apple, Plaintiffs still do not

5   identify what those alleged promises might be.  They identify no allegedly false or misleading

6   statements of fact in advertising or on Apple's website that became part of the bargain.  Similarly,

7   Plaintiffs' express warranty claims are not based on Apple's written One Year Limited Warranty,

8   or on the warranty plus promotional statements.  Plaintiffs' allegations are not sufficient to

9   support their claims for breach of express warranties.  *See Weinstat v. Dentsply Int'l, Inc.*, 180

10  Cal. App. 4th 1213, 1227 (2010) (noting that focus of express warranty claim should be on

11  seller's "affirmations, promises, and descriptions of the goods").  Accordingly, Plaintiffs have

12  failed to state an express warranty claim.

### E.      Plaintiffs' Sixth Cause of Action For Violation of the Song-Beverly Act Also Must Be Dismissed Because There Is No Reliance.

15          Similarly, Plaintiffs have failed to plead a violation of the Song-Beverly Consumer

16  Warranty Act, Cal. Civ. Code § 1790.  Plaintiffs' failure to allege reliance justifies dismissal of

17  their Song-Beverly claim.  *See Tietsworth*, 2009 WL 1363548, at *2, *5 (actual reliance required

18  to state claim).  Accordingly, Plaintiffs' Song-Beverly Act claim must be dismissed.

### F.      Plaintiffs' Ninth Cause of Action For Breach of Implied Warranty Must Be Dismissed Because There Is No Breach.

21          As a matter of law, iPad is merchantable and fit for its ordinary purpose.  Plaintiffs allege

22  without support that their iPads "do not pass without objection in the trade under the descriptions

23  and advertisements provided by APPLE."  (FAC ¶ 112.)  Plaintiffs further allege that iPad is not

24  fit for its ordinary purpose because "it suddenly and unexpectedly stops functioning when it

25  becomes overheated even when used in the approved temperature range, preventing further use

26  until the product sufficient cools[.]"  (FAC ¶ 114.)  The implied warranty of merchantability,

27  however, does not "impose a general requirement that goods precisely fulfill the expectation of

28  the buyer.  Instead, it provides for a minimum level of quality."  *Am. Suzuki Motor Corp. v.*

-14-

APPLE INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  *Superior Ct.*, 37 Cal. App. 4th 1291, 1295 (1995) (citation omitted).  Accordingly, a defect must

2  render the product unfit for its ordinary purpose.  *See id.*

3     Here, Plaintiffs do not allege that their iPads are rendered completely useless or that they

4  have been forced to abandon use of their iPads completely.  To the contrary, Plaintiffs recognize

5  that iPad can be used when "the product sufficiently cools."  (FAC ¶ 114.)  Plaintiffs' allegations

6  fall short of showing that iPad is unusable or fails to serve its ordinary purpose.  *See Kent v.*

7  *Hewlett-Packard Co.*, 2010 WL 2681767, at *4 (N.D. Cal. July 6, 2010) (dismissing implied

8  warranty claims where it was not alleged how often plaintiffs' computers exhibited the problems).

9
10     **G.**  **Plaintiff's Tenth Cause of Action For Unjust Enrichment Must Be Dismissed Because The FAC Fails To Allege Any Misconduct.**

11     Under California law, there is no cause of action for unjust enrichment.  "The phrase

12  'Unjust Enrichment' does not describe a theory of recovery, but an effect:  the result of a failure

13  to make restitution under circumstances where it is equitable to do so."  *Melchior v. New Line*

14  *Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (internal quotations and citations omitted);

15  *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009) ("a cause of action for

16  unjust enrichment is not cognizable under California law.").  Further, due to Plaintiffs' failure to

17  allege any other substantive claim, the unjust enrichment claim must fail.  In *Oestreicher v.*

18  *Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008), the court held that since the plaintiff's

19  fraud, CLRA, and UCL claims failed to state a claim, there was no basis for an unjust enrichment

20  claim.  *Id.* at 975.  Here, since the FAC fails to allege any substantive claim, there is no

21  misconduct upon which to base any theory of recovery for unjust enrichment.  Accordingly,

22  Plaintiffs' unjust enrichment claim should be dismissed.

23  **V.**  **CONCLUSION:  DISMISSAL WITH PREJUDICE IS APPROPRIATE.**

24     The FAC is as flawed as the original Complaint.  The fault is not in the drafting, but in the

25  basis of the claims themselves.  For the reasons set forth above, Plaintiffs' FAC should be

26  dismissed with prejudice.

27

28

1  DATED:  October 29, 2010          PAUL, HASTINGS, JANOFSKY & WALKER LLP

2

3                                    By:_____/s/ Thomas A. Counts_____
                                            THOMAS A. COUNTS
4
                                     Attorneys for Defendant
5                                    APPLE INC.

6  LEGAL_US_W # 66014609.3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-