DAVID M. WALSH (SB# 120761)  davidwalsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

THOMAS A. COUNTS (SB# 148051)  tomcounts@paulhastings.com
ERIC A. LONG (SB# 244147)  ericlong@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. C 10-03231 JSW<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      December 17, 2010<br>Time:     9:00 a.m.<br>Dept.:     Courtroom 11, 19th Floor<br>Judge:    Hon. Jeffrey S. White<br><br>Complaint Filed:  July 23, 2010<br>First Amended Complaint Filed:  October 12, 2010 |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    SUMMARY OF ALLEGATIONS ...................................................................... 1

III.   LEGAL STANDARD .......................................................................................... 2

IV.    PLAINTIFFS' INADEQUATE CLASS ALLEGATIONS SHOULD BE
       STRICKEN ........................................................................................................... 3

       A.     The Proposed Classes Are Not Ascertainable Because The Class
              Definitions Include Members, Including Plaintiffs, Who Have No Injury ............ 3

       B.     The Proposed CLRA and UCL Classes Are Overbroad ........................................ 4

              1.     The CLRA and UCL Do Not Support A Nationwide Class Action ........... 4

              2.     The Classes Include Entities and Business Purchasers Who Cannot
                     Sue Under CLRA ...................................................................................... 5

       C.     The First Amended Complaint Demonstrates That The Class Cannot Be
              Maintained Under Rule 23(b)(3) Because Individual Issues Predominate ............. 6

       D.     The First Amended Complaint Demonstrates That The Class Cannot Be
              Maintained Under Rule 23(b)(2) or 23(b)(1) ........................................................ 8

              1.     Certification Under Rule 23(b)(2) Is Not Appropriate Because The
                     Primary Relief Sought Is Damages ........................................................... 8

              2.     The Class Cannot Be Maintained Under Rule 23(b)(1) ............................ 9

V.     CONCLUSION .................................................................................................... 9

Case No. C 10-03231 JSW

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

# TABLE OF AUTHORITIES

**Page**

## CASES

*Al Barnett & Son, Inc. v. Outboard Marine Corp.*,
  64 F.R.D. 43 (D. Del. 1974)..................................................................9

*Am. Suzuki Motor Corp. v. Superior Ct.*,
  37 Cal. App. 4th 1291 (1995).............................................................3

*Bishop v. Saab Auto. A.B.*,
  1996 WL 33150020 (C.D. Cal. Feb. 16, 1996)....................................3

*California Grocers Ass'n v. Bank of America*,
  22 Cal. App. 4th 205 (1994)...............................................................5

*Cattie v. Wal-Mart Stores, Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007).................................................5

*Cole v. Gen. Motors Corp.*,
  484 F.3d 717 (5th Cir. 2007)..............................................................6

*Denney v. Deutsche Bank AG*,
  443 F.3d 253 (2nd Cir. 2006)..............................................................3

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds, Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994)............................................................................2

*Fertig v. Blue Cross of Iowa*,
  68 F.R.D. 53 (N.D. Iowa 1974)...........................................................8

*Formosa Plastics Corp., USA Inc. v. Presidio Eng'rs & Contractors, Inc.*,
  960 S.W.2d 41 (Tex. 1998).................................................................7

*Green v. Occidental Petroleum Corp.*,
  541 F.2d 1335 (9th Cir. 1976).............................................................9

*Huron Tool and Eng'g Co. v. Precision Consulting Servs., Inc.*,
  532 N.W.2d 541 (Mich. App. 1995)....................................................7

*In re Copper Antitrust Litig.*,
  196 F.R.D. 348 (W.D. Wisc. 2000) .....................................................4

*In re General Motors Corp. Dex-Cool Products Liability Litigation*,
  241 F.R.D. 305 (S.D. Ill. 2007)..........................................................6

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

## TABLE OF AUTHORITIES
### (continued)

Page

*In re Tobacco II Cases,*
46 Cal. 4th 298 (2009) ..................................................................................... 4

*Kamm v. California City Dev. Co.,*
509 F.2d 205 (9th Cir. 1975) ........................................................................... 3

*Kanter v. Warner-Lambert Co.,*
265 F.3d 853 (9th Cir. 2001) ........................................................................... 8

*Kay v. Wells Fargo & Co. N.A.,*
2007 WL 2141292 (N.D. Cal. July 24, 2007) ................................................. 3

