Scott Edward Cole (S.B. # 160744)
Matthew R. Bainer, Esq. (S.B. # 220972)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email:  scole@scalaw.com
email:  mbainer@scalaw.com
email:  hsalassi@scalaw.com
web: www.scalaw.com

Attorneys for the Representative Plaintiffs
and the putative Plaintiff Classes

David M. Walsh (S.B. # 120761)  davidwalsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Thomas A. Counts (S.B. # 148051)  tomcounts@paulhastings.com
Eric A. Long (S.B. # 244147)  ericlong@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441

Attorneys for Defendant
Apple, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendants | Case No. CV-10-03231-JF<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: December 17, 2010<br>Time: 10:30 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |

Plaintiffs Jacob Baltazar, Claudia Keller and John R. Browning ("Plaintiffs"), individually and as putative class representatives, and defendant Apple Inc. ("Defendant") hereby submit this Case Management Conference Statement pursuant to Federal Rules of Civil Procedure ("F.R.C.P") Rule 26(f) and Local Rule 16-9. On November 24, 2010, the parties, through their respective counsel of record, met and conferred and discussed the issues prescribed in Federal Rules of Civil Procedure 16(b) and 26(f).

**INTRODUCTORY STATEMENT**

This is a putative class action. Plaintiffs filed this lawsuit in this Court on July 23, 2010. Defendant filed a Motion to Dismiss and a Motion to Strike Class Allegations on September 20, 2010. Plaintiffs filed a First Amended Complaint on October 12, 2010 and Defendant filed a second Motion to Dismiss and Motion to Strike Class Allegations on October 29, 2010. Defendant's motions have not been heard by the Court and no Answer has been filed.

**I.     JURISDICTION AND SERVICE**

Plaintiffs allege the following: This Court has jurisdiction over the subject matter of this action under 28 USC § 1332 (diversity jurisdiction) and/or 28 USC § 1331 (controversy arising under Unites States law). Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367. All parties herein have been properly served.

**II.     FACTS**

On July 23, 2010, Representative Plaintiffs Jacob Baltazar, Claudia Keller and John Browning filed a purported class action complaint on behalf of themselves and putative classes (collectively referred to as "class members") consisting of all purchasers of iPad in the State of California and all purchasers of iPad in the United States. Plaintiffs allege that Defendant disseminated false and misleading advertising regarding iPad, which does not function under the environmental conditions represented by Defendant. Plaintiffs further allege that the functionality limitations are a breach of Defendant's express and implied warranties regarding iPad. Defendant disputes Plaintiffs' claims and that this case is suitable for class certification.

The parties disagree regarding whether the advertising depicting iPad's use in outdoor conditions was false, misleading and/or material to purchasers, whether Defendant had a duty to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  disclose the functionality limitations of iPad and whether the temperature restrictions provided in
2  iPad's product specifications create express and/or implied warranties.  Plaintiffs contend that
3  Defendant breached its common law and statutory duties by engaging in false and misleading
4  advertising and fraudulent conduct.  Defendant denies these allegations and further denies that
5  this case may be maintained as a class action.

6  <u>Plaintiffs' Statement:</u> Representative plaintiffs Jacob Baltazar, Claudia Keller and John
7  Browning, like the class members in the operative Complaint, are purchasers of the Apple iPad, a
8  tablet computer. Plaintiffs allege that Defendant disseminated false and misleading advertising
9  regarding the iPad, which does not function under the environmental conditions represented by
10 Defendant. Plaintiffs further allege that the functionality limitations are a breach of Defendant's
11 express and implied warranties regarding the iPad. If Defendant had accurately represented the
12 functionality limitations of the iPad, Plaintiffs would not have purchased the device at all, or not
13 at the price paid. Accordingly, Plaintiffs allege common law fraud and related causes of action,
14 breaches of warranty, as well as violations of California consumer-protection statutes prohibiting
15 false and misleading advertising and fraudulent conduct. Plaintiffs bring this action on behalf of
16 themselves individually and on behalf of two classes of persons similarly situated: 1) purchasers
17 of the iPad within the State of California, and 2) purchasers of the iPad within the United States.

18 <u>Defendant's Statement:</u>  iPad is a multi-purpose mobile device for browsing the web,
19 reading and sending email, viewing photos, watching videos, listening to music, playing games,
20 reading e-books and more.  iPad is based on the Apple's Multi-Touch™ technology, has a 9.7-
21 inch LED-backlit display, is 0.5 inches thick and weighs 1.5 pounds.  iPad is available in two
22 models, one with Wi-Fi connectivity and the other with both Wi-Fi and 3G connectivity.  Both
23 versions of iPad became available in the U.S. in April 2010.

