1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  Hannah R. Salassi, Esq. (S.B. #230117)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  email:  scole@scalaw.com
   email:  mbainer@scalaw.com
6  email:  hsalassi@scalaw.com
   Web:  www.scalaw.com
7
   Attorneys for Representative Plaintiffs
8  and the putative Plaintiff Classes

9

10              **UNITED STATES DISTRICT COURT**

11    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  JACOB BALTAZAR, CLAUDIA            )   **Case No. C10-03231 JF**
    KELLER, JOHN R. BROWNING,          )
14  individually, and on behalf of all others  )   **CLASS ACTION**
    similarly situated,                )
15                                     )   **PLAINTIFFS' OPPOSITION TO**
                        Plaintiffs,    )   **DEFENDANT'S MOTION TO DISMISS**
16                                     )   **FIRST AMENDED COMPLAINT**
    vs.                                )
17                                     )
    APPLE, INC.,                       )
18                                     )   **Date:  January 28, 2011**
                        Defendant.     )   **Time:  9:00 a.m.**
19  ─────────────────────────────     )   **Dept.: Courtroom 3, 5th Floor**
                                           **Judge: The Hon. Jeremy Fogel**
20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................................................1

II.   LEGAL ARGUMENT................................................................................................2

    A.    PLAINTIFFS' COMPLAINT MEETS THE RULE 9(B) STANDARD FOR
        FRAUD-BASED CLAIMS .................................................................................3

        1.    PLAINTIFFS' ALLEGATIONS CLEARLY IDENTIFY
              DEFENDANT'S FALSE REPRESENTATIONS......................................3

        2.    PLAINTIFFS' ALLEGATIONS OF DEFENDANT'S FALSE
              REPRESENTATIONS ARE SUFFICIENT TO STATE A DUTY TO
              DISCLOSE CLAIM..................................................................................5

        3.    PLAINTIFFS HAVE ALLEGED THAT THEY RELIED ON
              DEFENDANT'S FALSE REPRESENTATIONS......................................6

    B.    PLAINTIFFS' MISREPRESENTATION AND RELIANCE
        ALLEGATIONS SUPPORT CLAIMS UNDER THE FAL, CLRA, AND
        UCL.....................................................................................................................7

        1.    Plaintiffs Alleged Defendant's Affirmative Misrepresentations and
              Fraudulent Omission Under the FAL, CLRA and UCL. ............................7

        2.    Plaintiffs' Allegations of Reliance Adequately Support CLRA and
              UCL CLAIMS and Reliance by Unnamed Class Members is Not
              Required Under the UCL. .........................................................................9

        3.    The FAC Surpasses the Low Threshold for Alleging Reasonable
              Consumer Deception.................................................................................9

         4.    Plaintiffs' Allegations Meet the Three-Prong Standard for Pleading
              an Unfair Practice Under the UCL...........................................................11

    C.    PLAINTIFFS' CLAIM FOR BREACH OF EXPRESS WARRANTY...............13

    D.    A VIOLATION OF THE SONG-BEVERLY ACT IS ADEQUATELY
        SUPPORTED BY THE FAC'S ALLEGATIONS OF RELIANCE ....................14

E.      ALLEGATIONS   REGARDING   THE   IPAD'S   FUNCTIONALITY
        LIMITATIONS SUPPORT A BREACH OF THE IMPLIED WARRANTY
        OF MERCHANTABILITY CLAIM ..................................................................14

F.      PLAINTIFFS CAN SEEK RECOVERY FOR "UNJUST ENRICHMENT".......15

III.   CONCLUSION...........................................................................................................16

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Opposition to Defendant's Motion to Dismiss First Amended Complaint

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## TABLE OF AUTHORITIES

**Cases**

*Alicke v. MCI Communications Corp.*,
111 F.3d 909 (D.C. Cir. 1997) ................................................................. 10

*al-Kidd v. Ashcroft*,
580 F.3d 949 (9th Cir. 2009) ..................................................................... 2

*American Financial Services Assoc. v. FTC*,
767 F.2d 957 (D.C. Cir. 1985) ................................................................. 11

*Anthony v. General Motors Corp.*,
33 Cal.App.3d 699 (1973) ........................................................................ 13

*Ashcroft v. Iqbal*,
---- U.S. ----, 129 S. Ct. 1937 (2009) ..................................................... 2

*Bardin v. DaimlerChrysler Corp.*,
136 Cal.App.4th 1255 (2006) .................................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................. 2

*Berryman v. Merit Property Management*, Inc.,
152 Cal.App.4th 1544 (2007) .................................................................. 13

*Brothers v. Hewlett-Packard Co.*,
2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) .......................................... 11

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal.4th 163 (1999) ........................................................................ 12, 13

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ...................................................................... 2

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ................................................................ 14

*Consumer Advocates v. Echostar Satellite Corp.*,
113 Cal.App.4th 1351 (2003) .................................................................... 8

*Cook, Perkiss & Liehe v. Northern California Collection Service, Inc.*,
911 F.2d 242 (9th Cir. 1990) .................................................................. 11

*Cruz v. Beto*,
405 U.S. 319 (1972) .................................................................................. 2

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal.App.4th 824 (2006) ............................................................ 5, 8, 11

*Doe v. U.S.*,
58 F.3d 494 (9th Cir. 1995) .................................................................... 16

*Firestone v. Firestone*,
76 F.3d 1205 (D.C. Cir. 1996) ............................................................... 16

*Genna v. Digital Link Corp.*,
25 F.Supp.2d 1032 (N.D. Cal. 1997) ...................................................................... 3

