Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email: scole@scalaw.com
email: mbainer@scalaw.com
email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiffs
and the putative Plaintiff Classes

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendant. | **Case No. C10-03231 JF**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>**Date: January 28, 2011**<br>**Time: 9:00 a.m.**<br>**Dept.: Courtroom 3, 5th Floor**<br>**Judge: The Hon. Jeremy Fogel** |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. LEGAL ARGUMENT ........................................ 1

A. The Applicable Standards ........................................ 1

B. Plaintiffs Have No Obligation To Establish Standing For Unnamed Class Members ........................................ 3

C. The Proposed CLRA And UCL Classes Are Not Overbroad ........................................ 4

D. Plaintiffs' Rule 23(B)(1) Allegations Should Not Be Summarily Stricken ........................................ 5

E. Plaintiffs' Requested Injunctive Relief Can Support Certification Under FRCP Rule 23(B)(2) ........................................ 6

F. Individual Issues Cannot Be Said To Predominate So As To Foreclose A Rule 23(B)(3) Class. ........................................ 7

III. CONCLUSION ........................................ 8

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Baba v. Hewlett-Packard Co.*,
2010 WL 2486353 (N.D. Cal. 2010) .......... 1, 7

*Beckstead v. Superior Court*,
21 Cal.App.3d 780 (1971) .......... 2

*Bell v. Farmers Ins. Exch.*,
115 Cal.App.4th 715 (2004) .......... 6

*Bishop v. Saab Auto. A.B.*,
1996 WL 33150020 (C.D. Cal. Feb. 16, 1996) .......... 3

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) .......... 7

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
217 F.Supp.2d 1028 (C.D. Cal. 2002) .......... 1

*Cattie v. Wal-Mart Stores*,
504 F.Supp.2d 939 (S.D. Cal. 2007).......... 5

*Chavez v. Blue Sky Beverage Co*,
268 F.R.D. 365 (N.D. Cal. 2010).......... 4

*Clothesrigger, Inc. v. GTE Corp.*,
191 Cal.App.3d 605 (1987) .......... 4

*Collins v. GameStop, Corp.*,
No. C10-1210, WL 3077671 (N.D. Cal. 2010) .......... 1

*Denney v. Deutsche Bank, AG*,
443 F.3d 253 (2nd. Cir. 2006) .......... 3

*Estrella v. Freedom Fin. Network, LLC*,
2010 WL 2231790 (N.D. Cal. Jun. 2, 2010).......... 4

*Gutierrez v. California Commerce Club*,
187 Cal.App.4th 969 (2010) .......... 2

*Hernandez v. Motor Vessel Skyward*,
61 F.R.D. 558 (S.D. Fla. 1973).......... 5

*In re 2TheMart.com, Inc. Sec. Litig.*,
114 F.Supp.2d 955 (C.D. Cal. 2000) .......... 1

*In re General Motors Corporation Dex-Cool Products Liability Litigation*,
241 F.R.D. 305 (S.D. Ill. 2001) .......... 3

*In re LILCO Securities Litigation*,
111 F.R.D. 663 (E.D.N.Y. 1986).......... 7

*In re Wal-Mart Stores, Inc.*,
505 F.Supp.2d 609 (N.D. Cal. 2007) .......... 1, 2

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Kamm v. Cal City Dev. Co.*,
509 F.2d 205 (9th Cir. 1975) ........ 2

*LaSala v. American Sav. & Loan Assn.*,
5 Cal.3d 864 (1971) ........ 2

*Molski v. Gleich*,
318 F.3d 937 (9th Cir. 2003) ........ 6

*Murray v. Local 2620*,
192 F.R.D. 629 (N.D. Cal. 2000) ........ 5

*Myers v. MedQuist, Inc.*,
2006 WL 3751210 (D. N.J. 2006) ........ 2

*Norwest Mortgage, Inc. v. Superior Court*,
72 Cal.App.4th 214 (1999) ........ 4, 5

