DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com
ERIC A. LONG (SB# 244147) ericlong@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. CV 10-3231 JF<br><br>**DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: January 28, 2011<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy D. Fogel<br><br>Complaint Filed: July 23, 2010<br>First Amended Complaint Filed: October 12, 2010 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. PLAINTIFFS MISREPRESENT THE STANDARD OF REVIEW ON APPLE'S MOTION TO DISMISS ........................................................................... 1

III. PLAINTIFFS' FRAUD AND FRAUD-BASED CLAIMS MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS ......................................................................................................................... 3

    A. Plaintiffs Inadequately Describe The Advertisement At Issue ................... 4

    B. Plaintiffs Reference To Representations They Did Not Rely Upon Proves The Inadequacy Of Their Allegations ......................................................... 5

    C. As Alleged, The Advertisement At Issue Does Not Create A Duty To Disclose ......................................................................................................... 6

    D. Plaintiffs Cannot Plead That Consumers Are Likely To Be Deceived ..... 8

IV. PLAINTIFFS' WARRANTY CLAIMS ARE EQUALLY FLAWED .............................. 9

    A. Plaintiffs' Express Warranty and Song-Beverly Act Claims Suffer Similar Pleading Deficiencies ................................................................................. 9

    B. Plaintiffs' Breach of Implied Warranty Claim Must Be Dismissed Because There Is No Breach ................................................................................... 10

V. PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE ANY MISCONDUCT ................ 11

VI. CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE ..................... 12

# TABLE OF AUTHORITIES

Page

### CASES

*al-Kidd v. Ashcroft*,
  580 F.3d 949 (9th Cir. 2009), *cert. granted*, 131 S. Ct. 415 (U.S. Oct. 18, 2010)
  (No. 10-98) ..................................................................................................................2

*Am. Suzuki Motor Corp. v. Superior Ct.*,
  37 Cal. App. 4th 1291 (1995) .....................................................................................11

*Ashcroft v. Iqbal*,
  __ U.S. __, 129 S. Ct. 1937 (2009)..............................................................................2

*Bardin v. Daimlerchrysler Corp.*,
  136 Cal. App. 4th 1255 (2006) .....................................................................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................................2

*Berenblat v. Apple Inc.*,
  2009 WL 2591366 (N.D. Cal. Aug. 21, 2009) ...........................................................11

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004) .......................................................................................4

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*,
  365 F.3d 835 (9th Cir. 2004) ........................................................................................4

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) ...................................................................................4, 7

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005).......................................................................................................1

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ..........................................................................................8

*Harlan v. Roadtrek Motorhomes, Inc.*,
  2009 WL 928309 (S.D. Ca. Apr. 2, 2009)..................................................................11

*Herrington v. Johnson & Johnson Consumer Cos.*,
  2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ..............................................................6

*Hoey v. Sony Electronics, Inc.*,
  515 F. Supp. 2d 1099 (N.D. Cal. 2007) .......................................................................7

# TABLE OF AUTHORITIES
### (continued)

Page

*Hovsepian v. Apple Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .................................................................. 12

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................................. 2, 4, 5, 6

*Kent v. Hewlett-Packard Co.*,
    2010 WL 2681767 (N.D. Cal. July 6, 2010) .................................................................... 11

*McDonnell Douglas Corp. v. Thiokol Corp.*,
    124 F.3d 1173 (9th Cir. 1997) ............................................................................................ 9

*Oestreicher v. Alienware*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ........................................................................ 7, 12

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................................... 6

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ............................................................................. 9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................................ 5, 6

*Werberl ex rel. v. Pepsico, Inc.*,
    2010 WL 2673860, at *5 (N.D. Cal. July 2, 2010) ............................................................ 4

### OTHER AUTHORITIES

Federal Rule of Civil Procedure 9(b) ........................................................................... 1, 2, 3, 5

Federal Rule of Civil Procedure Rule 12 ............................................................................ 1, 2

Federal Rule of Civil Procedure Rule 12(b)(6) ........................................................................ 5

## I. INTRODUCTION

Plaintiffs ignore both reality and the law, including important pleading standards. Based on a single advertisement allegedly depicting some general scenes of "outdoor" use of iPad and without providing any other details of the advertisement, Plaintiffs' amended complaint hopes to create a class action remedy based on the allegation that iPads do not operate properly in all possible environmental conditions. Plaintiffs' allegations cite to no misrepresentation by Apple regarding iPad's operation, nor any duty requiring Apple to affirmatively describe iPad's operation in all possible environmental conditions. Simply put, the conduct alleged is not fraud, nor is it a violation of California's various consumer protection statutes or a breach of warranty. Apple's motion should be granted.

