1  DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
2  515 South Flower Street
   Twenty-Fifth Floor
3  Los Angeles, CA  90071
   Telephone:  (213) 683-6000
4  Facsimile:  (213) 627-0705

5  THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com
   ERIC A. LONG (SB# 244147) ericlong@paulhastings.com
6  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
7  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
8  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
9
   Attorneys for Defendant
10 APPLE INC.

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14 | JACOB BALTAZAR, CLAUDIA          | CASE NO. CV 10-3231 JF
   | KELLER, JOHN R. BROWNING,        |
15 | individually, and on behalf of all others | **DEFENDANT APPLE INC.'S REPLY BRIEF
   | similarly situated,              | IN SUPPORT OF ITS MOTION TO STRIKE
16 |                                   | CLASS ALLEGATIONS FROM
   |           Plaintiffs,             | PLAINTIFFS' FIRST AMENDED
17 |                                   | COMPLAINT**
   |     vs.                           |
18 |                                   | Date:   January 28, 2011
   | APPLE INC.,                       | Time:   9:00 a.m.
19 |                                   | Dept.:  Courtroom 3, 5th Floor
   |           Defendant.              | Judge:  Hon. Jeremy D. Fogel
20 |                                   |
21 |                                   | Complaint Filed:  July 23, 2010
                                        First Amended Complaint Filed: October 12, 2010

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFFS' CLASS ALLEGATIONS SUFFER PLAIN LEGAL INSUFFICIENCIES AND THUS SHOULD BE STRICKEN ...........................................1

    A. The Proposed Classes Include Members Who Have No Standing.........................3

    B. The Proposed Nationwide Classes Under the CLRA and UCL Are Improper ..................................................................................................................5

    C. Plaintiffs' CLRA Class Improperly Includes Non-Consumers ...............................6

    D. Plaintiffs' Fraud and Fraud-Based Claims Are Fraught With Individual Issues........................................................................................................................7

    E. Plaintiffs' Requested Injunctive Relief Is Incidental To Damages And Is Not Proper Under Rule 23(b)(1) and (b)(2)............................................................8

III. CONCLUSION.....................................................................................................................9

# TABLE OF AUTHORITIES

Page

**CASES**

*American Suzuki Motor Corp. v. Superior Ct.*,
   37 Cal. App. 4th 1291 ................................................................................................4

*Ashcroft v. Iqbal*,
   __ U.S. __, 129 S. Ct. 1937 (2009) ..........................................................................2, 3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................2

*Bennett v. Nucor Corp.*,
   2005 U.S. Dist. LEXIS 44117 (E.D. Ark. July 5, 2005) ..........................................1

*Bishop v. Saab Auto. A.B.*,
   1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) ........................................4

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996) ........................................................................1

*California Grocers Ass'n v. Bank of America*,
   22 Cal. App. 4th 205 (1994) .....................................................................................7

*Castano v. American Tobacco Co.*,
   84 F.3d 734 (5th Cir. 1996) ......................................................................................7

*Cole v. Gen. Motors Corp.*,
   484 F.3d 717 (5th Cir. 2007) ................................................................................7, 8

*Collins v. Gamestop Corp.*,
   2010 WL 3077671 (N.D. Cal. Aug. 6, 2010) ..........................................................1

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d. Cir. 2006) .................................................................................3, 4

*Dukes v. Wal-Mart Stores, Inc.*,
   603 F.3d 571 (9th Cir. 2010) (en banc) .................................................................8, 9

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ..................................................................................................3

*General Tel. Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................................2

**TABLE OF AUTHORITIES**
(continued)

Page

*Green v. Occidental Petroleum Corp.*,
    541 F.2d 1335 (9th Cir. 1976) ............................................................................................... 8

*In re Copper Antitrust Litig.*,
    196 F.R.D. 348 (W.D. Wisc. 2000) ....................................................................................... 5

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*,
    241 F.R.D. 305 (S.D. Ill. 2007) ............................................................................................. 8

*In re Tobacco II*,
    46 Cal. 4th 298 (2009) .......................................................................................................... 8

*In re Wal-Mart Stores*,
    505 F. Supp. 2d 609 (N.D. Cal. 2007) .................................................................................. 2

