** E-filed 02-10-2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of others similarly situated, | Case Number CV-10-3231-JF |
| Plaintiffs, | ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | [Re: Docket No. 35] |
| APPLE, INC., | |
| Defendant . | |

Defendant ("Apple") moves to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The FAC asserts claims for breach of express warranty and the implied warranty of merchantability, violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et seq*.), fraud, intentional misrepresentation, negligent misrepresentation, statutory violations under California's False Advertising Act (Cal. Bus. & Prof. Code §§ 17500, *et seq*.) ("FAL"), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 1720-17208) ("UCL"), and

---

[1] This disposition is not designated for publication in the official reports.

1   Consumers Legal Remedies Act (Cal. Civ. Code §1750, *et seq.*) ("CLRA"), and unjust

2   enrichment.

3                                    **I.  BACKGROUND**

4        On January 27,  2010, Apple announced the launch of its newest product, the iPad.  (FAC

5   ¶14).   Apple's Chief Executive Officer Steve Jobs claimed that the iPad was innovative and

6   revolutionary.  (*Id.).*   Apple had sold more than three million iPad units as of July 2010. *(Id.).*

7        Plaintiffs represent a putative class of iPad purchasers, which includes both a California-

8   only class and a nationwide class.  Each of the named Plaintiffs alleges that he or she purchased

9   an iPad sometime in April 2010 (shortly after its release) either in part or because Apple

10  represented that the iPad could function outdoors as an e-reader and mobile internet device. ( *Id.*

11  at ¶¶ 25-31).   Plaintiffs assert that in fact the iPad does not function outdoors as represented by

12  Apple.  (*Id.*).   Specifically, they claim that the iPad overheats when used outdoors even within

13  the acceptable ambient temperature range, causing it to shut down automatically until it has time

14  to cool.  *(Id*. at ¶¶ 21-31).   The acceptable ambient temperature, as defined by Apple in the

15  product specifications available on the packaging and online, ranges from thirty-two to ninety-

16  five degrees Fahrenheit.  *(Id*. at ¶ 21(a)).

17       Plaintiffs refer generally to marketing materials that depict the iPad being used in various

18  outdoor environments.  (*Id*. at ¶ 21(a)-(d)).   They also base their claims on a statement made on

19  Apple's website that "[r]eading the iPad is just like reading a book."  *(Id.* at ¶ 21(b)).   Finally,

20  they assert that Apple represented expressly, on both the iPad's packaging and its website, that

21  the iPad would function normally within the specified ambient temperature range.  *(Id*. at 21(a)).

22       Plaintiffs claim that the iPad fails to meet "reasonable consumer expectations" because it

23  "overheats so quickly under common weather conditions that it does not function for prolonged

24  use either outdoors, or in many warm conditions, for a variety of common uses."  (*Id*. at ¶ 22).

25  They assert that Apple never informed consumers of the iPad's limitations and that Apple knew

26  or should have known of such limitations through its product testing efforts.  (Pl.'s Opp. at 1:12-

27  15).   They allege that Apple, "like many large corporations," has an "internal marketing

28  information system which tracks customer demographics, competing products and technology,

                                          2

1  customer complaints and product returns" (FAC at ¶ 35),  as a result of which it "reasonably

2  should have known of the customer complaints regarding the iPad."  *(Id.)*.

3  ## II.  MOTION TO DISMISS

4  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

5  cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

6  *Centinela Hosp. Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to

7  dismiss, "all allegations of material fact are taken as true and construed in the light most

8  favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th

9  Cir. 1996).  However, "[w]hile a complaint attacked by Rule 12(b)(6) motion to dismiss does not

10  need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

11  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

12  the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955

13  (2007) (internal citations omitted).  Leave to amend must be granted unless it is clear that the

14  complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66

15  F.3d 245, 248 (9th Cir. 1995).

16  ## III.  DISCUSSION

17  **A.  Breach of Warranty**

18  **1.  Express Warranty**

19  To plead an action for breach of express warranty under California law, a plaintiff must

20  allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of

21  warranty which proximately caused plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185

22  Cal.App.3d 135, 142 (1986).  A plaintiff also must plead that he or she provided the defendant

23  with pre-suit notice of the breach.  California Commercial Code § 2607.

24  Plaintiffs contend that Apple breached an express warranty because the iPad fails to

25  operate outdoors as promised.  They argue that they have alleged the exact terms of the warranty

26  by claiming that "Defendant's misleading statements formed part of the basis of the bargain."

27  They recite the specific language of the product specifications, generally allege reliance, and refer

28  to "complaints by consumers" concerning unsuccessful attempts to use the iPad under the

3

1  conditions depicted in Apple's advertising.  (Pl.'s Opp. at 14: 3-7).

2       The Court concludes that these allegations are insufficient.  General assertions that

3  Plaintiffs relied on "a commercial" or "the commercial" or "advertisements online" are not

4  equivalent to a recitation of the exact terms of the underlying warranty.  At the least, Plaintiffs

5  must identify the particular commercial or advertisement upon which they relied and must

6  describe with the requisite specificity the content of that particular commercial or advertisement.