*La Mar v. H & B Novelty & Loan Co.,*
489 F.2d 461 (9th Cir. 1973) ........................................................................... 8

*McManus v. Fleetwood Enterprises, Inc.,*
320 F.3d 545 (5th Cir. 2003) ........................................................................... 6

*Nelson v. Todd's Ltd.,*
426 N.W.2d 120 (Iowa 1988) .......................................................................... 7

*Nordberg v. Trilegiant Corp.,*
445 F. Supp. 2d 1082 (N.D. Cal. 2006) ........................................................... 5

*Norwest Mortgage, Inc. v. Superior Ct.,*
72 Cal. App. 4th 214 (1999) ............................................................................ 5

*Patterson v. Mobil Oil Corp.,*
241 F.3d 417 (5th Cir. 2001) ........................................................................... 7

*Sidney-Vinstein v. A.H. Robins Co.,*
697 F.2d 880 (9th Cir. 1983) ........................................................................... 2

*Tietsworth v. Sears, Roebuck and Co.,*
2010 WL 1268093 ............................................................................................ 3

*Tober v. Charnita, Inc.,*
58 F.R.D. 74 (M.D. Pa. 1973) .......................................................................... 9

### RULES

Federal Rule of Civil Procedure 12(f) ..................................................................... 2

Federal Rule of Civil Procedure 23 ................................................................... 2, 4

Federal Rule of Civil Procedure 23(a) ................................................................... 3

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

# TABLE OF AUTHORITIES
## (continued)

**Page**

Federal Rule of Civil Procedure 23(a)(2) ......................................................................... 6

Federal Rule of Civil Procedure 23(b) ............................................................................. 3

Federal Rule of Civil Procedure 23(b)(1) .................................................................... 1, 9

Federal Rule of Civil Procedure 23(b)(1)(A) .................................................................. 9

Federal Rule of Civil Procedure 23(b)(2) ............................................................... 1, 8, 9

Federal Rule of Civil Procedure 23(b)(3) ............................................................... 1, 6, 7

Federal Rule of Civil Procedure 23(c)(1)(A) .................................................................. 2

Federal Rule of Civil Procedure 23(d)(1)(D) ................................................................. 2

### STATUTES

California Civil Code § 1761(d) ....................................................................................... 5

California Civil Code § 1780(a) ........................................................................................ 5

### OTHER AUTHORITIES

United States Constitution, Article III .......................................................................... 3, 4

-iv-

1    **<u>NOTICE OF MOTION AND MOTION TO STRIKE</u>**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE THAT on December 17, 2010 at 9:00 a.m. in Courtroom 11 of

4    the United States District Court for the Northern District of California, located at 450 Golden

5    Gate Ave., San Francisco, California 94102, before the Honorable Judge Jeffrey S. White,

6    Defendant Apple Inc. ("Apple") will and hereby does move to strike paragraphs 10–12 (class

7    action allegations) of Plaintiffs' First Amended Complaint.

8        This Motion is based on Federal Rules of Civil Procedure 12(f), 23(a), 23(b), 23(c)(1)(A),

9    and 23(d)(1)(D); this Notice of Motion and Motion; the attached Memorandum of Points and

10   Authorities; Apple's Request for Judicial Notice and the Declaration of Eric A. Long, filed

11   concurrently herewith; the First Amended Complaint; and the pleadings, papers and other

12   documents on file in this action along with any evidence and argument presented at the hearing in

13   this matter.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF ISSUES

1.     Whether the class allegations should be stricken for lack of an ascertainable class because the class includes members who have no injury, and therefore have no standing to sue.

2.     Whether California Civil Code Section 1750, *et. seq.*, California's Consumers Legal Remedies Act ("CLRA"), and California Business and Professional Code Section 17200, *et seq.*, California's Unfair Competition Law ("UCL"), support the nationwide class action Plaintiffs allege in the First Amended Complaint.

3.     Whether the class allegations should be stricken because, under Federal Rule of Civil Procedure 23(b)(3), individual issues predominate and a class action is not the superior method for the adjudication of rights.

4.     Whether the class allegations should be stricken because the class cannot be maintained under Federal Rule of Civil Procedure 23(b)(2) as the primary relief sought is damages.

5.     Whether the class allegations should be stricken because the class cannot be maintained under Federal Rule of Civil Procedure 23(b)(1) as the primary relief sought is damages and individual issues predominate.