24 Among other things, Apple designs, manufactures, and sells iPad.  Apple provides a
25 limited, one-year express warranty for iPad.  The terms and conditions of Apple's express
26 warranty, which are included with every product sold and are posted on Apple's website,
27 specifically exclude any implied warranties, including the implied warranty of merchantability.
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-3-
Case No. CV-10-03231-JF                                   Joint Case Management Conference Statement

1   Plaintiffs allege that Apple's sale of iPad constitutes actionable fraud and a breach of
2   warranty because iPad allegedly does not perform as expected when operated in "particular
3   environmental conditions." It appears Plaintiffs' allegation is that iPad overheats in the allegedly
4   "common" use condition of direct sunlight at certain temperatures – although the First Amended
5   Complaint ("FAC") fails to describe adequately any promises made by Apple regarding this
6   allegedly "common" use condition or how or why any statements could have defrauded
7   Plaintiffs.

8   Apple denies that any statements described in the FAC are false; denies the allegations
9   that it failed to disclose any alleged "functionality limitations" or that it misrepresented the
10  nature of iPad, and specifically denies that Plaintiffs are entitled to any relief whatsoever under
11  the FAC.

12  **III.    LEGAL ISSUES**

13  <u>Plaintiffs' position:</u> The principal legal issue is whether Defendant's advertising and
14  product specifications for the iPad are false and/or misleading and whether the iPad's
15  functionality limitations are a breach of express and/or implied warranties. Plaintiffs contend that
16  Defendant's advertising and product specifications constitute fraud, intentional
17  misrepresentation, negligent misrepresentation, unjust enrichment and breach of express and
18  implied warranties. Plaintiffs further contend that Defendant's advertising constitutes a violation
19  of California's consumer-protection statutes, including California Business and Professions Code
20  § 17500, et seq., California Civil Code § 1750, et seq., California Civil Code § 1790, et seq. and
21  California Business and Professions Code § 17200-17208.

22  <u>Defendant's position:</u> Apple has not yet answered the FAC. Apple's Motion to
23  Dismiss and Motion to Strike are pending. Because the pleadings are not yet established, it is
24  premature to identify what relevant legal issues may survive, if any.

25  Apple has raised the following legal issues at the pleading stage, and reserves its right to
26  identify additional legal issues relating to the merits if the case survives Apple's pleading
27  challenges:
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1. Whether the First, Second and Third Causes of Action for fraud, intentional misrepresentation, and negligent misrepresentation fail to state a claim because (a) Plaintiffs have not alleged a false statement of fact, (b) Plaintiffs have not alleged reliance, and (c) Plaintiffs have not pleaded the claims with sufficient particularity under Rule 9(b).

2. Whether the Fourth, Fifth, and Seventh Causes of Action for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq., California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, fail to state claims because Plaintiffs failed (a) to plead facts sufficient to state a claim, (b) to allege a duty to disclose, and (c) to state allegations of reliance.

3. Whether the Seventh Cause of Action for violation of the UCL should be dismissed because Plaintiffs fail to plead facts sufficient to state a claim under the "unfair" prong of the UCL.

4. Whether the Eighth Cause of Action for Breach of the Express Warranty fails to state a claim because Plaintiffs have identified no reliance and no breach.

5. Whether the Ninth Cause of Action for Breach of the Implied Warranty of Merchantability and/or Fitness fails to state a claim because iPad is both merchantable and fit for its ordinary purpose.

6. Whether the Sixth Cause of Action for violation of the Song-Beverly Consumer Warranty Act should be dismissed because Plaintiffs fail to plead facts sufficient to state a claim.

7. Whether the Tenth Cause of Action for Unjust Enrichment fails to state a claim because the First Amended Complaint fails to allege any misconduct resulting in Apple's enrichment.

**IV.     MOTIONS**

**A. Prior Motions**

Defendant previously filed a Motion for Intradistrict Venue Transfer, resulting in the transfer of this case to the San Jose Division of this Court. Defendant filed a Motion to Dismiss

1 and Motion to Strike Class Allegations on September 20, 2010. Plaintiffs filed a First Amended
2 Complaint on October 12, 2010.

### B. Pending Motions

Defendant filed a Motion to Dismiss and Motion to Strike Class Allegations on October 29, 2010. Apple's Motions are set for hearing on January 28, 2011, at 9:00 a.m. No other motions have been filed.