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997) .................................................................................. 2

*Goddard v. Google, Inc.*,
640 F.Supp.2d 1193 (N.D. Cal. 2009) .................................................................... 2

*Harlan v. Roadtrek Motorhomes, Inc.*,
2009 WL 928309 (S.D. Cal. Apr. 2, 2009) ........................................................... 15

*Hauter v. Zogarts*,
14 Cal.3d 104 (1975) ............................................................................................ 15

*Hoey v. Sony Electronics, Inc.*,
515 F.Supp.2d 1099 (N.D. Cal. 2007) ................................................................. 3, 6

*In re NVIDIA GPU Litigation*,
2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ....................................................... 8

*In re Tobacco II Cases*,
46 Cal.4th 298 (2009) ............................................................................................ 9

*Isip v. Mercedes-Benz USA, LLC*,
155 Cal.App.4th 19 (2007) ................................................................................... 15

*Lectrodryer v. SeoulBank*,
77 Cal.App.4th 723 (2000) ................................................................................... 15

*Lippitt v. Raymond James Financial Services, Inc.*,
340 F.3d 1033 (9th Cir. 2003) .............................................................................. 12

*Lucas v. Dep't of Corrs.*,
66 F.3d 245 (9th Cir. 1995) .................................................................................. 16

*Melchior v. New Line Prods., Inc.*,
106 Cal.App.4th 779 (2003) .................................................................................. 16

*Mirkin v. Wasserman*,
5 Cal.4th 1082 (1993) ............................................................................................ 7

*Morgan v. AT&T Wireless Services, Inc.*,
177 Cal.App.4th 1235 (2009) ................................................................................. 9

*Morris v. BMW of North America, LLC*,
2007 WL 3342612 (N.D. Cal. Nov. 7, 2007) ....................................................... 15

*Motors, Inc. v. Times Mirror Co.*,
102 Cal.App.3d 735 (1980) .................................................................................. 12

*Oestreicher v. Alienware Corp.*,
544 F.Supp.2d 964 (N.D. Cal. 2008) ............................................................. 6, 8, 15

*Retail Clerks Int'l Ass'n v. Shermerhorn*,
373 U.S. 746 (1963) ............................................................................................... 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Opposition to Defendant's Motion to Dismiss First Amended Complaint

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ............................................................ 2

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   2010 WL 3155808 (N.D. Cal. Aug. 9, 2010) .................................... 9

*Sanders v. Apple Inc.*,
   672 F.Supp.2d 978 (N.D. Cal. 2009) ................................................ 8

*Shin v. BMW of N. Am.*,
   2009 WL 2163509 (C.D. Cal. Jul. 16, 2009 ) ................................ 10

*Shroyer v. New Cingular Wireless Services, Inc.*,
   622 F.3d 1035 (9th Cir. 2010) ........................................................ 7

*Thomas v. Olin Mathieson Chemical Corp.*,
   255 Cal.App.2d 806 (1967) ...................................................... 13, 14

*U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*,
   251 F.Supp.2d 114 (D.D.C. 2003) .................................................. 3

*Wahl v. Am. Sec. Ins. Co.*,
   2010 WL 2867130 (N.D. Cal. July 20, 2010) ................................ 12

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008) ........................................................ 11

**Federal Statutes**
Fed. R. Civ. P. 9 ................................................................................. 3, 4

Fed. R. Civ. P. 15 ................................................................................. 16

**State Statutes**
Cal. Bus. & Prof. Code § 17200 ........................................................ 12

Cal. Com. Code § 2313 ...................................................................... 13

Cal. Com. Code § 2314 ...................................................................... 14

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## I.     INTRODUCTION

2      Plaintiffs' First Amended Complaint ("FAC") describes, in unambiguous detail, a multi-

3 faceted and ongoing campaign of deception perpetrated by Apple, Inc. ("Apple" and/or

4 "Defendant") upon an unsuspecting public. Among other factual allegations, the FAC details (1)

5 that, in March, 2010, Apple released a tablet computer called the "iPad," (2) that the iPad's

6 availability was marketed, through a variety of media, as capable of functioning, without

7 interruption, in broad daylight, (3) that Apple represented on its website that the device could

8 function, without interruption, within a 32–95 degree Fahrenheit temperature range -- a range

9 programmed by Apple directly into the device, (4) that Plaintiffs and the putative class relied on

10 these representations in purchasing the iPad and, finally, (5) that the iPad, contrary to these promises,

11 overheats (and thereafter unexpectedly and quickly shuts off) while being used in sunny conditions

12 (i.e., the precise conditions in which Apple had promised the iPad could function). None of these

13 allegations could be much of a surprise to Apple since (1) it undoubtedly pre-tested the iPad under

14 such conditions before launching its marketing campaign (as the discovery efforts in this case are

15 expected to uncover) and (2) internet-based complaints from purchasers of the iPad were readily-

16 available to Apple (yet had little apparent impact thereon) long before this lawsuit was filed. Despite

17 all this, Apple's advertising of the iPad continues to promise functionality under the very conditions

18 that Plaintiffs will explain the iPad, in fact, cannot.

19      In response to these claims, Apple offers a disjointed collection of arguments in its present

20 Motion to Dismiss ("MTD") which largely ignore the allegations detailed in the FAC as well as the

21 applicable test for summarily dismissing a putative class action such as this, as if to say that the FAC

22 fails to put Apple on notice of what this case is about and permit it to file an Answer thereto – the

23 core standard for sufficiency of a pleading. Plaintiffs urge, however, this Court to look at Apple's

24 newest response with great skepticism (and ultimately reject it), given that the FAC is patently well-

25 pled and, even if it could benefit from factual elaboration, one would have expected Defendant's

26 counsel to point that out when Plaintiffs' attorneys provided them with a courtesy copy of the FAC

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

prior to its filing, seeking comments regarding any perceived deficiencies.[1] To that courtesy, Apple offered no response, allowed the FAC to be filed, and only then filed motions to dismiss and strike.