*Parkinson v. Hyundai Motor America*,
258 F.R.D. 580 (C.D. Cal. 2008) ........ 4

*Pella Corp. v. Saltzman*,
606 F.3d 391 (2010) ........ 3

*Probe v. State Teachers' Ret. Sys.*,
780 F.2d 776 (9th Cir. 1986) ........ 6

*Shumacher v. Tyson Fresh Meats, Inc.*,
221 F.R.D. 605 (D. S.D. 2004) ........ 8

*Stanbury Law Firm v. I.R.S.*,
221 F.3d 1059 (8th Cir. 2000) ........ 1

*U.S. Trust Co. of New York v. Alpert*,
163 F.R.D. 409 (S.D. N.Y. 1995) ........ 5

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009) ........ 2

*Vuyanich v. Republic National Bank of Dallas*,
82 F.R.D. 420 (N.D. Tex. 1979) ........ 3

*Walsh v. Chittenden Corp.*,
798 F.Supp. 1043 (D. Vt. 1992) ........ 7

*Wang v. Chinese Daily News*,
623 F.3d 743 (9th Cir. 2010) ........ 6

*Wershba v. Apple Computer, Inc.*,
91 Cal.App.4th 242 (2001) ........ 4, 5

*Zachary v. Chase Manhattan Bank, N.A.*,
52 F.R.D. 532 (1971) ........ 5

**Federal Statutes**

Fed. R. Civ. P. 9(f) ........ 1

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Fed. R. Civ. P. 23 ........................................................ *passim*

**State Statutes**

Cal. Bus. & Prof. Code § 17500 ........................................................ 5

**Treatises & Secondary Resources**

Federal Practice and Procedure Civil § 1785.3 (3d 2005) ........................................................ 2

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## I. INTRODUCTION

The relief sought by Apple Inc. ("Apple") in its Motion to Strike ("MTS") Plaintiffs' First Amended Complaint ("FAC") is not just extraordinarily rare, but wholly unsupportable. Defendant seeks to strike Plaintiffs' class allegations based on a purported failure to meet the requirements of Federal Rules of Civil Procedure, Rule 9(f) (which governs motions to strike) and well as Rules 23(a)-(d) (addressing the requirements for class certification). These arguments are fatally flawed since determinations of class sufficiency are *particularly disfavored* at the pleading stage, due, in no small part, to the fact that the parties have had zero opportunity to conduct discovery. Rather than facing this reality head-on, however, Apple elects to toss up arguments that are made in virtually every opposition to a motion for class certification, not endeavoring to explain how those fact-based determinations are ripe for resolution at the pleading stage and without even a prediction of future evidentiary support for them; indeed, conjecture about things like what damages or experiences absent class members may have had is not helpful or persuasive. The MTS should be denied.

## II. LEGAL ARGUMENT

### A. THE APPLICABLE STANDARDS

Motions to strike are treated disfavorably, especially in light of the "limited importance of pleading in federal practice, and because they are often used as a delay tactic." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007) (citing *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)). Resultantly, a motion to strike, like a motion to dismiss for failure to state a claim, is to be viewed in the light most favorable to the party opposing the motion. *In re Wal-Mart Stores, Inc., supra* (*citing In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000), *see also Collins v. GameStop, Corp.*, No. C10-1210, 2010 WL 3077671 at *2 N.D. Cal. 2010). Before this Court can grant the MTS, it would need to be convinced that the questions of law are clear (not in dispute) <u>and</u> that under no set of circumstances could Plaintiffs claims, or any of them, succeed. *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353 (N.D. Cal. 2010).

Moreover, motions to strike that ask trial judges to dismiss class allegations at the pleading stage are doubly disfavored. *See, e.g., Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (*citing Kamm v. Cal City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)) (expressing disapproval of attempts to analyze the propriety of class treatment without allowing its proponent sufficient discovery to establish Rule 23 requirements). "[D]ismissal of class allegations at the pleading stage should be done rarely and [the preferred] course is to deny [motions to strike] because the shape and form of a class action evolves only through the process of discovery." *Wal-Mart, supra* at 615-16. (internal citations omitted) (*citing Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, *4 (D. N.J.2006)). In fact, even in the *Wal-Mart* scenario, where the Court found the plaintiff's class definitions to be suspicious (and perhaps even improper), the Court denied defendant's motion as premature, holding that discovery should be permitted so as to allow for a fully-adversarial class certification motion. *Wal-Mart*, *supra*, at 615-16.