## II. PLAINTIFFS MISREPRESENT THE STANDARD OF REVIEW ON APPLE'S MOTION TO DISMISS.

In the normal course of motion practice, there is no dispute as to the applicable standards of review. But here, Plaintiffs' opposition brief either misstates or misrepresents the standards governing Rule 12 motions in cases like this one in three material respects.

*First*, as with Plaintiffs' opposition to Apple's Motion To Strike, Plaintiffs assert a right to discovery where the complaint lacks plausible factual allegations and fails to satisfy the additional requirements of Rule 9(b). Throughout their opposition, Plaintiffs claim in effect that "discovery will reveal something," (Opp. at 6:5-6 ("the discovery Plaintiffs will conduct is expected to reveal…")), and that review of their claims should await that discovery from Apple. Plaintiffs have it backwards. Plaintiffs must allege a claim with sufficient factual detail before they are entitled to discovery. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (approving early examination of pleadings so that a plaintiff with "a largely groundless claim" is not allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value") (citations omitted). Plaintiffs have not established their right to discovery.

*Second*, Plaintiffs argue the Court must not dismiss their complaint "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him

to relief." Opp. at 2:5-8. The Supreme Court expressly rejected this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007), and re-affirmed the plausibility standard in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). In *Twombly*, the Court held that before a plaintiff can impose upon a defendant the considerable burden and expense of class action litigation, the plaintiff must plead her claims with sufficient detail so that it is plausible from the face of the complaint that the defendant could be held liable. *Twombly*, 550 U.S. at 570.[1] Plaintiffs have not done so.

***Third***, Plaintiffs completely avoid discussing the pleading requirements set forth in *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), the Ninth Circuit's controlling opinion in false advertising cases like this one. Indeed, Plaintiffs do not cite *Kearns* once in their entire opposition brief. In *Kearns*, the Ninth Circuit held that both fraud and nondisclosure claims – under common law and California's consumer protection statutes – must be pleaded with particularity as required by Rule 9(b). *Kearns*, 567 F.3d at 1127. *Kearns* specifically involved a putative class action lawsuit brought under both the UCL and CLRA asserting false and misleading advertising (and omissions) about Ford's pre-owned vehicles. *Id*. at 1120. The court held that a party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *Id.* at 1124 (emphasis in original) (citations omitted). "[Plaintiff's] claims of nondisclosure were couched in general pleadings alleging [an] intent to conceal [information] from customers…. Such general pleadings do not satisfy the heightened pleading requirements of Rule 9(b). Therefore, we hold that [Plaintiff's] nondisclosure claims are claims of fraud and were properly dismissed for not being sufficiently pleaded." *Id.* at 1127. The same is true here.

Plaintiffs' misstatement or willful blindness to the applicable pleading standards is important. Like their original pleading,[2] Plaintiffs' First Amended Complaint fails to state any

---

[1] Plaintiffs cite *al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009), *cert. granted*, 131 S. Ct. 415 (U.S. Oct. 18, 2010) (No. 10-98), without mentioning that the government's petition for certiorari had been granted by the Supreme Court, or that *al-Kidd* did not involve the additional pleading requirements of Rule 9(b). In *al-Kidd*, the Ninth Circuit concluded only that plaintiff had stated sufficient facts to state a tort claim under § 1983.

[2] Plaintiffs' decision to amend and to seek comment from Apple on their proposed new allegations is of no consequence to this Court when deciding a motion under Rules 9(b) and 12.

1  claim against Apple. Plaintiffs have neither identified in specific detail the representation they
2  allegedly relied upon, nor do they meet the demands of Rule 9(b). Plaintiffs try to get around
3  these failures by arguing backwards. They seek discovery before properly stating a claim and they
4  ask this Court to apply a standard the Supreme Court has rejected. Pleading standards matter.
5  The implication from Plaintiffs' failure to apply the correct standards here confirms that Apple's
6  motion to dismiss should be granted.