*Kamm v. California City Development Co.*,
    509 F.2d 205 (9th Cir. 1975) ................................................................................................ 2

*Kay v. Wells Fargo & Co. N.A.*,
    2007 WL 2141292 (N.D. Cal. July 24, 2007) ...................................................................... 1

*Lee v. American National Insurance Co.*,
    260 F.3d 997 (9th Cir. 2001) ................................................................................................ 5

*Martin v. Dahlberg, Inc.*,
    156 F.R.D. 207 (N.D. Cal. 1994) .......................................................................................... 7

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003), *overruled by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d
    571 (9th Cir. 2010) (en banc) ............................................................................................... 8

*Nelson v. King County*,
    895 F.2d 1248 (9th Cir. 1990) .............................................................................................. 8

*Norwest Mortgage, Inc. v. Superior Ct.*,
    72 Cal. App. 4th 214 (1999) ............................................................................................. 5, 6

*Pella Corp. v. Saltzman*,
    606 F.3d 391 (7th Cir. 2010) ................................................................................................ 4

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................................. 4

*Shady Grove Orthopedic Assocs., P. A. v. Allstate Ins. Co.*,
    559 U. S. __, 130 S. Ct. 1431 (2010) ................................................................................... 4

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Vinole v. Countrywide Home Loans, Inc.*,
 571 F.3d 935 (9th Cir. 2009) ..................................................................................................2

*Wang v. Chinese Daily News*,
 623 F.3d 743 (9th Cir. 2010) ................................................................................................8, 9

**STATUTES**

California Code of Civil Procedure § 14 ........................................................................................6

California Code of Civil Procedure § 1761(d) ................................................................................7

California Code of Civil Procedure § 1780(a) ................................................................................6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8 ..................................................................................................3

Federal Rule of Civil Procedure 12(f) .........................................................................................1, 3

Federal Rule of Civil Procedure 23 .........................................................................................*passim*

Federal Rule of Civil Procedure 23(b)(1) ................................................................................3, 8, 9

Federal Rule of Civil Procedure 23(b)(2) ...................................................................................8, 9

Federal Rule of Civil Procedure 23(b)(3) ...................................................................................7, 8

Federal Rule of Civil Procedure 23(c)(1)(A) ..................................................................................1

Federal Rule of Civil Procedure 23(d)(1)(D) ..................................................................................1

## I. INTRODUCTION

Plaintiffs believe the Court should deny Apple's motion to strike their class allegations, even those that are facially defective as a matter of law, because Plaintiffs have not had discovery. Plaintiffs would have Apple engage in costly and burdensome class-wide discovery and further motion practice based on patently deficient class allegations that improperly define the classes. Plaintiffs' proposed approach is contrary to Ninth Circuit authority and decisions of other courts, including the United States Supreme Court. Those cases have recognized that it can be appropriate to strike class allegations at the outset. Here, the class allegations of Plaintiffs' First Amended Complaint demonstrate that even the basic requirements for maintaining a class action cannot be met. Thus, Apple's motion to strike should be granted.

## II. PLAINTIFFS' CLASS ALLEGATIONS SUFFER PLAIN LEGAL INSUFFICIENCIES AND THUS SHOULD BE STRICKEN.

Rule 12(f) authorizes the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) functions to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citations omitted); *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (granting motion to strike class allegations at the pleading stage); *Collins v. Gamestop Corp.*, 2010 WL 3077671, at *1 (N.D. Cal. Aug. 6, 2010) (granting in part motion to strike class allegations at pleadings stage). Further, a motion to strike class allegations is also governed by Rule 23, which permits the Court to decide the certification issue "[a]t an early practicable time[.]" Fed. R. Civ. P. 23(c)(1)(A); *see, e.g., Bennett v. Nucor Corp.*, 2005 U.S. Dist. LEXIS 44117, at *7 (E.D. Ark. July 5, 2005) (granting motion to strike class). Rule 23(d)(1)(D) further provides that the Court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D).