7  Moreover, each named Plaintiff must allege with greater specificity his or her reasonable reliance

8  on the particular commercial or advertisement.

9       **2. Implied Warranty of Merchantability**

10       Cal. Civ. Code § 1792 provides that "every sale of consumer goods that are sold at retail

11  in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty

12  that the goods be merchantable."  Goods in conformity with the implied warranty of

13  merchantability: "(1) Pass without objection in the trade under the contract description[;] (2) Are

14  fit for the ordinary purposes for which such goods are used[;] (3) Are adequately contained,

15  packaged, and labeled[;] and (4) Conform to the promises or affirmations of fact made on the

16  container or label."  Cal. Civil Code § 1791.1(a).  The duration of the implied warranty of

17  merchantability is coextensive with any express warranty, but in no case [may be] shorter than

18  sixty days or longer than one year following sale of goods.  Cal. Civ. Code § 1791.1(c).  The iPad

19  has many different and independent functions.  Plaintiffs must identify with greater specificity

20  which of these functions are the "ordinary purpose" of the iPad and how the device was unfit for

21  that purpose.

22       **3. California Song-Beverly Consumer Warranty Act**

23       To state a viable claim under California's Song-Beverly Consumer Warranty Act, a

24  plaintiff must plead sufficiently a breach of warranty under California law.  *Birdsong v. Apple,*

25  *Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009).  As discussed above, Plaintiffs have failed to state a

26  claim for breach of an express or an implied warranty.

27  **B. Fraud Based Claims**

28       **1. 9(b) Pleading Standard**

4

1    Under Fed. R. Civ. P. 9(b), "[i]n all averments of fraud or mistake, the circumstances

2    constituting fraud or mistake shall be stated with particularity."  A complaint meets this standard

3    if it alleges "'the time, place, and content of the alleged fraudulent misrepresentation or

4    omission; the identity of the person engaged in the fraud; and the circumstances indicating

5    falseness' or 'the manner in which [the] representations [or omissions] were false and

6    misleading.'" *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1038 (N.D. Cal. 1997) (brackets in

7    original) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-58 n.7 (9th Cir. 1994)).

8        **2.  Common-Law Claims**

9        To state a claim for fraud or intentional misrepresentation under California law, a

10   Plaintiff must allege: (1) misrepresentation (false representation, concealment, or nondisclosure);

11   (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable

12   reliance; and (5) resulting damage.  *Lazar v. Superior Ct.*, 12 Cal.4th 631, 638 (1996) (fraud);

13   *Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1486, 1474 (1997) (intentional

14   misrepresentation).  "The same elements comprise a cause of action for negligent

15   misrepresentation, except there is no requirement of intent to induce reliance."  *Cadlo v. Owens-*

16   *Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).  With respect to all three claims, each named

17   Plaintiff must allege that he or she actually relied upon the misrepresentations.  *Id*.  "Thus, the

18   mere assertion of 'reliance' is insufficient.  The plaintiff must allege the specifics of his or her

19   reliance on the misrepresentation to show a bona fide claim of actual reliance.**"**  *Id*.

20       Here, Plaintiffs fail to describe with specificity Apple's representations with respect to the

21   operational capabilities of the iPad.  They allege (1) a statement on the product's packaging that

22   the iPad will function in temperature ranges between thirty-two and ninety-five degrees

23   Fahrenheit; (2) a statement on Apple's website that "reading on iPad is just like reading a book";

24   and (3) that Apple released a commercial simultaneously with its release of the iPad that depicted

25   people using the iPad outdoors.  (FAC ¶ 21(a)-(d)).  However, Plaintiffs fail to allege facts

26   showing their actual and reasonable reliance on these representations, and only two of the three

27

28

                                                    5

named Plaintiffs even claim to have reasonably relied on "a commercial."[2] (FAC ¶¶ 25-30). None of the named Plaintiffs alleges that he or she relied either on the ambient temperature ranges contained on the product packaging or on Apple's promotional claim that reading on "iPad is just like reading a book."

Plaintiffs argue that Apple must have known through its product testing about the alleged defects or shortcomings of the iPad prior to commencing its promotional campaign. **(**Pl.'s Opp. at 1:12-15). They claim Apple, "like many large corporations," maintains an internal marketing system and consequently should have known of customer complaints. (FAC ¶ 35). However, Plaintiffs fail to allege with any specificity how Apple purportedly learned of the problems alleged in the FAC or what problems were known or should have been known to it before it made the representations at issue.

### 3.  California Consumers Legal Remedies Act

Plaintiffs next allege that Apple violated Cal. Civ. Code § 1770(a)(5) by representing that "iPad had/has the characteristics, uses and/or benefits which it did/does not have, which constituted and continues to constitute an unfair or deceptive trade practice." (FAC at ¶ 72).

### a. Misrepresentation

As discussed above, Plaintiffs have not pled with specificity the content of the alleged misrepresentations made by Apple in its commercials and advertisements, nor have they alleged that they relied justifiably on Apple's misrepresentations. *See Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003).