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   <u>INTRODUCTION</u>**

3      In an effort to avoid Defendant Apple Inc.'s prior motion to dismiss and motion to strike

4   various aspects of their original Complaint, Plaintiffs filed a First Amended Complaint ("FAC").

5   Plaintiffs' amendments, however, fail to properly state any claim against Apple as discussed in

6   Apple's concurrently filed Motion To Dismiss.  The FAC also still contains inadequate class

7   allegations that attempt to expand the litigation well beyond its permissible scope and should

8   otherwise be stricken as redundant and immaterial.  As shown below, Plaintiffs' class allegations

9   will mire this Court in a morass of conflicting laws and numerous individual issues that would

10  inhibit – not promote – judicial economy.  Accordingly, the Court should strike Plaintiffs'

11  nationwide and California class allegations from the FAC.

12      Plaintiffs' class allegations should be stricken in their entirety for at least four reasons.

13  ***First***, the class is not ascertainable because it includes members who have not experienced any

14  alleged overheating problem with their iPads.[1]  Such members have no injury and thus no

15  standing to sue.  ***Second***, Plaintiffs improperly seek to pursue claims under the CLRA and UCL

16  on a nationwide class basis.  ***Third***, the class is not maintainable under Rule 23(b)(3) because a

17  nationwide class action for fraud and warranty claims is simply not a "superior" mechanism for

18  the adjudication of rights, as required by Rule 23(b)(3).  ***Fourth***, the class is not maintainable

19  under Rules 23(b)(1) or Rule 23(b)(2).  These types of class actions are not suitable for actions

20  where, as here, recovery of money damages is the primary relief sought by the plaintiffs.

21

**II.   <u>SUMMARY OF ALLEGATIONS</u>**

22      This action is based on allegations that Apple falsely advertised its iPad mobile device.

23  Plaintiffs Jacob Baltazar, Claudia Keller, and John R. Browning allege they purchased iPads.

24  (FAC ¶ 4.)  Plaintiffs further allege they did not receive the full value of the product, "as

25  promised by APPLE."  *Id.*  Specifically, Plaintiffs claim "iPad does not live up to the reasonable

26      [1] iPad is a multi-purpose mobile device for browsing the web, reading and sending email, viewing photos,
27  watching videos, listening to music, playing games, reading e-books and more.  iPad is based on the Apple's Multi-
Touch™ technology, has a 9.7-inch LED-backlit display, is 0.5 inches thick and weighs 1.5 pounds.  iPad is available
in two models, one with Wi-Fi connectivity and the other with both Wi-Fi and 3G connectivity.  Both versions of
28  iPad became available in the U.S. in April 2010.

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

1  consumer's expectations created by APPLE insofar as the iPad overheats so quickly under

2  common weather conditions[.]"  (FAC ¶ 22.)

3      Plaintiffs purport to allege ten claims on behalf of themselves and putative nationwide and

4  California-only classes including all purchasers of iPad.  Plaintiffs' statutory claims for violations

5  of the UCL, FAL, CLRA, and Song-Berverly Act overlap with their other claims of fraud and

6  breach of warranty.  Plaintiffs allege fraud and fraud-based claims based on Apple's "internet,

7  television, and [] written materials" and "promotional statements, representations and

8  demonstrations regarding the iPad" were false.  (FAC ¶¶ 21, 106.)  Plaintiffs also allege on

9  information and belief that Apple intended to "advertise and market the iPad as a direct (and

10  superior) competitor to other tablet computers and/or e-readers (e.g., the Amazon Kindle)."  (FAC

11  ¶ 19.)

12      The FAC alleges both nationwide and California-only putative classes, seeking damages,

13  restitution, injunctive relief, as well as punitive relief pursuant to Rule 23 on behalf of the

14  following two classes:  (1) "**All persons who purchased, within the State of California, Apple,**

15  **Inc.'s iPad tablet computer**" and (2) "**All persons who purchased, within the United States,**

16  **Apple, Inc.'s iPad tablet computer**" (FAC ¶ 10.)  Plaintiffs' Song-Berverly Act claim is their

17  only cause of action alleged on behalf of only the California class.

18  **III.**    **LEGAL STANDARD**

19      Federal Rule of Civil Procedure 12(f) provides that a court may strike from any pleading

20  "any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f)

21  motion to strike is to avoid the expenditure of time and money that must arise from litigating

22  spurious issues by dispensing with those issues prior to trial[.]"  *Fantasy, Inc. v. Fogerty*, 984

23  F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds, Fogerty v.*

24  *Fantasy, Inc.,* 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th

25  Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money

26  that must arise from litigating spurious issues").  Here, the Court should strike Plaintiffs' class

27  action allegations because they are inadequate.