### C. Anticipated Motions

<u>Plaintiffs' Statement:</u> The parties may file dispositive motions such as motions for summary judgment and/or adjudication. Plaintiffs expect to request, and Defendant expects to oppose, a request to certify the action as a class action. As the parties have not yet conducted any formal discovery or exchanged Initial Disclosures, Plaintiffs believe it is premature to propose specific deadlines for filing any motions.

<u>Defendant's Statement:</u> As stated above, Apple has filed a Motion to Dismiss and a Motion to Strike Plaintiffs' FAC based on the deficient allegations of the FAC. In the event these motions are denied, Apple intends to file a motion for summary judgment.

### V. AMENDMENT OF PLEADINGS

<u>Plaintiffs' Position:</u> Plaintiffs filed a First Amended Complaint on October 12, 2010. At this time, Plaintiffs do not foresee the addition of parties to the action or further amendments to the pleadings (barring further guidance and/or an Order of this Court). However, the Court may require further amendment and/or Plaintiffs may identify such a need through the discovery process. As such, Plaintiffs believe it is premature to set a deadline or otherwise limit the joinder of parties, or to further amend the pleadings at this time.

<u>Defendant's Position:</u> Apple proposes that the Court set a deadline for any further amendment to the pleadings after ruling on Apple's Motion to Dismiss and Motion to Strike.

### VI. EVIDENCE PRESERVATION

The parties confirm that they have taken appropriate steps to preserve evidence, including electronically-maintained evidence.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**VII. DISCLOSURES**

The parties have met and conferred regarding the initial disclosure requirements of Fed. R. Civ. P. 26(f) and will exchange such disclosures within the statutorily-required time-frame.

**VIII. DISCOVERY**

No discovery has commenced. The parties agree that no modification of the discovery rules are necessary at this time, but wish to reserve their right to seek modification of this position upon a showing of good cause.

<u>Plaintiffs' Statement:</u> Since the parties have not exchanged Initial Disclosures and since the pleadings have yet to be settled, Plaintiffs believe it is premature to propose a discovery plan. Plaintiffs propose that the parties exchange their Initial Disclosures, begin formal discovery, allow the Court to rule on all outstanding pleadings challenges, and then meet and confer regarding appropriate discovery deadlines. Notwithstanding the foregoing, Plaintiffs do not believe that discovery should be conducted in phases or be limited to any particular issue(s) at this time. Plaintiffs anticipate a request for additional depositions of Apple's representatives. Plaintiffs anticipate Defendant will request an Order be entered to protect the confidentiality of sensitive information/evidence that may be disclosed during litigation. The parties expect to meet and confer regarding the terms of such an Order.

<u>Defendant's Statement:</u> The parties disagree about when discovery should commence. Apple believes that discovery should commence once the Court has ruled on Apple's Motion to Dismiss and Motion to Strike and Apple has actually answered the final version of the complaint. Apple believes it would be inefficient to conduct discovery before the parties know what claims (if any) will survive the motions and whether the class allegations will be stricken or modified.

Apple reserves the right to move to limit the scope of discovery on the basis that it is not relevant to class certification. Apple will be seeking discovery related to the class representatives and other class certification issues, as well as the merits of Plaintiffs' claims. In addition, the parties are currently negotiating a stipulated protective order with respect to discovery and disclosures made in this action.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### IX. CLASS ACTIONS

<u>Plaintiffs' position:</u> Plaintiffs provide the following statement in compliance with Local Rule 16-9(b): This action is maintainable as a class action under Federal Rules of Civil Procedure Rule 23(a)(1)-(4), in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the claims of the representative plaintiff are typical of the claims of the class and the representative plaintiff will fairly and adequately protect the interests of the class. This action is maintainable as a class action under Federal Rules of Civil Procedure Rule 23(b)(1) in that prosecution of separate actions would create a risk of establishing incompatible standards of conduct for Defendant and adjudications which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. This action is maintainable as a class action under Federal Rules of Civil Procedure Rule 23(b)(2) in that Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. This action is further maintainable under Federal Rules of Civil Procedure Rule 23(b)(3) in that questions of law or fact common to class members predominate over questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The classes on behalf of whom this action is brought is all persons who purchased, within the State of California, Apple, Inc's iPad tablet computer and all persons who purchased, within the United States, Apple, Inc's iPad tablet computer.