## II.    LEGAL ARGUMENT

"A complaint should not be dismissed, 'unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Goddard v. Google, Inc.*, 640 F.Supp.2d 1193, 1195 (N.D. Cal. 2009) (Fogel, J.), quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). In this context, each of Plaintiffs' allegations are to be accepted as true, and construed in the light most favorable to the nonmoving parties. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Retail Clerks Int'l Ass'n v. Shermerhorn*, 373 U.S. 746 (1963); *Clegg*, 18 F.3d at 754. Predictably, under this liberal standard, motions to dismiss are viewed with disfavor and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Here, while Defendant relies heavily on *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*,[2] Apple fails to point out that the Ninth Circuit has already offered its interpretation of the standards discussed there and explained that "*Twombly* and *Iqbal **do not require that the complaint include all facts*** necessary to carry the plaintiff's burden." *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009). In fact, *Twombly* itself points out that "[a]sking for plausible grounds to infer 'the existence of a claim for relief' does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence to prove that claim." *al-Kidd*, *supra.* at 977, quoting *Twombly*, 550 U.S. at 556. Since the FAC presents cognizable legal theories and a sufficient factual framework to support them -- with a likelihood that the discovery process will allow development of more specific facts -- the motion to dismiss should be denied. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

---

[1]    Ex. A to Declaration of Matthew Bainer ("*Bainer Decl.*"). Having received no negative reaction to the FAC, putative class counsel filed it.

[2]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009); Defendant's MTD, p. 3:9-18.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**A.   PLAINTIFFS' COMPLAINT MEETS THE RULE 9(B) STANDARD FOR FRAUD-BASED CLAIMS**

When examining a challenge to a fraud claim under Federal Rules of Civil Procedure, Rule 9(b), a "court should hesitate to dismiss a complaint [pursuant to that Rule] if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 114, 116 (D.D.C. 2003). For all the reasons set forth below, Plaintiffs' fraud-based claims are sufficient to meet this pleading requirement.

**1.   Plaintiffs' Allegations Clearly Identify Defendant's False Representations.**

To satisfy Rule 9(b), the Complaint need allege only "the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and 'the circumstances indicating falseness… .'" *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1032, 1038 (N.D. Cal. 1997). Alternatively framed, Plaintiffs must allege the "who, what, when, where and how" of Apple's false representations. *Hoey v. Sony Electronics, Inc.*, 515 F.Supp.2d 1099, 1104 (N.D. Cal. 2007). In apparent acknowledgement of the sufficiency of most of the FAC's allegations,[3] Defendant's motion challenges only the "what" component -- arguing that Plaintiffs failed to identify Apple's fraudulent statement(s).[4] In doing so, Apple either ignores or merely half-heartedly challenges the FAC's inclusion of at least *four* specific statements by Apple, each of which the Complaint purports to be fraudulent, to wit:

---

[3]    *See*, FAC ¶ 21, regarding the "who" component ("APPLE advertises the use of the iPad..."); FAC ¶ 21c, regarding the "when" prong ("On information and belief, the commercial was aired simultaneously with the release of the iPad on television stations nationwide, and disseminated globally via the internet"); FAC ¶ 21a-d, regarding the "where" factor (in the product specifications, on television stations and on the internet), and FAC ¶¶ 21a-d, concerning the "how" element (via television and internet commercials, text posted on Apple's website and written product specifications).

[4]    MTD, p. 5:3-4.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1)  "APPLE expressly represented that the iPad would function in temperature ranges between 32 and 95 degrees Fahrenheit in the specifications included in the original packaging for each iPad,"[5]

2)  "According to APPLE's website (www.apple.com), '[r]eading on iPad is just like reading a book,'"[6]

3)  "APPLE released a commercial depicting use of the iPad in various places, including outdoor locations such as a sidewalk cafe, front steps of a building, and on a grassy lawn, among others,"[7] and

4)  "Apple also posted a commercial on its website (www.apple.com) depicting the iPad being used in a variety of ways, including outdoors while affixed to the dashboard of a car and the gas tank of a motorcycle."[8]

While Plaintiffs submit that these (and similar) allegations in the FAC are sufficient to put Apple on notice of the claims so as to permit it to file an Answer, Apple purports to attack (on sufficiency grounds) at least two of these factual claims on the following bases:

1)  That the "just like reading a book" statement is a non-factual comparison commonly made in advertising.[9] However, as detailed later in this brief, this argument goes to whether this allegation is likely to mislead a *reasonable* person;[10] it does not address the "what" (i.e., whether the allegation is sufficiently pled to allow Apple to understand the FAC and, therefore, file a responsive pleading). Moreover, it introduces an opinion completely outside of the pleadings (i.e., what is, or is not, common in advertising practice); and

2)  That Plaintiffs fail to allege reliance on Apple's "commercials depicting [outdoor use]" of the iPad.[11] However, as explained in Section II.A.3. of this Opposition, the FAC is replete with expressions of reliance,[12] revealing clearly that Apple's contention is absolutely baseless.

While more, and given a plethora of additional factual allegations appearing throughout the FAC, there appears no legitimate basis for Apple's suggestion that the FAC is so incomprehensible that it cannot be addressed by way of an Answer. The FAC satisfies the requirements of Rule 9(b).