The foregoing is equally true under California state court practice. *Gutierrez v. California Commerce Club*, 187 Cal.App.4th 969, 976 (2010) (discussion of judicial policy discouraging trial courts from determining **class sufficiency** at the pleading stage). Indeed "[i]n order to effect this judicial policy, the California Supreme Court has *mandated* that a candidate complaint for class action consideration, if at all possible, be allowed to survive the pleading stages of litigation" *Beckstead v. Superior Court*, 21 Cal.App.3d 780, 783 (1971) (citing *LaSala v. American Sav. & Loan Assn.*, 5 Cal.3d 864 (1971) (emphasis added). Among other considerations, the strong preference toward allowing pre-certification discovery to proceed first is rooted in the recognition that determining whether a class action is more "beneficial to litigants and the judicial process" is more intelligently made as the judge becomes intimate with the character of the action. *Gutierrez*, *supra*, at 976-977.

For these reasons, Plaintiffs should be allowed an opportunity to obtain adequate discovery before presenting class certification arguments to this Court and/or having those arguments challenged by Apple. *See,* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005).

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**B. PLAINTIFFS HAVE NO OBLIGATION TO ESTABLISH STANDING FOR UNNAMED CLASS MEMBERS**

Defendant argues that the classes, as defined, include members who suffered no injury[1] and who, thus, have no standing to sue.[2] However, even if this Court is expected to take, ***as false***, the allegations of the FAC (which is obviously not permitted), resolving questions of absent class member standing are not proper at the pleading stage (if ever).

In a class action, only standing of the representative plaintiffs need be shown. *In re General Motors Corporation Dex-Cool Products Liability Litigation*, 241 F.R.D. 305, 310 (S.D. Ill. 2001). "'Once threshold individual standing by the class representative is met,[3] a proper party to raise a particular issue is before the court, **and there remains no further separate class standing requirement in the constitutional sense**.'" *Ibid.* (emphasis added) (*quoting* 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 2:5 (4th ed. 2002 & Supp.2006). As the court in *Pella Corp. v. Saltzman* noted "[w]hile it is almost inevitable that a class will include some people who have not been injured by the defendant's conduct because at the outset of the case many members may be unknown, or the facts bearing on their claims may be unknown, this possibility does not preclude class certification."[4] If the named plaintiffs have Article III standing, and the Court properly applies the requirements of Rule 23 then, for pleading purposes, "the certified class must necessarily have standing as an entity." *Vuyanich v. Republic National Bank of Dallas*, 82 F.R.D. 420, 428 (N.D. Tex. 1979).

---

[1] At the appropriate time, the parties will likely engage in a debate over what constitutes "injury." At that juncture, Plaintiffs will ask this Court to observe that, aside from the obvious injury of buying a product that simply doesn't work in certain environments, an "injury" can include such things as the "fear or anxiety" of some future-occurring damage or harm. *Denney v. Deutsche Bank, AG*, 443 F.3d 253, 264-265 (2nd. Cir. 2006) (noting that the requirement of injury is "...not applied too restrictively" and that standing can be satisfied even where a plaintiff can only show a *possibility* that defendant's conduct may have a future effect.) In any event, Apple cites no facts for its position that injury is lacking.

[2] MTS, pp. 3:15-4:11.

[3] Apple does not specifically challenge the standing of the named Plaintiffs themselves.

[4] *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010); The Court's opinion supersedes *Bishop v. Saab Auto. A.B.*, 1996 WL 33150020 (C.D. Cal. Feb. 16, 1996), and directly contradicts Defendant's argument that a class may not include those who suffered no injury.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**C. THE PROPOSED CLRA AND UCL CLASSES ARE NOT OVERBROAD**

While Defendant argues that Plaintiffs' CLRA and UCL claims cannot be extended to the nationwide class, it is clear that California law (including the UCL and CLRA claims) may be applied, so long as Defendant is a California resident [5] and the allegedly deceptive advertisements were developed and distributed from California (which they were). *Chavez v. Blue Sky Beverage Co*, 268 F.R.D. 365, 379 (N.D. Cal. 2010); *Estrella v. Freedom Fin. Network, LLC*, 2010 WL 2231790 (N.D. Cal. 2010) at *6 ("In considering the nationwide applicability of a UCL claim, it has been noted that 'California has a clear and substantial interest in preventing fraudulent practices in this state and a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices, and for that reason has a legitimate interest in extending state-created remedies to out-of-state parties harmed by wrongful conduct occurring in California.'")