### III. PLAINTIFFS' FRAUD AND FRAUD-BASED CLAIMS MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS.

Apple showed in its opening brief why Plaintiffs' claims for fraud, intentional misrepresentation,[3] and negligent misrepresentation, and their fraud-based statutory claims under the FAL, CLRA, and UCL fail as a matter of law.

In opposition, Plaintiffs merge the discussion of these claims, and make two basic arguments: (a) Plaintiffs have pleaded enough for Apple to be required to file an Answer and to answer discovery, and (b) Plaintiffs adequately allege reliance. Plaintiffs' arguments are unavailing under the facts (as alleged) and the law for four reasons: (1) the single advertisement Plaintiffs allege they relied upon has not been described with reasonable particularity; (2) Plaintiffs cannot buttress their claims with representations they concede Apple did not make to them; (3) Apple had no duty to disclose any alleged use limitation based on the single advertisement at issue; and (4) as a matter of law the Court may decide that no reasonable consumer would be deceived by the advertisement described by Plaintiffs.

Plaintiffs do not allege that they cannot generally use their iPads outdoors.[4] Instead, they complain that in certain conditions their iPads shut down temporarily until they return to an appropriate operating temperature. Without a specific representation by Apple to Plaintiffs that

---

[3] Plaintiffs allege "fraud" and "intentional misrepresentation" as separate causes of action but the claims are identical under California law. In their opposition brief, Plaintiffs do not assert that they are different in any way.

[4] Plaintiffs claim in their opposition – contrary to their allegations – that their iPads do not function outdoors, but that is not what Plaintiffs allege in their complaint. In fact, Plaintiffs concede that their iPads function properly in all other circumstances, and even when they allege that iPad powers down, they acknowledge that it may be used again as soon as "the product sufficiently cools[.]" (First Amended Complaint ("FAC") ¶ 114.)

1  their iPads would not operate in this manner, Plaintiffs can prove no set of facts in support of any
2  claim against Apple.

3       **A.**       **Plaintiffs Inadequately Describe The Advertisement At Issue.**

4  To state a claim for fraud or negligent misrepresentation under California law, Plaintiffs
5  must specifically plead the facts underlying the alleged misrepresentation (false representation,
6  concealment or nondisclosure, as well as justifiable reliance and resulting damage). *City*
7  *Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004); *Werberl ex*
8  *rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *5 (N.D. Cal. July 2, 2010); *Cadlo v. Owens-Illinois,*
9  *Inc.*, 125 Cal. App. 4th 513, 519 (2004). Plaintiffs must do the same to state claims under
10 California's consumer protection statutes. *Kearns*, 567 F.3d at 1127; *Daugherty v. Am. Honda*
11 *Motor Co.*, 144 Cal. App. 4th 824, 834 (2006) (plaintiff must identify a specific misrepresentation
12 by the manufacturer that its product had a characteristic or quality that it does not have).

13 Here, Plaintiffs do not allege any advertisements or representations made to them *by Apple*
14 *before purchase* specifically promising the particular performance they claim to be entitled to.
15 Instead, Plaintiffs identify four representations, but those representations do not support the claims
16 Plaintiffs assert.

17 In Paragraph 21, Plaintiffs identify four potential sources of misrepresentations: (a) the
18 product specifications found on Apple's website, (b) a website statement that "[r]eading on iPad is
19 just like reading a book," (c) an unidentified television advertisement aired around the time iPad
20 was released, and (d) another "commercial" posted at some unspecified time on Apple's website.
21 (FAC ¶ 21.) Plaintiffs – and not all of them[5] – allegedly saw one Apple television commercial
22 depicting "outdoor" use. Plaintiffs concede they saw only the commercial referenced in Paragraph
23 21.c. Opp. at 7:6-14. No Plaintiff in this case claims to have seen the representations alleged in
24 Paragraphs 21.a, 21.b or 21.d – either before purchase or at any time.

25 Further still, within Paragraph 21.c regarding the advertisement depicting outdoor use,

---

[5] As discussed in Apple's opening brief, Plaintiff Browning does not claim to have relied on the advertisement referenced in Paragraph 21.c. In fact, he fails to specify that he relied on any representation made by Apple, when anything was said, or what was said. Without any claim of specific reliance, each of Browning's claims should be dismissed.