Plaintiffs contend motions to strike class allegations are "doubly disfavored," but no less authority than the United States Supreme Court has noted that "[s]ometimes the issues are plain

enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim[.]" *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

Apple's motion to strike is further based on compelling authority from this Circuit, including the Ninth Circuit's decision in *Kamm v. California City Development Co.,* 509 F.2d 205 (9th Cir. 1975). Plaintiffs' opposition largely consists of a campaign to have the Court declare Apple's motion premature, without giving due consideration to the merits of the motion. The Court should recognize Plaintiffs' efforts for what they are: a concession that their class allegations are facially defective. In *Kamm*, 509 F.2d at 210-12, the Ninth Circuit held that certain class issues may be resolved without discovery, including striking class allegations at the pleading stage.

The cases cited by Plaintiffs in their opposition validate this approach. The recent Ninth Circuit authority cited by Plaintiffs in fact held that class certification can be denied **before** a plaintiff has filed a motion for class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted … lies within the sound discretion of the trial court.'") (quoting *Kamm*, 509 F.2d at 209). Even the district court in *In re Wal-Mart Stores*, 505 F. Supp. 2d 609 (N.D. Cal. 2007), another case Plaintiffs cite in their effort to get discovery, while ultimately leaving its resolution of the plaintiffs' class allegations to a later day, recognized "that class allegations may be stricken at the pleadings stage." 505 F. Supp. 2d at 615 (citing *Kamm*, 509 F.2d at 212).

Plaintiffs' proposed framework for this putative consumer class action puts the discovery process (and specifically Plaintiffs' desire to pursue discovery) ahead of the adequacy of their pleadings. This approach is contrary to law and would permit Plaintiffs to use the class-action mechanism as a discovery tool. The Supreme Court has continued to emphasize the practical significance of pleadings. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (recognizing that careful case

1  management of the discovery process is not a solution to "the question presented by a motion to
2  dismiss a complaint for insufficient pleadings").

3  In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005), for example, the
4  Court explained that without early examination of pleadings, a plaintiff with "a largely groundless
5  claim" would be allowed to "take up the time of a number of other people, with the right to do so
6  representing an *in terrorem* increment of the settlement value[.]" (citations omitted). The Court's
7  reasoning in *Dura Pharmaceuticals*, *Twombly*, and *Iqbal*, each of which considered the pleading
8  requirements of Rule 8, applies with equal force to Plaintiffs' argument that their class allegations
9  should not be examined and dismissed before discovery has commenced and/or a motion to
10 certify has been filed.

11 Pursuant to Rule 12(f) and Rule 23, Apple identified no fewer than five deficiencies in
12 Plaintiffs' proposed class definitions: the nationwide class ("[a]ll persons who purchased, within
13 the United States,…iPad") and the California class ("[a]ll persons who purchased, within the
14 State of California,… iPad"). As pleaded, Plaintiffs' proposed classes (1) improperly include
15 members who have suffered no alleged injury and thus have no standing; (2) improperly include
16 non-resident plaintiffs who rely on conduct outside California; (3) improperly include non-
17 consumers, including corporations; (4) are based on claims where individual issues predominate
18 and a class action is not the superior method for the adjudication of rights; and (5) improperly
19 define the classes under Rules 23(b)(1) and (2) where monetary damages predominate. These
20 pleading deficiencies can and should be resolved now.

21     **A.**     <u>**The Proposed Classes Include Members Who Have No Standing.**</u>

22 Plaintiffs do not dispute that their class definitions are not limited to those who have
23 experienced the alleged technological limitation at issue in their complaint. Nor do Plaintiffs
24 allege that all class members are certain to experience this purported limitation. Plaintiffs claim,
25 instead, that the obvious standing issues of their First Amended Complaint ought not to be
26 resolved at the class certification stage.

27 Class allegations should be stricken at the pleading stage when the class, as defined,
28 includes uninjured class members. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d. Cir.

2006) ("no class may be certified that contains members lacking Article III standing."). This Court too has held that "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). In this case, Apple's motion is not premature, because the issues presented are evident from the pleadings.