### b. Omissions

"Although a claim may be stated under CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. American Honda Motor Co. Inc.*, 144 Cal.App.4th 824, 835 (2006). Here, Plaintiffs do not

---

[2]Plaintiffs Baltazar and Keller allegedly relied on "the commercial," while Plaintiff Browning allegedly purchased his iPad online "after seeing advertisements."

6

1   identify any affirmative representation concerning the subject of any alleged omissions, nor do

2   they identify any legal obligation on the part of Apple to disclose the material information it

3   allegedly failed to disclose.

4          **4.  California False Advertising Act**

5          California Business and Professions Code § 17500 makes it unlawful to make or

6   disseminate any statement concerning property or services that is "untrue or misleading, and

7   which is known, or which by the exercise of reasonable care should be known, to be untrue or

8   misleading[.]"  Cal. Bus. & Prof. Code § 17500.

9          Plaintiffs assert that Apple's representations concerning the iPad are likely to mislead the

10  public. Although "[m]isdescriptions of specific or absolute characteristics of a product are

11  actionable" *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997),

12  "[g]eneralized, vague, and unspecified assertions constitute 'mere puffery' upon which a

13  reasonable consumer could not rely, and hence are not actionable." *Anunziato v. eMachines,*

14  *Inc.*, 402 F.Supp.2d 1133, 1139 (C.D. Cal. 2005) (quoting *Glen Holly Entertainment, Inc. v.*

15  *Tektronix, Inc.*, 343 F.3d 1000, 1005 (9th Cir. 2003).  Plaintiffs do not allege that the iPad does

16  not function at least some of the time within the designated ambient temperature range.  Further,

17  they do not allege that Apple claimed that the iPad would function for any specific period of time

18  or has particular operational capabilities under particular environmental conditions. The content

19  of the alleged commercials and advertisements as described in the FAC suggests at most that the

20  iPad is portable and is capable of functioning outdoors. Finally, without more, the statement that

21  "reading the iPad is just like reading a book," would appear to be non-actionable puffery. *See,*

22  *e.g., Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 973-74 (N.D. Cal. 2008) (finding that

23  manufacturer claims of "higher performance," "longer battery life," "richer multimedia

24  expericence." and "faster access to data" were all non-actionable puffery.).

25         **5. Unfair Competition Law**

26         California Business and Professions Code § 17200 *et seq.*,  prohibits acts of unfair

27  competition, including "any unlawful, unfair, or fraudulent business act or practice and unfair,

28  deceptive, untrue, or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  This statute

7

1   "was intentionally framed in its broad, sweeping language." *Cal-Tech Communications, Inc. v.*

2   *Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 181 (1999).   "[A] plaintiff must have

3   suffered an 'injury in fact' or 'lost money or property as a result of the unfair competition' to

4   have standing to pursue either an individual or a representative claim under California Unfair

5   Competition Law." *Hall v. Time Inc.*, 158 Cal.App.4th 847, 849 (2008).

6      To state a claim under the "fraudulent" prong of the UCL, a plaintiff must allege that the

7   challenged practice is likely to deceive members of the public. *Bardin v. Daimlerchrysler Corp.*,

8   136 Cal.App. 4th 1255, 1274 (2006).  To support liability under the "unfair" prong, the conduct

9   must either "offend[ ] an established public policy or [be] immoral, unethical, oppressive,

10  unscrupulous, or substantially injurious to consumers" or be "tethered to specific constitutional,

11  statutory or regulatory provisions." *Id*. at 1268.  A violation of the "unlawful" prong of the UCL

12  may be established by a variety of unlawful acts, including those practices prohibited by law,

13  whether "civil or criminal, federal, state, [ ] municipal, statutory, regulatory, or court made."

14  Because Plaintiffs so far have failed to state a viable claim for fraud, intentional or negligent

15  misrepresentation, or any other actionable wrongdoing, the UCL claim in its present form also is

16  subject to dismissal.

17  **C.  Unjust Enrichment**

18     To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and

19  unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77

20  Cal.App.4th 723, 726 (2000) (citing *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657,

21  1662-63(1992)).  Plaintiffs allege that Apple has received money from sales of the iPad and

22  unjustly has retained this benefit.  The viability of this claim necessarily depends on that of

23  Plaintiffs' other claims.

24  **D.  Motion to Strike Class Allegations**

25     The Court will defer consideration of Apple's motion to strike Plaintiffs' class allegations

26  until Plaintiffs have had an opportunity to amend their pleading.

27

28

8

Case No. CV-10-3231
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1

### III.  ORDER

2          Good cause therefore appearing, the motion to dismiss is GRANTED, WITH LEAVE TO

3   AMEND. Any amended complaint shall be filed within (30) days of the date of this order.

4

5

6   IT IS SO ORDERED

7

8

9   DATED:   February 10, 2011

10                                                          JEREMY FOGEL
                                                           United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV-10-3231
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)