28      Under Federal Rule of Civil Procedure 12(f), Rule 23(c)(1)(A), and Rule 23(d)(1)(D), this

-2-     APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

1   Court has authority to strike class allegations prior to discovery if the complaint demonstrates that

2   a class action cannot be maintained.  Numerous courts have exercised that authority and

3   dismissed class allegations at the pleading stage where, as here, the decision is easily reached

4   based on the allegations pled in the complaint and matters in the public record.  *See, e.g.*, *Kay v.*

5   *Wells Fargo & Co. N.A.*, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (granting motion to

6   strike; "Class allegations can, however, be stricken at the pleading stage."); *Kamm v. California*

7   *City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975); *Tietsworth v. Sears, Roebuck and Co.*, 2010

8   WL 1268093, at *19 (N.D. Cal. Mar. 31, 2010 ("Court has authority to strike class allegations

9   prior to discovery if the complaint demonstrates that a class action cannot be maintained.").

10         The requirements for certifying a class action are well-established.  To certify a class, the

11   class must be ascertainable.  *Bishop v. Saab Auto. A.B.*, 1996 WL 33150020, at *4 (C.D. Cal. Feb.

12   16, 1996).  In addition, the requirements under Rule 23(a) must be satisfied.  Finally, Plaintiffs

13   must satisfy one of the more stringent prerequisites set forth in Rule 23(b).

14   **IV.   PLAINTIFFS' INADEQUATE CLASS ALLEGATIONS SHOULD BE STRICKEN.**

15      **A.   The Proposed Classes Are Not Ascertainable Because The Class Definitions**
16           **Include Members, Including Plaintiffs, Who Have No Injury.**

17         "[N]o class may be certified that contains members lacking Article III standing."  *Denney*

18   *v. Deutsche Bank AG*, 443 F.3d 253, 264 (2nd Cir. 2006).  Courts "refuse[] to include in the class

19   those purchasers who have suffered no injury, simply because they allege that they have

20   purchased a product which 'tends to' cause injury."  *Bishop*, 1996 WL 33150020, at *5 ("'[T]he

21   courts [are] not…available to those who have suffered no harm at the hands of them against

22   whom they complain.  They have no standing to sue,'" (*id.*)); *see Am. Suzuki Motor Corp. v.*

23   *Superior  Ct.*, 37 Cal. App. 4th 1291, 1299 (1995) (holding that it was error to include in the class

24   those who experienced no injury; "To hold otherwise would, in effect, contemplate indemnity for

25   a potential injury that never, in fact, materialized.").

26         Article III standing is an irreducible minimum threshold all federal court representative

27   plaintiffs and class members must meet.  Here, the proposed class includes purchasers who have

28   suffered no injury.  Plaintiffs define two identical classes, with the exception that one includes all

-3-

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

1  who purchased in the United States and the other is limited to all who purchased in California.

2  (FAC ¶ 10 ("[a]ll persons who purchased . . . [Apple's] iPad tablet computer").)  Plaintiffs'

3  definitions include persons who have not experienced the alleged overheating phenomenon

4  identified in the FAC, as well as members who did not rely on any of the alleged misleading

5  advertisements.  Those who have not experienced any purported overheating, and those who did

6  not rely on the information Apple allegedly misrepresented, have no injury in fact and, thus, no

7  Article III standing to sue.[2]

8         Because the putative classes Plaintiffs have defined are not limited to those who

9  experienced any purported thermal shutdown and relied on the advertising alleged to be at issue,

10  they contain members who lack Article III standing and are not ascertainable; thus, the class

11  allegations as pled should be stricken.

12         **B.        The Proposed CLRA and UCL Classes Are Overbroad.**

13         One of the material revisions Plaintiffs made in the FAC purports to expand their prior

14  California-only classes to nationwide classes under California's consumer protection statutes, the

15  CLRA and the UCL.  Plaintiffs' attempt to extend the scope of their class action beyond

16  California under these statutes must fail.  Neither the CLRA nor the UCL support a nationwide

17  class.  In addition, the CLRA applies only to "consumers."  But Plaintiffs' proposed classes

18  consist of all "persons" who purchased iPads, regardless of the purpose for which iPad was

19  purchased and includes entity purchasers who have no claims.