Plaintiffs are entitled to maintain this lawsuit as a class action based on the followings facts: Defendant Apple disseminated false and misleading information to purchasers of the iPad nationwide through television commercials, online commercials and statements and product specifications included with the iPad As a result, consumers have been harmed by purchasing a product which, had accurate information been provided, they would not have purchased at all or would not have purchased at the price paid.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs believe that membership in the proposed classes, as defined in the Complaint, is ascertainable and that there exists a well-defined community of interest in the litigation. The claims brought on behalf of the class members are not unique; they involve identical advertisements and product specifications regarding the iPad and harm resulting therefrom. Plaintiffs envision no management difficulties in this litigation.

<u>Defendant's position:</u> Plaintiffs purport to allege nationwide and California-only classes, seeking damages, restitution, injunctive relief, as well as punitive relief pursuant to Rule 23 on behalf of the following two classes: (1) "All persons who purchased, within the State of California, Apple, Inc.'s iPad tablet computer" and (2) "All persons who purchased, within the United States, Apple, Inc.'s iPad tablet computer." (FAC ¶ 10.) Plaintiffs' Song-Beverly Act claim is their only cause of action alleged on behalf of only the California class.

Apple believes the FAC's class allegations are inadequate and should be stricken as redundant and immaterial for all of the reasons stated in its Motion to Strike.

### X. RELATED CASES

The parties are unaware of any related cases at this time.

### XI. RELIEF

Plaintiffs seek compensation due to Defendant's false and misleading advertising and breaches of warranty; Plaintiffs also seek restitution for Defendant's acts of unfair competition, as well as attorneys' fees, reimbursement for costs of litigation, injunctive and other equitable relief.

### XII. SETTLEMENT AND ADR

On November 24, 2010, the parties filed a Stipulation and proposed Order agreeing to participate in private mediation after the completion of an initial round of discovery. The parties do not believe that Early Neutral Evaluation would assist them in resolving the action.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendant does not consent to proceed before a Magistrate Judge for all purposes.

### XIV. OTHER REFERENCES

The parties do not request any special references at this time.

### XV. NARROWING OF ISSUES

The parties have no suggestions to narrow the issues likely to arise in this case at this time, other than the motions set forth above. The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

### XVI. EXPEDITED SCHEDULE

The parties do not believe that this case can be handled on an expedited basis.

### XVII. SCHEDULING

In light of the unsettled posture of the pleadings, the lack of formal discovery (to date), and an agreement to attend mediation once an initial round of discovery has been completed, the parties believe it is premature to set scheduling deadlines at this time.

### XVIII. TRIAL

<u>Plaintiffs' Position:</u> Plaintiffs believe that the length of any trial is dependent on whether the action is certified as a class action, the number of class members included in that/those class(es), if certified, and the structure of the trial plan ultimately adopted by the Court. Due to these variables, Plaintiffs estimate that the trial could last five (5) to seven (7) court days if a class is not certified, and up to thirty (30) court days if a class is certified. Plaintiffs have requested a trial by jury.

<u>Defendant's Position:</u> Apple prefers to defer providing any estimate on the length of the trial or making any decision whether the case should be tried to a jury or to the Court until after Apple's Motion to Dismiss and Motion to Strike and any Motion for Class Certification filed by Plaintiffs have been resolved.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant filed a Certification of Interested Entities or Parties on October 12, 2010 stating that, other than the named parties, there are no interested parties.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**XX. OTHER MATTERS**

The parties have no additional suggestions conducive to the just, speedy and inexpensive determination of the action.

Dated: December 10, 2010      **SCOTT COLE & ASSOCIATES, APC**

By:    /s/
Matthew R. Bainer, Esq.
Attorneys for the Representative Plaintiffs
and the putative Plaintiff Classes

Dated: December 10, 2010      **PAUL, HASTINGS, JANOFSKY & WALKER LLP**

By:    /s/
Thomas A. Counts, Esq.
Attorneys for Defendant
Apple Inc.

**DECLARATION OF E-FILED SIGNATURE**

I, Matthew R. Bainer, Esq., am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45, X.B., I hereby declare that Thomas A. Counts, Esq. has read and approved this Joint Case Management Conference Statement and consents to its filing in this action.

Dated: December 10, 2010          **SCOTT COLE & ASSOCIATES, APC**

By:  _____/s/_____
     Matthew R. Bainer, Esq.
     Attorneys for the Representative Plaintiff
     and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-12-
Case No. CV-10-03231-JF                    Joint Case Management Conference Statement