---

[5]   FAC ¶ 21a.
[6]   FAC ¶ 21b.
[7]   FAC ¶ 21c
[8]   FAC ¶ 21d
[9]   MTD, p. 5:12-13.
[10]  This is addressed herein in Section II.B.3.
[11]  MTD, p. 5:13-16.
[12]  See, e.g., FAC ¶¶ 25, 26, 28, 30, 43, 44, 45, 52, 53, 55, *et seq.*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2.   **Plaintiffs' Allegations of Defendant's False Representations are Sufficient to State a Duty to Disclose Claim.**

Whereas, in some instances (not applicable here), a company may possess no duty to disclose certain facts about its products, if that party <u>does</u> choose to make such disclosure (as Apple has done here through its advertising campaign), it has a duty of honesty. Naturally, that duty (in this instance) required Apple to also disclose information that ran contrary to its representations that the iPad would, among other things, function outdoors without interruption, serve as an "e-reader," usable as a navigation device inside your car, and the like. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 835 (2006). A defendant's failure to disclose such contrary information constitutes an actionable fraudulent omission. *Id.* At the pleading stage, a plaintiff need not provide dispositive proof of the fraud; s/he must merely identify the specific representations made and the contrary information allegedly withheld. *Id*. at 836. This standard is analogous to that for pleading common law fraud, and is satisfied by the FAC.

Section II.A.1., *supra*, identifies not *every* allegation of the FAC (and certainly not every allegation that will likely emerge during this litigation), but, clearly, the seminal factual allegations of Apple's marketing statements, the falsity thereof (with references to certain proof of that falsity, already discovered prior to this lawsuit being filed), and Apple's *continued* campaign of fraud, despite its predicted knowledge of that campaign's incredibility. As the only entity with knowledge of the capabilities of the iPad prior to its public launch -- and, in fact, the entity that *created* the public's expectations vis-à-vis how it elected to market this new product -- Apple had an obligation to be honest and forthright about the iPad's capabilities. All of this is pled, in one manner or another, in the FAC.[13]

Apple's claim that such allegations are absent and/or that more specific pleading is necessary before it can decipher the nature of this dispute and file an Answer is unpersuasive;[14] the gravamen

---

[13]   FAC ¶¶ 21 (a)-(d) are not exhaustive of the factual allegations in the Complaint, but suffice to frame the issues in this litigation.

[14]   See, MTD, p. 6:6-7 [asserting that the FAC "fails to describe with specificity *any* representations that Apple made regarding the iPad that would give rise to a duty to disclose."]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  of the claims in this lawsuit is that the iPad is, for all intents and purposes, unreliable in outdoor (*and*

2  *even some indoor*) conditions since it shuts down unexpectedly upon reaching a particular operating

3  temperature, that Apple knew this, and that Apple marketed it nonetheless as a device functional in

4  warm weather (e.g., sunny) conditions,[15] particularly as an "e-reader" (i.e., a competitor to products

5  like the "Kindle"). Notably, unlike its competitors (the discovery Plaintiffs will conduct is expected

6  to reveal), the iPad shuts down in unexpectedly mild environmental conditions since, *inter alia*,

7  Apple set its operating temperature limitations too low, elected to design the iPad with a large black

8  face which naturally draws in heat and/or chose to design the iPad without any sort of heat

9  dissipation feature such as an internal fan/cooling device. Whether details surrounding each and

10  every one of these very specific allegations is or is not contained in the FAC ignores the relevant

11  inquiry; the factual framework of the claims is there, as is the framework through which further facts

12  can be developed. Litigation obviously does not conclude with the Complaint; the FAC is merely the

13  starting place, and it deserves an Answer.[16]

14  ### 3.   Plaintiffs Have Alleged that They Relied on Defendant's False Representations.

15

16  The Motion's final, non-claim-specific challenge to the FAC is that it omits facts showing

17  reliance by the named plaintiffs on Apple's false representations.[17] This argument is perplexing, to

18  put it mildly, since the FAC contains at least eleven allegations of reliance by Plaintiffs.[18] In those

19  eleven distinct paragraphs, the representative plaintiffs explain that, had the omitted information

20  been disclosed, they would have been aware of it, and behaved differently. *Mirkin v. Wasserman*, 5

21

22

---

23  [15]   FAC ¶ 21c ["APPLE released a commercial depicting use of the iPad in various places, including outdoor locations such as a sidewalk cafe, front steps of a building, and on a grassy lawn, among others"]; *See, also* FAC ¶ 22 ["iPad overheats so quickly under common weather conditions that it does not function for prolonged use either outdoors, or in many other warm conditions"]

25  [16]   Apple's citations to *Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 969 (N.D. Cal. 2008), *aff'd* 2009 WL 902341 (9th Cir. 2009); *Hoey*, 515 F.Supp.2d at 1104 (MTD, p. 5:27-6:12) are off-point; the factual underpinnings in those opinions included plaintiffs who did not merely fail to plead enough; the plaintiffs in those cases failed to allege the Defendants made any misleading representations related to their respective claims. That is certainly not the situation here.

27  [17]   MTD, p. 5:15-16.