In yet other scenarios, Courts have similarly held that application of California's UCL and CLRA was permissible where defendant's principal offices were in California and claims asserted by every nationwide class member relied on the alleged misrepresentations in literature prepared in California. *See, e.g., Clothesrigger, Inc. v. GTE Corp.*, 191 Cal.App.3d 605 (1987). As the Court noted in *Parkinson v. Hyundai Motor America*, "'California's consumer protection laws are among the strongest in the country,' and relatively recent California state court decisions 'hold that a California court may properly apply the same California statutes at issue here [the UCL and CLRA] to non-California members of a nationwide class where the defendant is a California corporation and some or all of the challenged conduct emanates from California.'" *Parkinson*, 258 F.R.D. 580, 598 (C.D. Cal. 2008) (*quoting Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 242, 243 (2001)). These decisions are hardly exceptions to the rule.

Defendant's cited authority does not really challenge the foregoing. While, the Court in *Norwest Mortgage*[6] did not elect to extend an UCL claim to non-resident member claims, that was due to the defendant being headquartered and having its principal place of business <u>outside</u>

---

[5] Apple is based in Cupertino, as alleged in the FAC, which is why this action was transferred to the San Jose Division of this judicial District in the first instance. Doc. No. 27.

[6] *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 225-226 (1999).

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

California. Even more interestingly, the *Norwest Mortgage* Court cited, with approval, *Diamond Multimedia Systems, Inc. v. Superior Court* (holding that in- and out-of-state plaintiffs harmed by unlawful conduct within California ***could*** assert UCL claims: "state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct **occurring in California.**").[7] As Apple's MTS acknowledges (by its citation to *Cattie v. Wal-Mart Stores*, 504 F.Supp.2d 939, 949 (S.D. Cal. 2007)), this approach is accepted for CLRA claims as well.

Finally, it has already been adjudicated that Apple is both headquartered in and conducts its sales activities from California and, therefore, has been required to answer for claims by non-California residents. As the Court in *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 241-242 (2001) explained, "Apple is a California corporation, with its principal place of business in Cupertino. The [alleged fraudulent misrepresentations] were prepared in and distributed from California Business and Professions Code section 17500 expressly applies to claims by out-of-state class members deceived by representations 'disseminated from' the state of California." The MTS should be denied as to these claims.

### D. PLAINTIFFS' RULE 23(b)(1) ALLEGATIONS SHOULD NOT BE SUMMARILY STRICKEN

Not only is Apple's attack on the FAC's Rule 23(b)(1) allegations premature, but it ignores the fact that a perfectly certifiable Rule 23(b)(1) class may request declaratory or injunctive relief as well as monetary damages. *See, e.g. Murray v. Local 2620, AFSCME*, 192 F.R.D. 629 (N.D. Cal. 2000); *U.S. Trust Co. of New York v. Alpert*, 163 F.R.D. 409 (S.D. N.Y. 1995), *Hernandez v. Motor Vessel Skyward*, 61 F.R.D. 558 (S.D. Fla. 1973); *Zachary v. Chase Manhattan Bank, N.A.*, 52 F.R.D. 532 (1971). Here, the FAC explains the ongoing nature of Apple's deception (warranting injunctive relief) and, given the likelihood of additional lawsuits addressing that advertising campaign, there is a risk that separate adjudications would establish incompatible standards of conduct or result in the impairment of class members' rights, all factors supporting certification of a Rule 23(b)(1) class. *See*

---

7 *Norwest Mortgage*, 72 Cal.App.4th at 222 and 224-225, citing *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal.4th 1036 (1999).

*also*, 2 *Newberg* § 4:8 at 1-2. Finally, the FAC seeks an award of punitive damages which may result in the creation of a limited fund, yet another factor which supports certification. Since the required elements for pleading this class exist in the FAC, the MTS should be denied.