-4-      APPLE INC.'S REPLY BRIEF ISO MOTION
Case No. CV 10-3231 JF      TO DISMISS FIRST AMENDED COMPLAINT

1  Baltazar and Keller fail to allege with any particularity how they relied upon any specific alleged
2  misleading statement in the commercial. Plaintiffs contend that the commercial is described in
3  unambiguous detail but the complaint says nothing more than it is a commercial "depicting use of
4  the iPad in various places, including outdoor locations such as a sidewalk cafe, front steps of a
5  building, and on a grassy lawn, among others." (FAC ¶¶ 21.c, 25, 30; *see also* FAC ¶ 28.)
6  Plaintiffs offer their conclusion that the allegations referring to depictions of open-air use at, for
7  example, a sidewalk cafe or on a grassy lawn "very specifically describe the type of use" Apple
8  represented. From this generic description, Plaintiffs contend that by that single advertisement
9  Apple promised performance in a potential multitude of scenarios ***not*** specifically shown by
10 Apple; Plaintiffs, for example, have never alleged the conditions of use represented in that
11 commercial or what verbal representations were made. Plaintiffs' fraud-based theories provide
12 nothing more than vague and conclusory allegations that images of iPad use outdoors are
13 fraudulent and allegedly violate various consumer statutes.

14    As the court concluded in *Kearns*, Plaintiffs have done no more than set forth neutral facts
15 identifying the existence of a television commercial depicting some outdoor uses of iPad. This is
16 insufficient to state fraud-based claims under Rule 12(b)(6) and Rule 9(b). The "outdoors"
17 encompasses a vast array of possible weather conditions, including temperature extremes, levels
18 of humidity, solar intensity, precipitation — to name just a few conditions. The commercial is not
19 before the Court, and Plaintiffs do not adequately describe the use conditions or Apple's verbal
20 representations in the commercial to conclude anything other than their claims are hopelessly
21 vacuous.

22    **B.    Plaintiffs Reference To Representations They Did Not Rely Upon Proves The Inadequacy Of Their Allegations.**
23

24    Without more than a generic promise based on one advertisement depicting "outdoor" use,
25 Plaintiffs argue that the Court should consider the other representations about iPad alleged in the
26 complaint. Under *Kearns*, only advertising relied upon by Plaintiffs may be considered. *Kearns*,
27 567 F.3d at 1127. Plaintiffs cannot plead reliance on statements irrelevant to their purchase of
28 iPad. Accordingly, Plaintiffs cannot sustain their many claims that sound in fraud based on

1 representations the complaint merely identifies as existing in the marketplace. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-06 (9th Cir. 2003) (requiring "who, what, when, where, and how" of the misconduct charged").

Plaintiffs also ignore the fact that some of the representations referenced in the complaint were *post-purchase* statements. Comments in technology circles (FAC ¶¶ 32-33), the video "commercial" on Apple's website (FAC ¶ 21.d), and even the operating temperatures referenced on Apple's website (FAC ¶ 21.a.) are not "representations" that Plaintiffs allege they relied upon *before* purchasing iPad. Post-purchase marketing and comments of third-parties after purchase are irrelevant to the question of whether Apple made false statements to Plaintiffs *before* their respective transactions which allegedly *induced them* to purchase an iPad. *Herrington v. Johnson & Johnson Consumer Cos.*, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010) (plaintiffs must "plead the circumstances in which they were exposed to these statements" and "upon which of these misrepresentations they relied in making their purchase of products."). In light of these considerations, Plaintiffs' fraud and fraud-based claims should be dismissed.

### C. As Alleged, The Advertisement At Issue Does Not Create A Duty To Disclose.

Should Plaintiffs' opposition brief be read to assert an omission theory, Plaintiffs still fail to allege facts which would give rise to a duty to disclose. Under *Kearns*, to plead the circumstances of omission with specificity, Plaintiffs must describe what has been said and what has been omitted and where the omitted information should or could have been revealed. 567 F.3d at 1127. Plaintiff also must describe in specific detail the advertisement(s) or other representations made by Apple that they relied upon before they made their purchases which failed to include the allegedly omitted information. *Id*. at 1126-27; *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009) ("Yonai fails to describe with specificity representations made by Apple with respect to the display's component parts that would give rise to a duty to disclose, [or] how he relied on such partial disclosures[.]").