Plaintiffs do not allege that every iPad purchaser will experience the purported thermal shutdown alleged in their complaint. Further, Plaintiffs do not claim that all purchasers would even be likely to experience this alleged shutdown. Therefore, the Court need do nothing more than accept Plaintiffs' allegations as true to conclude that putative class members who will not experience the alleged technological issue have no injury and thus have no standing to sue. The Court may readily observe from Plaintiffs' pleadings alone (and infer from Plaintiffs' effort in their opposition brief to implore the Court to wait until a later date) that their class allegations are improper. *See Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890, at *13-14 (C.D. Cal. Feb. 16, 1996) (finding plaintiff-purchasers lacked standing where they had yet to experience any injury); *see also American Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1299 (reversing class certification where previously certified class included individuals who suffered no injury).[1]

Plaintiffs also misunderstand federal law. In fact, Plaintiffs spend a portion of their opposition discussing "California state court practice." *See* Opp. at 2. Plaintiffs cannot avoid Rule 23 in federal court. *See Shady Grove Orthopedic Assocs., P. A. v. Allstate Ins. Co.*, 559 U.S. __, 130 S. Ct. 1431, 1438 (2010) ("Rule 23 automatically applies 'in all civil actions and proceedings in the United States district courts[.]'") (citations omitted). While Plaintiffs do not directly argue for class certification under California state court rules, their reference to California

---

[1] Oddly, Plaintiffs claim that *Bishop v. Saab Auto* has been superseded by non-binding case law from the Seventh Circuit. *See* Opp. at 3 n.4. Even if *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010), were binding, the Seventh Circuit there only approved of narrowly defined classes that "eliminate[d] concern that the definitions are overbroad or include a great many people who have suffered no injury," including approval of a class defined as "***only*** those who have had a manifest defect and whose windows already have been replaced." *Id.* at 392 (emphasis added). Thus, even according to the Seventh Circuit in *Pella*, a class should not be as broad as Plaintiffs' proposed class definitions here, which include ***all*** purchasers. *See, e.g.*, FAC ¶ 27.

law is misguided. Rule 23 creates a categorical rule requiring a lawsuit to meet the specified criteria to pursue claims as a class action in federal court. *See id.*

In addition to Rule 23, Plaintiffs must have Article III standing to proceed in this Court. In *Lee v. American National Insurance Co.*, 260 F.3d 997 (9th Cir. 2001), the Ninth Circuit – in another UCL case – noted the "seemingly obvious proposition" that a case may not go forward in federal court unless the plaintiff has Article III standing. *Id*. at 1002 n.4. The court noted that even where a plaintiff's "cause of action is perfectly viable in state court under state law [he] may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury." *Id.* 1001-02. For the same reasons discussed in *Lee*, all members of the class whom Plaintiffs seek to represent must also satisfy Article III. *See In re Copper Antitrust Litig.*, 196 F.R.D. 348, 353 (W.D. Wisc. 2000) ("Implicit in Rule 23 is the requirement that the plaintiffs ***and*** the class they seek to represent have standing." (emphasis added)). Thus, regardless of what Plaintiffs could do in state court, Plaintiffs may not avail themselves of this Court's jurisdiction to represent class members who do not have Article III standing. The class definitions, as alleged, are overbroad and must be stricken.

### B. The Proposed Nationwide Classes Under the CLRA and UCL Are Improper.

Plaintiffs' proposed nationwide class under the UCL and CLRA cannot be sustained. Plaintiffs attempt to distinguish *Norwest Mortgage, Inc. v. Superior Ct.*, 72 Cal. App. 4th 214 (1999), based on the fact that Norwest – a California corporation – had its principal place of business in another state. Like Apple's alleged activity here, however, Norwest allegedly was engaged in activity in all fifty states. *Id.* at 217. On appeal, *Norwest* overturned the trial court's class certification order, distinguishing between three categories of class members: (1) California residents; (2) non-California residents alleging conduct in California; and (3) non-California residents alleging conduct outside of California. *Id.* at 222.