20         **1.        The CLRA and UCL Do Not Support A Nationwide Class Action.**

21         By extending their claims under the CLRA and UCL to nationwide classes, Plaintiffs ask

22  _____

23  [2] In California state court class actions filed under the UCL, state law permits uninjured individuals to be class members, so long as the class representative has established standing.  *See In re Tobacco II Cases*, 46 Cal. 4th 298 (2009).  Based on the California Supreme Court's decision in *In re Tobacco II*, Plaintiffs here may contend that their

24  class allegations should survive.  The result, however, is very different in federal court.  *In re Tobacco II* did not alter Federal Rule 23 requirements for class membership, nor could the state court purport to decide the uniquely federal

25  court standing issue under Article III.  In contrast to California law, which may now permit absent class members who have not lost money or property as a result of false advertising to be represented in UCL representative actions

26  in California state courts, the result under federal law is different.  Under established federal constitutional principles, class members in federal class actions such as this must still have Article III standing, which includes injury in fact.

27  Rule 23 requires it as well.  *In re Copper Antitrust Litig.*, 196 F.R.D. 348, 353 (W.D. Wisc. 2000) ("Implicit in Rule 23 is the requirement that the plaintiffs and the class they seek to represent have standing.").  Plaintiffs' FAL and

28  CLRA claims suffer the same defect.

APPLE INC.'S NOTICE OF MOT. AND MOT.
                                              TO STRIKE CLASS ALLEGATIONS IN FAC

1   this Court to apply California law to sales that occurred outside California between Apple and

2   non-California consumers.  A nationwide class is improper under these statutes, and the Court

3   should strike such allegations from the FAC.

4       In *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007), the court

5   found that only conduct "emanating from California may give rise to a CLRA cause of action."

6   *See also Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1096 (N.D. Cal. 2006) (holding that

7   only plaintiffs residing in California have standing to enforce the CLRA).  Similarly, the UCL

8   does not reach conduct that occurs outside the state, and a UCL class action cannot extend to non-

9   resident plaintiffs who purchased iPads outside of California.  In *Norwest Mortgage, Inc. v.*

10   *Superior Ct.*, 72 Cal. App. 4th 214, 222-26 (1999), the court held that the trial court erred in

11   certifying a nationwide class that included non-resident plaintiffs who purchased the product at

12   issue outside California.  The court in *Norwest Mortgage* concluded that the UCL was not

13   intended by the California legislature to reach conduct beyond California's borders.  *Id.* at 223.

14       The nationwide class alleged under the CLRA and UCL should be stricken.

15         **2.**      **The Classes Include Entities and Business Purchasers Who Cannot**

16                **Sue Under CLRA.**

17       California Civil Code section 1780(a) provides that only "consumers" may assert a claim

18   under the CLRA.  "Consumer" means "an individual."  Cal. Civ. Code § 1761(d) (defining

19   "consumer" as an "individual who seeks or acquires, by purchase or lease, any goods or services

20   for personal, family, or household purposes.").  Entities, however, are not "consumers" under the

21   CLRA.  *California Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (holding

22   organizations cannot bring CLRA claim).  And non-entity individual purchasers must have

23   bought the goods for "personal, family, or household purposes."  *Id.* § 1761(d).

24       Plaintiffs' nationwide and California classes include all "persons," which includes entity

25   purchasers as well as individuals who bought for business purposes.  Only individual consumers

26   who purchased for personal or family use can state claims under the CLRA.

27

28

Case No. C 10-03231 JSW

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

**C.**   **The First Amended Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(3) Because Individual Issues Predominate.**

Rule 23(b)(3) requires commonality of issues – that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Rule 23(a)(2) also requires commonality of issues.  Thus, where individual issues predominate and a class action is not the superior method available, the class should not be maintained under Rule 23(b)(3).