28  [18]   FAC ¶¶ 26, 28, 30, 43-44, 52-53, 60, 72, 95-96.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Cal.4th 1082, 1093 (1993); *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1043 (9th Cir. 2010) (upholding dismissal of fraudulent omission claim only where plaintiff *failed* to allege that, *had* the omitted information been disclosed, he would have been aware of it and behaved differently). Examples of this reliance include, but are hardly limited to, the following FAC allegations:

- "As a result of viewing Apple's advertisement, Representative Plaintiff Claudia Keller purchased the iPad <u>in reliance on APPLE's representations that the device could be used outdoors</u>, and with the expectation that she would be able to use the e-reading and e-mail functions of the iPad while spending time outdoors." [19]

- "Representative Plaintiff John Browning purchased an iPad 3G in April 2010 through an internet website <u>after seeing advertisements depicting use of the iPad outdoors, in reliance upon APPLE's representations that the device could be used outdoors</u> and with the expectation that he would be able to use the iPad while attending outdoor activities such as his children's sporting events."[20]

- "Representative Plaintiff Jacob Baltazar purchased an iPad 3G from an APPLE store located in the State of California on or about April 30, 2010, <u>after seeing the commercial depicting use of the iPad outdoors (referenced in paragraph 21(c), above), in reliance on APPLE's representations that the device could be used outdoors</u>, and with the expectation that he would be able to use the device in outdoor locations such as around his college campus."[21]

These allegations adequately show reliance.

**B.  PLAINTIFFS' MISREPRESENTATION AND RELIANCE ALLEGATIONS SUPPORT CLAIMS UNDER THE FAL, CLRA, AND UCL**

**1.  Plaintiffs Alleged Defendant's Affirmative Misrepresentations and Fraudulent Omission Under the FAL, CLRA and UCL.**

In advocating dismissal of Plaintiffs' claims for relief under California's False Advertising Law ("FAL"), Consumers Legal Remedies Act ("CLRA"), and Unfair Competition Law ("UCL"), Defendant merely revisits the arguments already countered above -- specifically, that the FAC fails to include fraudulent statements (by intention or omission) by Apple. Those arguments fail here for the same reasons they failed in relation to the fraud claims.[22]

---

[19] FAC ¶ 26; emphasis added
[20] FAC ¶ 28; emphasis added
[21] FAC ¶ 30; emphasis added
[22] *See, also*, FAC ¶¶ 18, 25, 28, 30, 32, 33-35, 44, 53, 60, 72, 95.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The FAC sufficiently alleges violations of the FAL, CLRA and UCL since it clearly alleges Apple advertised specific uses and characteristics of the iPad (e.g., the iPad would function as an outdoor e-reader, that the iPad would function in temperatures up to 95 degrees F.) which (as discovery is expected to show) are insupportable. This conflict between the manner in which Apple marketed the product and the actual capabilities of the product carries with it a duty on Apple's part (pursuant to the FAL, CLRA and UCL) to disclose that conflict. Contrary to what's alleged in the MTD, neither *Daugherty* nor *Sanders v. Apple Inc.*, 672 F.Supp.2d 978 (N.D. Cal. 2009) suggest otherwise and, even if they did, such holdings would be based upon circumstances foreign to the fact-pattern here.[23] Specifically, *Daugherty* involved a car engine defect which was not alleged to be the subject of <u>any</u> representations by the manufacturer[24] and, as such, that Court found no duty of disclosure on which to base a claim of fraudulent omission[25] -- not the fact pattern here. In *Sanders*, moreover, the Court found that the plaintiff failed to describe <u>any</u> specific representations which would give rise to a duty to disclose,[26] again, not analogous to the circumstances here.[27] Indeed, even if the iPad *was* capable of operating within the sub-95 degree temperature range and/or outdoors *some* of the time, Defendant's alleged failure to disclose relevant contrary information (i.e., that the iPad *at least occasionally* overheated in those conditions) constitutes an actionable omission. *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351, 1362 (2003); *In re NVIDIA GPU Litigation*, 2009 WL 4020104 at *10 (N.D. Cal. Nov. 19, 2009), *Oestreicher*, 544 F. Supp.2d 964. In any event, these contentions appear in the FAC, demonstrating that the claims under the FAL, CLRA and UCL were adequately pled.

---

[23] MTD, pp. 8:24-9:6.
[24] *Daugherty*, 144 Cal.App.4th at 834-837.
[25] *Id*.
[26] *Sanders*, 672 F.Supp.2d at 986.
[27] *Id*. ; *See also*, FAC ¶23

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

2. **Plaintiffs' Allegations of Reliance Adequately Support CLRA and UCL Claims and Reliance by Unnamed Class Members is Not Required under the UCL.**

Apple extends its attack on Plaintiffs' reliance allegations to the claims under the CLRA and UCL, arguing that Plaintiffs "do not allege that they relied on a material representation made by Apple."[28, 29] While the sufficiency of Plaintiffs' reliance allegations (to satisfy the CLRA pleading standard) has already been addressed, above, and need not be regurgitated here, it nevertheless warrants noting that, *under the UCL*, Plaintiffs *are not even expected* to allege falsity and/or reliance for members of the absent class in order to state a claim. *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal.App.4th 1235 (2009); *In re Tobacco II Cases*, 46 Cal.4th 298, 320 (2009) ("relief under the UCL is available without individualized proof of deception, reliance, and injury.") Rather, adequate UCL pleading *only* requires an allegation that members of the public are *likely* to be deceived, even if no one was *actually* deceived, *relied* upon the fraudulent practice *or* sustained any damage. *Bardin v. DaimlerChrysler Corp.*, 136 Cal.App.4th 1255, 1274 (2006); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 WL 3155808 at *18 (N.D. Cal. Aug. 9, 2010). Paragraph 93 of the FAC does this.