**E. PLAINTIFFS' REQUESTED INJUNCTIVE RELIEF CAN SUPPORT CERTIFICATION UNDER FRCP RULE 23(b)(2)**

A class may be certified under Rule 23 (b)(2) when both injunctive relief and monetary damages are requested. "[C]lass actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003), citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986). In fact, class actions may be certified under Rule 23(b)(2) even where the request for injunctive relief is merely on an "equal footing" with the requested monetary damages; injunctive relief need not predominate. *Wang v. Chinese Daily News*, 623 F.3d 743, 754 (9th Cir. 2010). The mere fact the FAC contains a request for an award for money damages, and the amount of those damages may ultimately require individual inquiries, does not function as a bar to certification. *Bell v. Farmers Ins. Exch.*, 115 Cal.App.4th 715, 744 (2004) [most class actions contemplate the eventual individual proof of damages, oftentimes in a formulaic manner].

Apple's suggestion that Plaintiffs' request for injunctive relief is "incidental" is plainly self-serving. Moreover, it is unsupported and cuts against strong policy denouncing unfair competition through the use of advertising deception, practices that seriously endanger interstate commerce and can hardly be labeled "incidental." Given the FAC's references to *continuing* deception by Apple, the putative Rule 23(b)(2) class should be allowed to conduct its discovery and present proof of these claims to the Court at the proper time.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**F. INDIVIDUAL ISSUES CANNOT BE SAID TO PREDOMINATE SO AS TO FORECLOSE A RULE 23(b)(3) CLASS**

While Defendant asserts that a Rule 23(b)(3) class cannot be maintained since individual issues necessarily predominate over common ones, that claim is not ripe for debate; as noted above, all issues surrounding Plaintiffs' ability to satisfy Rule 23 should be left until pre-certification discovery has been completed. *Vinole*, *supra.* at 942; *Gutierrez v. California Commerce Club, supra*, at 976. Even if this was not the strong policy in this Circuit, Defendant's burden would be to show that no circumstances exist under which Plaintiffs' class allegations could be certified under Rule 23(b)(3) *Baba v. Hewlett-Packard Co., supra*. To do this, Apple certainly fails.

The gist of Apple's argument on this point is that potential differences in states' laws are enough to prove a predominance of individual issues – and at the pleading stage. However, it is wrong that such a categorical bar to certification exists. In fact, as the Advisory Committee to the 1966 Rule 23 Amendments advised, "a fraud perpetrated on numerous persons by use of similar misrepresentations may be an appealing situation for a class action..." Fed. R. Civ. P. 23, Advisory Committee Notes to 1966 Amendments, Subdivision (b)(3). When "[c]onfronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken a common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975).

These sentiments have been met with approval even outside the Ninth Circuit; in fact, where the common law claims are predicated on the same factual allegations and proof will be essentially the same, commonality may be found, "[e]ven if the law of different states might ultimately govern the common law claims-an issue that need not and is not decided at this juncture-certification of the class for the whole action is appropriate." *Walsh v. Chittenden Corp.*, 798 F.Supp. 1043, 1055 (D.Vt. 1992). "'The spectre of having to apply different substantive law (sic) does not warrant refusing to certify a class on the common-law claims.'" *Id.* (*quoting In re LILCO Securities Litigation*, 111 F.R.D. 663, 670 (E.D.N.Y. 1986)). In fact, even in situations where the laws of different states are in real conflict, sub-classes and/or other tools to promote efficiency can be utilized, so long as, in the

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

end, the action remains manageable. *See, e.g.*, *Shumacher v. Tyson Fresh Meats, Inc.*, 221 F.R.D. 605, 613 (D. S.D. 2004). Finally, Apple has raised no argument against why California law could not be applied nationwide; the claims are largely products of California state law, meaning that the body of jurisprudence would, naturally, emanate from California's state judicial opinions.

At the proper time, Plaintiffs will address class manageability; the FAC need only plead that the elements for satisfying Rule 23 exist, and it adequately does that.

## III. CONCLUSION

Defendant's Motion to Strike Plaintiffs' class allegations asks this Court to exceed the proper scope of review at the pleading stage and, even was that not so, Apple has failed to demonstrate that, under no set of circumstances, could Plaintiffs' claims succeed. As such, Plaintiffs respectfully request this Court deny the motion to strike or, at minimum, permit them leave to amend the Complaint to address any perceived deficiencies.

Dated: January 7, 2011

**SCOTT COLE & ASSOCIATES, APC**

By: /s/Matthew R. Bainer
Matthew R. Bainer, Esq.
Attorneys for Representative Plaintiffs
and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800