Plaintiffs Baltazar and Keller claim that they relied on the commercial described in Paragraph 21.c.[6] All other advertising material referenced in the complaint has nothing to do with

---

[6] Plaintiffs ignore that Plaintiff Browning has not alleged reliance on any specific

1  Plaintiffs. Based on the one commercial depicting general outdoor use, Plaintiffs make no effort
2  to specify what Apple represented in the commercial (other than a few general depictions of use in
3  open air settings). Plaintiffs do not detail what, if any, affirmative statements are included in the
4  commercial – either through voice over or in written text. Instead, Plaintiffs claim it was fraud
5  merely to depict "outdoor" use of iPad. Plaintiffs have not adequately described what Apple
6  affirmatively stated or how those depictions were contextualized to state a claim that Apple
7  omitted something. They have identified nothing in Apple's commercial that is materially false
8  that would give rise to a duty to disclose the performance issue alleged in the FAC.

9        A plaintiff cannot state a claim by merely alleging that he expects more from a product
10 than the manufacturer promised. *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1270
11 (2006) (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965)). California courts have
12 consistently held that a manufacturer has no duty to disclose something absent a hazard that
13 impacts the safety of the product or a partial statement giving rise to the need to clarify. *See*
14 *Daugherty*, 144 Cal. App. 4th at 835. Therefore, in addition to lacking sufficient detail, Plaintiffs
15 have neither alleged a hazardous condition arising from the alleged performance issue, nor a
16 partial statement requiring clarification on which they can base a claim that Apple failed to
17 disclose certain details about iPad's performance.

18       Plaintiffs attempt to distinguish *Daugherty*, 144 Cal. App. 4th at 835 (affirming dismissal
19 of CLRA claim alleging that car manufacturer failed to disclose engine defects because
20 manufacturer did not make contrary representations about the engine), and similar cases like
21 *Oestreicher v. Alienware*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008), and *Hoey v. Sony*
22 *Electronics, Inc.*, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007). Plaintiffs read those cases to
23 mean that the plaintiffs failed to allege any misrepresentation related to the claims. Opp. at 6 n.16.
24 In each of those cases, the plaintiffs identified a "misrepresentation" about the product at issue.
25 Despite those allegations, each court determined the plaintiffs had failed to identify how any
26 representation was contrary to something the manufacturer should have disclosed.

27
28 representation made by Apple.

Case No. CV 10-3231 JF     -7-    APPLE INC.'S REPLY BRIEF ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Here, Plaintiffs' allegations are virtually identical to the ones at issue in *Daugherty*, *Oestreicher*, and *Hoey*. Plaintiffs merely identify an Apple television commercial. Plaintiffs do not identify with sufficient particularity where Apple made any affirmative representation(s) in that commercial that contradicts its alleged omissions. Depictions of general outdoor use alone cannot suffice.

Plaintiffs seem to concede that they have put too much emphasis on the television commercial they (Baltazar and Keller) allegedly viewed. In an apparent effort to bolster their interpretation of the commercial, Plaintiffs allege that Apple misrepresented iPad's use not by any of Apple's own representations, but *through totally subjective expectations held by Plaintiffs regarding different "e-readers (e.g., the Amazon Kindle)." See* Opp. at 6:1-9; *see also* FAC ¶ 19. To rely on that type of market comparison, Plaintiffs must identify a specific statement made by Apple comparing iPad to e-reader products. Plaintiffs have not so alleged. Nor could they. Instead, Plaintiffs merely allege that they believe (based on no representations from Apple) that the products exist together in the marketplace and that the iPad is a competing product. Such general and subjective market-based expectations – in the absence of specific representations by Apple – provide no support for Plaintiffs' omission-based claims under the CLRA, UCL, or FAL.

### D. <u>Plaintiffs Cannot Plead That Consumers Are Likely To Be Deceived.</u>

This Court may decide as a matter of law whether a reasonable consumer would be deceived by the advertisement alleged to be at issue. *Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (affirming trial court's 12(b)(6) dismissal of FAL, CLRA, and UCL claims). Based only on an advertisement showing some general use of iPad outdoors (among other uses) no reasonable consumer would believe that an electronic device like iPad could be used in every possible environmental condition.