The Court of Appeal in *Norwest* noted that while it had personal jurisdiction over Norwest by virtue of its incorporation in California, there were due process problems with the claims made on behalf of the third category of plaintiffs (i.e., non-California residents alleging conduct outside of California). *Id.* at 225-26. Specifically, there must be "significant contact or a significant

aggregation of contacts to the claims asserted by each member of the plaintiff class to ensure that the application of the forum law to each plaintiff's claim is not arbitrary or unfair." *Id.* at 226. The court noted that as to non-California residents, the injury-causing actions were taken outside California, and thus held that the UCL did not apply to actions of a California corporation when its actions injured non-residents. *Id.*

Plaintiffs fail to distinguish between non-California residents alleging conduct in California and non-California residents alleging conduct outside of California. Without citing an allegation in their complaint, Plaintiffs suggest that their nationwide class is limited to non-resident plaintiffs who were injured by conduct occurring in California. The operative complaint, however, contains no such limitation. For example, the one advertisement allegedly relied upon by the named Plaintiffs (Baltazar and Keller) was allegedly released by Apple. (FAC ¶ 21.c.) Plaintiffs do not allege that it was released outside California and relied upon by non-resident consumers, nor do Plaintiffs allege that it was prepared in California. Based on the presumption that the California legislature does not intend for its statutes to have "force or operation beyond the boundaries of the state," *Norwest Mortgage*, 72 Cal. App. 4th at 222, Apple cannot be liable under the UCL or CLRA to putative non-resident plaintiffs who were not affected by activity alleged to originate in California.

### C.  **Plaintiffs' CLRA Class Improperly Includes Non-Consumers.**

The CLRA applies only to "consumers." The legal issue presented by Apple's motion – whether Plaintiffs' proposed class definition improperly includes entity-plaintiffs – is plainly evidenced by the pleadings and does not require discovery. A motion to strike this portion of Plaintiffs' class allegations is the appropriate (indeed, the superior) procedure to resolve this issue. To permit Plaintiffs discovery on behalf of entity-purchasers would require Apple to expend time and money to defend against a spurious issue that the Court should resolve at the pleading stage. Plaintiffs failed to oppose (or even acknowledge) Apple's argument that their CLRA class is hopelessly overbroad as to non-consumers.

Under California law, the word "person" includes a corporation. Cal. Civ. Code § 14. The CLRA (section 1780(a)) provides that only "consumers" may assert a claim. Under the

1  statute, "consumer" means "an individual" who purchases for personal use only.  Cal. Civ. Code
2  § 1761(d) (defining "consumer" as an "individual who seeks or acquires, by purchase or lease,
3  any goods or services for personal, family, or household purposes."); *California Grocers Ass'n v.*
4  *Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (holding organizations cannot bring CLRA
5  claims).  Entities, as well as non-entity individual purchasers who did not buy for "personal,
6  family, or household purposes," cannot state CLRA claims.  Plaintiffs' class definition instead
7  includes all "persons," and is improper under the CLRA.  Accordingly, the class should be
8  stricken.

### D. Plaintiffs' Fraud and Fraud-Based Claims Are Fraught With Individual Issues.

11  A nationwide class action is not a "superior" mechanism for the adjudication of rights, as
12  required by Rule 23(b)(3), for fraud and warranty claims.  Courts routinely hold that fraud claims
13  are difficult to maintain on a nationwide basis and rarely are certified.  *See Cole v. Gen. Motors*
14  *Corp.,* 484 F.3d 717, 724-30 (5th Cir. 2007) (discussing why fraud claims are inappropriate for
15  class treatment); *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) ("a fraud
16  class action cannot be certified when individual reliance will be an issue."); *see also Martin v.*
17  *Dahlberg, Inc.*, 156 F.R.D. 207 (N.D. Cal. 1994).
18  Rule 23 requires commonality of issues – that "questions of law or fact common to class
19  members predominate over any questions affecting only individual members, and that a class
20  action is superior to other available methods for fairly and efficiently adjudicating the
21  controversy." Fed. R. Civ. P. 23(b)(3).  Where individual issues predominate and a class action
22  is not the superior method available, the class should not be maintained under Rule 23.  Here, the
23  putative nationwide class would require the Court to engage in individual inquiries to determine
24  which members need to be excluded based on certain criteria, including reliance on any alleged
25  misrepresentation.  As set forth in Apple's motion to dismiss and reply brief, the named
26  Plaintiffs identify four discrete statements of Apple but allege reliance on only one of those four.
27  And the one television commercial Plaintiffs Baltazar and Keller claim to have seen (FAC
28  ¶ 21.c) is described in such a generic way that the Court cannot simply assume that the named

1  Plaintiffs or putative plaintiffs relied on any material statements within the advertisement.  Nor
2  are Plaintiffs, who seek monetary damages, entitled to rely on a presumption of class-wide
3  reliance.  *In re Tobacco II*, 46 Cal. 4th 298, 319-20 (2009) (noting that only injunctive and
4  ancillary relief – not monetary damages – are available under the UCL without individualized
5  proof of deception, reliance, and injury).