Here, the putative nationwide class would require the Court to engage in individual inquiries to determine which members need to be excluded based on certain criteria.  The requirement of this analysis is why federal courts routinely refuse to certify class actions, holding that a nationwide class action is not the superior method for the adjudication of rights in cases involving fraud and warranty claims.  *See Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724-30 (5th Cir. 2007).[3]

For example, in *McManus v. Fleetwood Enterprises, Inc.,* 320 F.3d 545 (5th Cir. 2003), the Fifth Circuit reversed a district court's certification of a class seeking money damages for fraudulent concealment and breach of warranty.  *Id.* at 546.  Plaintiffs' theory was that Jeep's representations on the "door tag" regarding the towing capacity of the Jeep Cherokee constituted an express warranty.  *Id.* at 547.  The court affirmed the denial of class treatment, explaining that:

> Although the precise level of reliance required under Texas law to recover for breach of express warranty is unclear, purchasers who understood the towing limitations, or who did not read or consider the wardrobe door tag, cannot be said to have relied on the allegedly misleading wardrobe tag to *any* extent.  Thus, the [plaintiffs] have failed to show that the representations were part of the "basis of the bargain" to such a uniform extent that class certification is appropriate under Rule 23(b)(3) for the breach of

---

[3] In *In re General Motors Corp. Dex-Cool Products Liability Litigation*, 241 F.R.D. 305 (S.D. Ill. 2007), the district court denied certification of a nationwide class seeking damages for an alleged breach of an express warranty. The court did a thorough analysis of the various states' approaches to the law of warranties and found significant differences across the states.  *Id.* at 321-23.  Ultimately, the court concluded that "[i]n view of the significant variations with respect to the law of warranty among the states in the proposed class, the Court's path is clear.  The Seventh Circuit Court of Appeals has warned repeatedly in recent years *against* the certification of unwieldy multi-state classes, holding that the difficulties inherent in applying the laws of numerous states to the class claims defeat both predominance and manageability."  *Id.* at 324 (emphasis added).

Case No. C 10-03231 JSW

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

express warranty claim.

*Id.* at 550 (emphasis in original).  The court's reasoning makes eminent sense when taken within the larger understanding that "[c]laims for money damages in which individual reliance is an element are poor candidates for class treatment, at best." *Patterson v. Mobil Oil Corp.*, 241 F.3d 417, 419 (5th Cir. 2001).  As set forth in Apple's concurrently filed Motion To Dismiss, individual reliance is an element of several of Plaintiffs' claims.  Accordingly, the class cannot be maintained under Rule 23(b)(3) and the class allegations should be stricken.

Here, Plaintiffs allege both tort claims (fraud, intentional misrepresentation, negligent misrepresentations) and contract claims (breach of express warranty) based on the same underlying conduct.  The analysis of these claims could be complicated when the laws of the fifty states are considered as part of the nationwide class allegations.  Michigan, for example, "hold[s] that plaintiff may only pursue a claim for fraud in the inducement extraneous to the alleged breach of contract." *Huron Tool and Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 546 (Mich. App. 1995).  Texas, by contrast, holds that "tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Formosa Plastics Corp., USA Inc. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).  Iowa, rather than deploying a definitive rule, looks to the nature of the alleged wrongdoing and the nature of the alleged loss to determine whether contract or tort law principles govern. *Nelson v. Todd's Ltd.*, 426 N.W.2d 120, 125 (Iowa 1988).  On the one hand, Iowa applies contract principles when "the [alleged] loss relates to a consumer or user's disappointed expectations due to deterioration, internal breakdown or non-accidental cause[.]" *Id.*  On the other hand, Iowa applies tort principles "when the harm is a sudden or dangerous occurrence, frequently involving some violence or collision with external objects, resulting from a genuine hazard in the nature of the product defect." *Id.*

Taken together, the laws of just these three states exemplify the unmanageability of a nationwide-class when breach of warranty claims are alleged with false advertising and fraud claims.  It further demonstrates why such class actions are disfavored and courts are willing to

APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

1    strike those allegations from a complaint at the beginning of a case. Looking at three states on

2    only *one* issue, three different legal standards exist.

3        Because individual issues predominate, Plaintiffs' nationwide class is not the superior

4    method for the adjudication of rights; thus, the class allegations should be stricken.

5        **D.**      **The First Amended Complaint Demonstrates That The Class Cannot Be**
                       **Maintained Under Rule 23(b)(2) or 23(b)(1).**

6

7          **1.**      **Certification Under Rule 23(b)(2) Is Not Appropriate Because The**
                         **Primary Relief Sought Is Damages.**

8        A class may be certified pursuant to Rule 23(b)(2) only if "the party opposing the class

9    has acted or refused to act on grounds that apply generally to the class, so that final injunctive

10    relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" But

11    Rule 23(b)(2) is reserved for cases where injunctive relief is the primary relief sought. *Kanter v.*

12    *Warner-Lambert Co*., 265 F.3d 853, 860 (9th Cir. 2001) ("In Rule 23(b)(2) cases, monetary

13    damage requests are generally allowable only if they are merely incidental to the litigation.")