3. **The FAC Surpasses the Low Threshold for Alleging Reasonable Consumer Deception.**

Defendant's Motion suggests that Plaintiffs' fraud claims must fail since, in Apple's estimation, no reasonable consumer would likely be deceived by the representations alleged in the FAC.[30] When evaluating the likelihood of deception, a fraud claim should only be summarily dismissed where "no reasonable customer receiving [the alleged misrepresentation]… could be deceived into thinking that [the alleged misrepresentation was precisely accurate]." *Alicke v. MCI*

---

[28]    MTD, p. 10:7.
[29]    Defendant also repeats its argument that Plaintiffs' descriptions of the various representations are not pled with sufficient particularity. (MTD, p. 10:7-20) To the contrary, Plaintiffs' allegations very specifically describe the type of outdoor use depicted in Apple's commercials. (FAC ¶ 21(c)-(d)). Because the misleading portions of the commercials *are* the scenes depicted, not the words or statements used, only descriptions of the outdoor scenes were included in the FAC. Plaintiffs also alleged the specific statements made by Apple regarding use of the iPad and the device's operational temperature parameters. (FAC ¶ 21a-b).
[30]    MTD, p. 11:5-12:8.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Communications Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997). Phrased this way, the bar for dismissal of such a claim is set quite high and, thus, it is a "'rare situation in which granting a motion to dismiss [a deceptive practices claim] is appropriate.' (*n*)." *Shin v. BMW of N. Am.*, 2009 WL 2163509 (C.D. Cal. Jul. 16, 2009) (denying motion to dismiss where manufacturer "failed to disclose that the aluminum alloy wheels affixed to 'low profile' tires on certain models of BMW automobiles are subject to premature cracking and would need to be replaced more frequently than normal wheels" notwithstanding a "disclaimer" that "[d]ue to low-profile tires, please note: wheels, tires and suspension parts are more susceptible to road hazard and consequential damages"). *Id.* at *2.

Apple has done little to demonstrate that the misrepresentations alleged in the FAC, either taken separately or as a whole (which, incidentally, are more numerous than simply the "…like reading a book" statement on which Defendant focuses), could not deceive a reasonable consumer. Consider that Apple touted the iPad as an e-reader; it is not uncommon for people to read outside, and it is not unreasonable for people who wish to read outside to buy a product that claims to serve that purpose, particularly from a company as iconic (and presumably trustworthy) as Apple. Apple similarly advertised the iPad being capable of performing myriad other functions (e.g., for checking email, surfing the web) outside,[31] none of which functions being reliable if the iPad unexpectedly shuts down mid-keystroke due to overheating. Moreover, the iPad was foreign to the public before its initial launch in early 2010, meaning that the public took its cues as to what the iPad could do from Apple's marketing of the computer tablet. Given these realities, defendant cannot show, as a matter of law, that *no reasonable consumer* would have believed the portable iPad could be used outdoors. To repeat, outdoor capabilities are exactly what Apple promised of its new product.[32]

Plaintiffs submit that, even if the Court found that any one of the FAC's individual representations could not likely deceive a reasonable consumer, the combination of misleading statements is more than enough to pass muster. By way of illustration, in *Williams v. Gerber Products Co.*, the Court found that the combination of the product name, description and pictures

---

[31]   FAC ¶21
[32]   FAC ¶22, 23, 24.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    contained on the packaging were all components of the deceptive advertising. *Williams v. Gerber*

2    *Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008). Here, as in *Williams*, the <u>combination</u> of

3    misleading information disseminated by Defendant (through its advertising, iPad packaging material,

4    etc.) could be found by a reasonable juror as likely to deceive.

5    Finally, the motion's contention that the "…like reading a book" statement is "non-actionable

6    puffery" and its reliance on *Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *4-5 (N.D. Cal.

7    Oct. 31, 2006) are unpersuasive, particularly due to the existence of Apple's depiction of the iPad

8    being use outdoors (i.e., a campaign that goes well beyond the "…like reading a book" statement), as

9    well as the fact that, in *Brothers*, the false statements did not promise <u>any</u> particular use. Here, the

10   FAC satisfies the pleading requirements because the instances of Defendant's advertising referenced

11   in the FAC are neither vague nor highly subjective. *Cook, Perkiss & Liehe v. Northern California*

12   *Collection Service, Inc.*, 911 F.2d 242, 246 (9th Cir. 1990). As in *Williams*, where the Court found

13   that the labels and packaging could not be dismissed as non-actionable puffery (but, instead, created

14   a "deceptive context"), the statements, commercials and product specifications, as alleged in

15   Plaintiffs' FAC, functioned together to manufacture an expectation that the iPad could do exactly

16   what Apple showed us all it could do.[33]

17   **4.    Plaintiffs' Allegations Meet the Three-Prong Standard for Pleading**
18   **an Unfair Practice Under the UCL.**

19   Although, to prove an unfair practice claim under the UCL, Plaintiffs must satisfy the three-

20   prong *Daugherty*[34] test (i.e., that consumer injury is (1) substantial,[35] (2) not outweighed by any

21   countervailing benefits to consumers or to competition, and (3) not an injury consumers themselves

22   could reasonably have avoided), the complexity of this test and its balancing of interests makes it

23   inappropriate to examine at the pleading stage. "The determination of whether a particular business

24

25   [33]    *Williams*, *supra*. at fn. 3.
26   [34]    *Daugherty*, 144 Cal.App.4th at 838.
27   [35]    An injury may be sufficiently "substantial" if it does a small harm to a large number of people. *American Financial Services Assoc. v. FTC*, 767 F.2d 957, 972 (D.C. Cir. 1985) (substantial
28   injury found where consumers gave security interest in consumer goods in exchange for credit -- resulting emotional harm and cost of replacement constituting substantial injury).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced

2   against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must

3   weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim-a

4   weighing process quite similar to the one enjoined on us by the law of nuisance." *Motors, Inc. v.*

5   *Times Mirror Co.*, 102 Cal.App.3d 735, 740 (1980) *called into question on other grounds by Wahl v.*

6   *Am. Sec. Ins. Co.*, 2010 WL 2867130 (N.D. Cal. July 20, 2010). "While this process is complicated

7   enough after a hearing in which the defendant has revealed the factors determining the utility of his

8   conduct, it is really quite impossible if only the plaintiff has been heard from, as is the case when it

9   is sought to decide the issue of unfairness on demurrer."*Ibid.*

10       Here, as in *Motors, Inc.*, it is premature to engage in the type of balancing required to

11   determine "unfairness" under the UCL, although, even if that wasn't so, the FAC does contain the

12   required elements and factual underpinnings and is, thus, sufficiently pled to allow Defendant to

13   respond by Answer; Plaintiffs alleged a fraudulent misrepresentation about a significant defect in a

14   product sold to millions of consumers, and that is "substantial." What's more, the cost of an iPad for

15   most people (i.e., roughly $500-700) would neither be considered "trivial" nor a "life savings,"

16   although the potential injury to the class as a whole is also clearly "substantial," particularly in light

17   of Apple's sale of over four million units thereof.

18       Even if the pleading stage was the proper juncture for examining facts of an UCL violation,

19   Plaintiffs also sufficiently alleged a <u>statutory</u> duty not to disseminate unfair or misleading statements

20   under the FAL and CLRA (upon which the UCL claim may piggyback), still bearing in mind that a

21   *statutory* violation is not even necessary for an UCL claim; "[t]he statutory language referring to

22   'any unlawful, unfair *or* fraudulent' practice … makes clear that a practice may be deemed **unfair**

23   even if not specifically proscribed by some other law." (italics in original). *Cel-Tech*

24   *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999), citing

25   Cal. Bus. & Prof. Code § 17200 (emphasis added); *see also Lippitt v. Raymond James Financial*

26   *Services, Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003). Given the presence of these allegations, the FAC

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

adequately pled an UCL violation under both its "unfair"[36] and "unlawful" prong(s). *Cel-Tech*, *supra.*, at 180.

## C.   <u>PLAINTIFFS' CLAIM FOR BREACH OF EXPRESS WARRANTY</u>

The FAC establishes each of the necessary elements for a claim of breach of express warranty, namely, (1) the exact terms of the warranty, (2) reasonable reliance and (3) a breach-causing injury.[37] Under the California Commercial Code, "any affirmation of fact or promise made by the seller which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Further, "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods will conform to the description." Cal. Com. Code §§ 2313(a), 2313(b). To create an express warranty, the seller/retailer need *not* use the word "warrant" or "guarantee" – and he need not even have the *intent* to make the warranty. Cal. Com. Code §2313 (c)(2).

The FAC alleges these prongs and the supporting factual framework; it explains that Defendant publicly demonstrated use of the iPad outdoors; it explains that Apple claimed the iPad was "just like a book"; it refers to Apple's technical specifications (regarding the temperature range within which the iPad would allegedly function) in written materials. All this creates a warranty that the iPad will operate outdoors and/or within the expressed temperature range, and the FAC's pleading of it goes well beyond the standard expressed under case authority. *See, e.g.*, *Thomas v. Olin Mathieson Chemical Corp.*, 255 Cal.App.2d 806, 811 (1967) (a mere "statement in a newspaper advertisement may be considered as part of the contract of sale (*citation*), and where a purchaser of a product relies on a representation on a label or in advertising material, recovery from the manufacturer may be allowed on the theory of express warranty without a showing of privity."); *Anthony v. General Motors Corp.*, 33 Cal.App.3d 699, 706 (1973) ("[a]n express warranty must

---

[36]    Defendant's reliance on *Berryman v. Merit Property Management, Inc.*, 152 Cal.App.4th 1544, 1555 (2007) is misplaced insofar as there exists no obligation for the FAC to cite an actual statute or other regulation as a predicate for the "unfairness" of Apple's promise that the iPad could accomplish what it clearly could not.

[37]    MTD, p. 13:17-14:12.

1   ordinarily be created at the time the product is purchased (*citation*); but such a ***warranty can be***

2   ***created by advertisements***." Citing, *Thomas*, 255 Cal.App.2d at 811 (emphasis added)); *see also*,

3   *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). By specifically pleading

4   such items as (1) Defendant's misleading statements formed part of the basis of the bargain in their

5   purchase of the iPad, (2) the specific language of the product specifications,[38] (3) reliance by the

6   named plaintiffs[39] and by putative class members,[40] and (4) complaints by consumers concerning

7   unsuccessful attempts to use the iPad under the conditions depicted in Apple's advertisements,[41] the

8   FAC satisfies the breach of express warranty pleading standard.

9

10   **D.   A VIOLATION OF THE SONG-BEVERLY ACT IS ADEQUATELY**
         **SUPPORTED BY THE FAC'S ALLEGATIONS OF RELIANCE**

11

12   The MTD's claim[42] that the FAC lacks sufficient allegations of reliance (re: the Song-

13   Beverly Act claim) is plainly wrong. (See, Sections II.A.3., II.B.2. and II.C., above). Since those

14   allegations are incorporated directly and/or "by reference" into the Song-Beverly Act claim, Apple's

15   contention warrants no further consideration.