Even with extensive discovery from Apple (which Plaintiffs are not entitled to), Plaintiffs could not explain why depictions of general "outdoor use" would reasonably deceive consumers,[7]

---

[7] Plaintiffs all but abandon their reliance on the representation that "[r]eading on iPad is just like reading a book." Even assuming reliance (which is not pleaded), for all of the reasons stated in Apple's Motion to Dismiss, the Court may conclude that this statement is non-actionable puffery as a matter of law. Mot. at 12:9-13:5.

especially where there is no allegation that iPad cannot be used outdoors. Rather, Plaintiffs allege only that they personally have abandoned using their iPad outdoors. (FAC ¶¶ 27, 29.) Plaintiffs acknowledge that they did not actually rely on the ambient temperature ranges referenced in the complaint. (FAC ¶ 21.a.) Plaintiffs' description of the television commercial they saw before purchasing their iPads (again, only Baltazar and Keller allege they saw the commercial referenced in Paragraph 21.c) says nothing about the environmental conditions depicted in those "outdoor" settings. Plaintiffs' allegations do not support common-law fraud, CLRA, UCL or FAL claims. Plaintiffs' fraud and consumer protection claims should be dismissed on this ground alone.

Because no reasonable consumer would likely be deceived by a commercial depicting outdoor use as alleged in the FAC, Plaintiffs' claims must fail. Plaintiffs' characterization of the commercial fails to provide any specific details, and suffers from a complete lack of context, *e.g.*, what was stated and what type of outdoor use was depicted. Plaintiffs fail to allege the existence of any Apple advertisement or other representation that expressly promised iPad could be used in the specific manner they allege.

## IV. PLAINTIFFS' WARRANTY CLAIMS ARE EQUALLY FLAWED.

### A. Plaintiffs' Express Warranty and Song-Beverly Act Claims Suffer Similar Pleading Deficiencies.

Similar to Plaintiffs' fraud and fraud-based claims, no reasonable consumer would expect Apple's warranty to provide the contract Plaintiffs demand. To state a claim for breach of express warranty or for a violation of the Song-Beverly Consumer Warranty Act under California law, a plaintiff must allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty that proximately caused plaintiff's injury. *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997); *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010) (actual reliance required to state Song-Beverly claim).

Plaintiffs' express warranty claims are not based on Apple's written One Year Limited Warranty.[8] In fact, Plaintiffs ignore Apple's warranty and seek to graft on advertisements on

---

[8] *See* Doc. Nos. 29, 30, 30-1, Apple's Request For Judicial Notice & Long Decl. ¶2, Ex. A (Apple's One (1) Year Limited Warranty).

1 which Plaintiffs did not rely. As explained in detail in Section III, *supra*, the only representation allegedly relied on by Plaintiffs Baltazar and Keller is contained in Paragraph 21.c: "APPLE released a commercial depicting use of the iPad in various places, including outdoor locations such as a sidewalk cafe, front steps of a building, and on a grassy lawn, among others." (*See* FAC ¶¶ 25, 30.) Without alleging the exact terms of the warranty under which Plaintiffs are bound, Plaintiffs' addition of the one commercial to the bargain does not allege a breach of warranty.

To add additional promotional statements or depictions to the written warranty, Plaintiffs must have relied on the advertisements they cite, i.e., the phrase "just like a book" (FAC ¶ 21.b) and the ambient temperature range referenced in the product specifications (FAC ¶ 21.a), operating "iPad in a place where the temperature is between 0° and 35° C (32° to 95° F)." Opp. at 13:14-17; *see also* FAC ¶ 82. Plaintiffs do not identify any one of those representations as one they saw **before** their purchases. As a result, Plaintiffs fail to allege reasonable reliance on any statement to augment the written warranty.

Further, Plaintiffs cite no authority for their conclusion that a single commercial depicting use in general "outdoor locations" constitutes an actionable affirmation of fact. Even if vague depictions in a commercial can be an affirmation of fact, here Apple affirmed only that iPad could be used outdoors (which it obviously can and is), not that it could be used in any and all possible outdoor environmental conditions. As alleged, Apple depicted images of use in general open-air locations. Plaintiffs' allegations of reliance on these vague images are not sufficient to support their breach of express warranty or Song-Beverly claims as pleaded in their complaint.

**B. Plaintiffs' Breach of Implied Warranty Claim Must Be Dismissed Because There Is No Breach.**

Plaintiffs suggest that as long as they don't expect their iPads "to make cappuccinos" (Opp. at 15:12) they adequately state a claim for breach of an implied warranty. Based on Plaintiffs' allegations and as a matter of law, iPad is merchantable and fit for its ordinary purpose.