6  Plaintiffs' fraud and warranty claims necessarily require an individualized analysis of the
7  representations, reliance, and injury, which is why federal courts routinely refuse to certify
8  similar putative class actions, holding that a nationwide class action is not the superior method
9  for the adjudication of rights in cases involving fraud and warranty claims.  *See Cole v. Gen.*
10 *Motors Corp.*, 484 F.3d 717, 724-30 (5th Cir. 2007); *In re Gen. Motors Corp. Dex-Cool Prods.*
11 *Liab. Litig.*, 241 F.R.D. 305 (S.D. Ill. 2007) (denying certification of a nationwide class seeking
12 damages for an alleged breach of an express warranty).  In light of the foregoing, it is not clear
13 that a nationwide class action is the superior method for adjudication of rights, and the class
14 should not be maintained under Rule 23(b)(3).

15       **E.**       **Plaintiffs' Requested Injunctive Relief Is Incidental To Damages And Is Not Proper Under Rule 23(b)(1) and (b)(2).**
16

17 Finally, the proposed classes cannot be maintained under either Rule 23(b)(2) or 23(b)(1),
18 because the relief sought is primarily money damages.  *See, e.g.*, *Nelson v. King County*, 895 F.2d
19 1248, 1255 (9th Cir. 1990) ("Class certification under Fed. R. Civ. P. 23(b)(2) is not appropriate
20 where the relief requested relates 'exclusively or predominately to money damages.'") (citations
21 omitted); *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976) (finding
22 class certification under Rule 23(b)(1) improper where plaintiff sought money damages).

23 Plaintiffs cite *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003), **overruled by** *Dukes v.*
24 *Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc), and *Wang v. Chinese Daily News*,
25 623 F.3d 743, 754 (9th Cir. 2010).  Both cases are in accord with *Nelson* and *Green*, and support
26 the proposition that money damages may not be the primary relief sought.  In *Molski*, the Ninth
27 Circuit noted that "in order to permit certification under this rule [23(b)(2)], the claim for
28 monetary damages must be secondary to the primary claim for injunctive or declaratory relief."

1  *Molski*, 318 F.3d at 947.

2  In *Wang*, the court acknowledged the Ninth Circuit's en banc decision in *Dukes*, 603 F.3d 571, which interpreted Rule 23(b)(2) to require that claims for monetary relief not predominate over claims for injunctive relief. *Wang*, 623 F.3d at 754. While Plaintiffs' complaint admittedly includes paragraphs requesting injunctive relief (*see* FAC ¶¶ 1, 37, 74, 90), Plaintiffs downplay the other prominent paragraphs in their complaint which seek actual and punitive damages. (*Id.* at ¶¶ 45, 46, 56, 61, 77, 88, 110, 117). No fair reading of Plaintiffs' allegations would support the conclusion that their claims for injunctive relief are on "equal footing" with their claims for money damages. Indeed, unlike the current-employee plaintiffs in *Wang*, there is no allegation in the complaint that the plaintiff-purchasers in this case hope to gain much of anything other than money damages. Because Plaintiffs' claims for monetary damages predominate, Plaintiffs' Rule 23(b)(1) and (2) classes cannot be maintained.

### III. CONCLUSION

The proposed nationwide and California classes alleged in Plaintiffs' First Amended Complaint continue to suffer fatal legal deficiencies. The Court should resolve these issues now, as the discovery process would only permit Plaintiffs to waste both Apple's resources and judicial resources, without a reasonably founded expectation the discovery process will reveal evidence relevant to sustainable claims.

DATED: January 14, 2011          PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:      /s/ Thomas A. Counts
            THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

LEGAL_US_W # 66818419