14    (citing 5 Moore's § 23.43[3][a] at 23-196); *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461,

15    466 (9th Cir. 1973)) (Rule 23(b)(2) "pertains to situations in which money damages are not the

16    relief sought"). Where an individual examination of each damage claim would be required,

17    certification under Rule 23(b)(2) is not appropriate. *Fertig v. Blue Cross of Iowa*, 68 F.R.D. 53,

18    51 (N.D. Iowa 1974) ("Rule 23(b)(2) is simply not designed to require the Court to examine the

19    particular circumstances affecting each individual member of the class.") (quoting *Baham v.*

20    *Southern Bell Tel. & Tel. Co*., 55 F.R.D. 478 (W.D. La. 1972)). Further, certification under Rule

21    23(b)(2) is inappropriate where plaintiff will likely accomplish the essential goal in the litigation

22    "without the added spur of an injunction." *Kanter v. Warner-Lambert Co*., 265 F.3d at 860.

23        Here, Plaintiffs primarily seek money damages which will require an individual

24    examination of each claim. Plaintiffs' request for injunctive relief is simply incidental to their

25    flawed UCL and CLRA claims. Each claim for damages necessarily includes an individual

26    examination of each class member's damages. For example, Plaintiffs seek damages for alleged

27    fraud and breach of express warranty. Any actual damages award necessarily requires an

28    individual determination of, among other things, the cost to replace each class member's iPad and

-8-
APPLE INC.'S NOTICE OF MOT. AND MOT.
TO STRIKE CLASS ALLEGATIONS IN FAC

1   the cost that each class member has allegedly incurred as a result of the alleged performance

2   limitation – all individualized and particularized inquiries for each individual class member.  Any

3   relief would be premised on the nebulous concept that Plaintiffs have not gotten everything they

4   expected from the product purchased because Plaintiffs do not allege that iPad is completely

5   useless or inoperable.  Indeed, the FAC concedes that this case requires an individualized

6   examination of damages.  (FAC "Relief Sought" ¶¶ 3, 10 (seeking "damages in the amount to be

7   proven at trial" to Representative Plaintiffs and members of both Classes).)  Recovery of money

8   damages is the primary goal of the lawsuit.  Therefore, this action is not suitable for class

9   treatment under Rule 23(b)(2) and the class allegations should be stricken.

10                  **2.      The Class Cannot Be Maintained Under Rule 23(b)(1).**

11              Actions for money damages also rarely qualify for certification under Rule 23(b)(1).  This

12   is because "ordinarily there is neither the risk under Rule 23(b)(1)(A) of 'inconsistent or varying

13   adjudications' which would 'establish incompatible standards of conduct for the party opposing

14   the class,' nor of adjudications impairing the rights of class members to protect their interests

15   under (b)(1)(B) of Rule 23."  *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th

16   Cir. 1976) (finding certification for money damages action under Rule 23(b)(1) improper) (citing

17   *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973)).  Further, "[c]ertification

18   under 23(b)(1) should properly be confined to those causes of action in which there is a total

19   absence of individual issues."  *Tober v. Charnita, Inc.*, 58 F.R.D. 74, 81 (M.D. Pa. 1973); *see*

20   *also Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 64 F.R.D. 43, 53 (D. Del. 1974).

21              As explained above, the primary relief sought is money damages and individual issues

22   predominate.  Accordingly, Plaintiffs' class allegations under Rule 23(b)(1) should be stricken.

23   **V.   CONCLUSION**

24              For all of the reasons stated above, the Court should strike from Plaintiffs' First Amended

25   Complaint all class allegations.

26

27

28

                                     -9-              APPLE INC.'S NOTICE OF MOT. AND MOT.
                                                      TO STRIKE CLASS ALLEGATIONS IN FAC

1   DATED:  October 29, 2010      PAUL, HASTINGS, JANOFSKY & WALKER LLP

2

3                            By: _____ /s/ Thomas A. Counts _____

                                  THOMAS A. COUNTS

4

5                           Attorneys for Defendant
                           APPLE INC.

6   LEGAL_US_W # 66062333.2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 10-03231 JSW           APPLE INC.'S NOTICE OF MOT. AND MOT.
                                         TO STRIKE CLASS ALLEGATIONS IN FAC