16

17   **E.   ALLEGATIONS REGARDING THE IPAD'S FUNCTIONALITY**
         **LIMITATIONS SUPPORT A BREACH OF THE IMPLIED WARRANTY**

18       **OF MERCHANTABILITY CLAIM**

19   According to Defendant (yet without identifying exactly <u>what</u> that ordinary purpose might

20   be), "[a]s a matter of law, iPad is merchantable and fit for its ordinary purpose," leading Apple to

21   urge dismissal of Plaintiffs' claim for breach of implied warranty. Apple fails to meet its burden on

22   this motion, however, since the FAC alleges that the iPad plainly fails to meet its promised

23   objectives. Looking at the definition of merchantable goods reveals this to be true.

24

25

26   ――――――――――――――――

27   [38]   FAC ¶¶ 105-106.
      [39]   FAC ¶¶ 26, 28, 30, 43-44, 52-53, 60, 72, 95-96.
      [40]   FAC ¶¶ 32, 43-44, 52-53, 60, 72, 95-96.
28   [41]   FAC ¶¶ 27, 29, 31, 33.
      [42]   MTD, p. 14:13-18.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Under Cal. Com. Code §2314, for goods to be deemed "merchantable," they must, *inter alia*,

2    "pass without objection in the trade," and be "fit for the ordinary purposes for which such goods are

3    used." In plain terms, the iPad must be capable of performing those functions expected of a portable

4    computing device. *See*, *generally*, *Hauter v. Zogarts*, 14 Cal.3d 104, 118 (1975), *Harlan v. Roadtrek*

5    *Motorhomes, Inc.*, 2009 WL 928309 at *8 (S.D. Cal. Apr. 2, 2009). The FAC alleges that the iPad

6    was designed, marketed and likely predicted to be functional outside, and to be functional within the

7    temperature parameters Apple said it could; Apple told us that the iPad was acceptable as a web

8    surfer, an email checker, and an e-reader (and that, impliedly, the "iBooks" application had some

9    actual value); Apple showed us ordinary people enjoying this neat new tool outside on ordinary

10   sunny days. The list goes on and on, and the "purposes" on that list are far from *extra*-ordinary.

11   The FAC, however, explains that these ordinary purposes for a tablet computer are not

12   achievable with the iPad. The FAC does not charge the iPad with being unable to make cappuccinos,

13   as if that was a reasonably expected feature; in a nutshell, the FAC claims that this portable device is

14   not really portable, and that is enough to satisfy the pleading standard for this claim. *Morris v. BMW*

15   *of North America, LLC*, 2007 WL 3342612 (N.D. Cal. Nov. 7, 2007); *see also Isip v. Mercedes-Benz*

16   *USA, LLC*, 155 Cal.App.4th 19, 27 (2007) (holding that breach of implied warranty of

17   merchantability does not require product to be entirely unuseable, but unfit for ordinary purposes).

18

19   **F.    PLAINTIFFS CAN SEEK RECOVERY FOR "UNJUST ENRICHMENT"**

20   Either as a distinct claim for relief or as a theory of recovery, the FAC's allegations of

21   "Unjust Enrichment" should stand.[43] Defendant's reliance on *Oestreicher* proves nothing

22   otherwise.[44]

23   Unjust enrichment requires merely a showing of receipt of a benefit and unjust retention of

24   the benefit at the expense of another. *Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723, 726 (2000);

25

26

27   _____

     [43]   *See*, Apple's challenge to this claim at MTD, p. 15:9-22

28   [44]   *Oestreicher*, 544 F.Supp.2d at 975 (Court considered an unjust enrichment claim, and
     rejected it <u>not</u> as an *invalid* claim, but due to a failure of the *predicate* claims)

1   *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 958 (N.D. Cal. 2003).[45] This is

2   precisely what the FAC says that Apple did, vis-à-vis its receipt and retention of purchasers' money

3   in exchange for a computing device that did not fully perform.

5   **III.    CONCLUSION**

6           Rather than demonstrating, *beyond doubt and to a certainty*, that Plaintiffs can prove "no set

7   of facts" entitling them to relief,[46] Apple's MTD ignores much of the FAC's well-pled allegations,

8   urges this Court to accept Defendant's assumptions about the public's expectations for this new

9   product and, in essence, asks that Apple be allowed to run an ongoing campaign of deception based

10  upon a defense that goes something like: "everyone must have known we weren't serious." That sort

11  of conjecture, however, fails to satisfy the rigorous standard for early dismissal of a putative class

12  action.

14  Dated: January 7, 2011                    **SCOTT COLE & ASSOCIATES, APC**

15                                  By:    /s/ Matthew R. Bainer
16                                         Matthew R. Bainer, Esq.
                                           Attorneys for Representative Plaintiffs
17                                         and the putative Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

24  [45]     *Accord.*, *Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 793 (2003) (court
    describing unjust enrichment as an effect, e.g. "the result of a failure to make restitution under
25  circumstances where it is equitable to do so.")
    [46]     To the extent this Court considers any of the FAC's claims to need repair, Plaintiffs
26  respectfully request an opportunity to do so, since "[a] dismissal with prejudice is warranted only
    when a trial court determines that the allegations of other facts consistent with the challenged
27  pleading could not possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C.
    Cir. 1996); *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that leave to amend
28  be granted unless clear that deficiencies <u>cannot</u> be cured); *See also*, Federal Rules of Civil
    Procedure, Rule 15(a); *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

Plaintiffs' Opposition to Defendant's Motion to Dismiss First Amended Complaint