Based solely on their subjective view that a television commercial showing some general images of use outdoors warrants use in every conceivable outdoor environmental condition, Plaintiffs allege that their iPads are unfit for ordinary use. Plaintiffs concede, however, that their

1  iPads are operable immediately after "overheat[ing]" once "the product sufficient cools[.]"  (FAC
2  ¶ 114.)  Plaintiffs also do not allege that they have been unable to use their iPads at other times.  In
3  fact, Plaintiffs acknowledge that they continue to use their iPads, and that they use them as
4  portable devices.  They simply allege they have "abandoned" use outside in the sun in certain
5  conditions.  (FAC ¶¶ 27 ("outdoors"), 29 ("direct sunlight").)  Plaintiffs point to nothing that
6  would suggest that iPad is not fit for use in its ordinary purposes, nor do they identify where
7  Apple promised them the specific use they demand.  Plaintiffs' allegations fall short of showing
8  that iPad is unusable or fails to serve its ordinary purpose.  *See Kent v. Hewlett-Packard Co.*, 2010
9  WL 2681767, at *4 (N.D. Cal. July 6, 2010) (dismissing implied warranty claims where it was not
10 alleged how often plaintiffs' computers exhibited the problems); *Am. Suzuki Motor Corp. v.
11 Superior Ct.*, 37 Cal. App. 4th 1291, 1295 (1995) (warranty of merchantability does not "impose a
12 general requirement that goods precisely fulfill the expectation of the buyer[.]").
13       Even Plaintiffs' case law recognizes this point.  In *Harlan v. Roadtrek Motorhomes, Inc.*,
14 2009 WL 928309, *8 (S.D. Ca. Apr. 2, 2009), the district court noted that "[t]he core test for
15 merchantability is fitness for the ordinary purpose for which a good is used.  The implied warranty
16 of merchantability does not impose a general requirement that goods precisely fulfill the
17 expectation of the buyer."  *Id.* (internal quotations and citations omitted).  Plaintiffs demand more
18 than operating parameters within the temperature range alleged (FAC ¶ 113) and more than
19 outdoor use.  (FAC ¶ 21.)  This is not a breach of an implied warranty, as the only allegation
20 Plaintiffs provide is that "iPad is virtually unusable when sitting in particular environmental
21 conditions (e.g., in direct sunlight in connection with virtually any ambient air temperature)."
22 (FAC ¶ 23.)

23 **V.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED
         BECAUSE THE COMPLAINT FAILS TO ALLEGE ANY MISCONDUCT.**
24

25       This Court has repeatedly rejected the argument that unjust enrichment is a stand-alone
26 cause of action.  *Berenblat v. Apple Inc.*, 2009 WL 2591366, at *10 (N.D. Cal. Aug. 21, 2009) ("a
27 claim for unjust enrichment cannot stand alone without a cognizable claim under a quasi-
28 contractual theory or some other form of misconduct") (citing *Melchior v. New Line Prods., Inc.*,

106 Cal. App. 4th 779, 793 (2003) ("there is no cause of action in California for unjust enrichment")); *Hovsepian v. Apple Inc.*, 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (same); *see also Oestreicher,* 544 F. Supp. 2d at 975.  Plaintiffs continue to maintain that unjust enrichment is a stand-alone cause of action.  These arguments should be rejected for the same reason this Court has repeatedly rejected them.  Plaintiffs have failed to state claims for fraud, violation of the UCL, CLRA or FAL, and breach of warranty, and thus their unjust enrichment claim should be dismissed with prejudice.

### VI.   CONCLUSION:  DISMISSAL WITH PREJUDICE IS APPROPRIATE.

Approving Plaintiffs' First Amended Complaint would permit class-actions and class-wide discovery any time a business published an advertisement depicting anything in general, irrespective of context or what was actually stated in the advertisement.  Any general depiction could be viewed to guarantee any number of specific things not promised by the manufacturer, even in the absence of a specific representation.  California law and federal pleading standards do not support Plaintiffs' theory.  For the reasons set forth above, Plaintiffs' FAC should be dismissed with prejudice.

DATED:  January 14, 2011                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:       /s/ Thomas A. Counts
                THOMAS A. COUNTS

Attorneys for Plaintiff
APPLE INC.


LEGAL_US_W # 66877731