1   Scott Edward Cole, Esq. (S.B. #160744)
    Matthew R. Bainer, Esq. (S.B. #220972)
2   Hannah R. Salassi, Esq. (S.B. #230117)
    **SCOTT COLE & ASSOCIATES, APC**
3   1970 Broadway, Ninth Floor
    Oakland, California 94612
4   Telephone: (510) 891-9800
    Facsimile:  (510) 891-7030
5   E-mail:   scole@scalaw.com
    E-mail:   mbainer@scalaw.com
6   E-mail:   hsalassi@scalaw.com
    Web:      www.scalaw.com
7
8   Attorneys for Representative Plaintiffs
    and the putative Plaintiff Classes
9

10              **UNITED STATES DISTRICT COURT**

11      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13   JACOB BALTAZAR, CLAUDIA          )   **Case No. C10-03231 JF**
     KELLER, JOHN R. BROWNING,        )
14   MATTHEW HALPER, JUDI             )   **CLASS ACTION**
     RITCHIE, CHADWICK HORN,          )
15   individually, and on behalf of all others )   **PLAINTIFFS' OPPOSITION TO**
     similarly situated,              )   **DEFENDANT APPLE INC.'S MOTION TO**
16                                     )   **DISMISS PLAINTIFFS' SECOND AMENDED**
                     Plaintiffs,       )   **COMPLAINT**
17                                     )
     vs.                              )
18                                     )
                                       )
19   APPLE, INC.,                     )   **Date: June 10, 2011**
                                       )   **Time: 9:00 a.m.**
20                   Defendant.        )   **Dept.: Courtroom 3, 5th Floor**
     _____  )   **Judge: The Hon. Jeremy Fogel**
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................1

II. ARGUMENT ...............................................................................................................1

    A.    LEGAL STANDARD.........................................................................................1

    B.    PLAINTIFFS ADEQUATELY PLED BREACH OF EXPRESS WARRANTY ...................................................................................................2

    C.    PLAINTIFFS ADEQUATELY ALLEGED THE IPAD'S LACK OF FITNESS FOR ITS ORDINARY PURPOSE .......................................................5

    D.    PLAINTIFFS' BREACH OF WARRANTY ALLEGATIONS ESTABLISH THIER CLAIM FOR BREACH OF THE SONG-BEVERLY ACT ....................6

    E.    PLAINTIFFS' 2AC PLEADS EVERY ELEMENT OF CLAIMS BASED ON FRAUD AND NEGLIGENT MISREPRESENTATION ...............................6

        1.    Plaintiffs' Complaint Meets the Rule 9(b) Standard for Fraud-Based Claims. ........................................................................................................6

        2.    Plaintiffs Identified the Contents of Defendant's Misrepresentations with Reasonable Particularity. ..................................................................6

        3.    Plaintiffs Alleged Only Representations Made to Them Prior to Purchase and On Which They Relied. ........................................................7

        4.    Plaintiffs Pled Misrepresentations Sufficient to Create a Duty to Disclose.................................................................................................8

        5.    The Misrepresentations Alleged are Sufficient to Deceive a Reasonable Consumer.................................................................................9

        6.    Plaintiffs' CLRA Claim is Adequately Pled. ...........................................10

    F.    PLAINTIFFS' NUMEROUS ALLEGATIONS OF DEFENDANT'S MISCONDUCT SUPPORT THEIR CLAIM FOR UNJUST ENRICHMENT ....11

III. CONCLUSION...........................................................................................................11

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## TABLE OF AUTHORITIES

**Cases**

*AccuImage Diagnostics Corp. v. Terarecon, Inc.,*
260 F.Supp.2d 941, 958 (N.D. Cal. 2003) .................................................................... 11

*Alicke v. MCI Communications Corp.,*
111 F.3d 909 (D.C. Cir. 1997) ...................................................................................... 9

*al-Kidd v. Ashcroft,*
580 F.3d 949 (9th Cir. 2009) ........................................................................................ 2

*Anthony v. General Motors Corp.,*
33 Cal.App.3d 699 (1973) ............................................................................................ 3

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) .................................................................................................. 2

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................................... 2

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ...................................................................................... 1, 2

*Cook, Perkiss & Liehe v. Northern California Collection Service, Inc.,*
911 F.2d 242 (9th Cir. 1990) ...................................................................................... 10

*Cruz v. Beto,*
405 U.S. 319 (1972) ...................................................................................................... 2

*Daugherty v. Am. Honda Motor Co.,*
144 Cal.App.4th 824 (2006) ......................................................................................... 8

*Genna v. Digital Link Corp.,*
25 F.Supp.2d 1032 (N.D. Cal. 1997) ........................................................................... 7

*Gilligan v. Jamco Dev. Corp.,*
108 F.3d 246 (9th Cir. 1997) ........................................................................................ 2

*Goddard v. Google, Inc.,*
640 F.Supp.2d 1193 (N.D. Cal. 2009) ......................................................................... 1

*Hoey v. Sony Electronics, Inc.,*
515 F.Supp.2d 1099 (N.D. Cal. 2007) ......................................................................... 7

*Isip v. Mercedes-Benz USA, LLC,*
155 Cal.App.4th 19 (2007) ........................................................................................... 5

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 7

*Lectrodryer v. SeoulBank,*
77 Cal.App.4th 723 (2000) .......................................................................................... 11

*Maneely v. General Motors Corp.,*
108 F.3d 1176 (9th Cir. 1997) ...................................................................................... 4

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Melchior v. New Line Prods., Inc.*,
   106 Cal.App.4th 779 (2003) ............................................................ 11

*Metowski v. Traid Corp.*,
   28 Cal.App.3d 332 (1972) ............................................................... 3

*Retail Clerks Int'l Ass'n v. Shermerhorn*,
   373 U.S. 746 (1963) ......................................................................... 2

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ......................................................... 2

*Shin v. BMW of N. Am.*,
   2009 WL 2163509 (C.D. Cal. Jul. 16, 2009 ) ................................ 9

*Thomas v. Olin Mathieson Chemical Corp.*,
   255 Cal.App.2d 806 (1967) ........................................................... 3

*U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*,
   251 F.Supp.2d 114 (D.D.C. 2003) ................................................ 6

*Williams v. Gerber Products Co.*,
   552 F.3d 934, 939 (9th Cir. 2008) .............................................. 10

**State Statutes**

Cal. Civ. Code § 1750 ......................................................................... 10

Cal. Civ. Code § 1761(d) .................................................................... 10

Cal. Civ. Code § 1790 ......................................................................... 6

Cal. Com. Code § 2313 ....................................................................... 3

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## I.  INTRODUCTION

In keeping with this Court's February 10, 2011 Order, Plaintiffs filed a Second Amended Complaint ("2AC") with allegations that set forth, in fine detail, the deceptive nature of Apple's advertisements and statements regarding its newest mobile technology device, the iPad. The gravamen of Plaintiffs' 2AC is simple: (1) Defendant marketed the iPad, through a variety of media, as capable of functioning without interruption in broad daylight, (2) Defendant represented on its website that the device could function without interruption within a 32–95 degree Fahrenheit temperature range, (3) Plaintiffs and the putative class members relied on these representations in purchasing the iPad and, finally, (4) the iPad, contrary to these promises, overheats (and thereafter unexpectedly and quickly shuts off) while being used in sunny conditions (i.e., the precise conditions in which Apple promised the iPad could function). In order to provide the requisite specificity under Rule 9(b), Plaintiffs' 2AC contains a detailed description of the content of the advertisements at issue, the exact language provided on Apple's web-site and the specific representations relied on by each Representative Plaintiff prior to purchasing their iPad.

Despite the comprehensiveness of Plaintiffs' 2AC, Defendant asks this Court, at the pleading stage, to decide that under no circumstances could the advertisements and representations alleged be found deceptive or misleading, or as warranties of any particular use. Defendant's Motion is a transparent attempt to avoid culpability for exactly the kind of deception that false advertising and breach of warranty claims are designed to remedy: the dissemination of advertisements and statements clearly representing uses of the iPad that, Plaintiffs' allege, are simply false. Accordingly, Defendant's Motion to Dismiss ("MTD") should be denied.

## II.  ARGUMENT

### A.  LEGAL STANDARD

"A complaint should not be dismissed, 'unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Goddard v. Google, Inc.*, 640 F.Supp.2d 1193, 1195 (N.D. Cal. 2009) (Fogel, J.), quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). In this context, each of Plaintiffs' allegations are to be accepted as

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

true and **construed in the light most favorable** to the nonmoving parties. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Retail Clerks Int'l Ass'n v. Shermerhorn*, 373 U.S. 746 (1963); *Clegg*, 18 F.3d at 754. Predictably, under this liberal standard, motions to dismiss are viewed with disfavor and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

Here, while Defendant relies heavily on *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*,[1] Apple fails to point out that the Ninth Circuit has already offered its interpretation of the standards discussed there, explaining that "*Twombly* and *Iqbal* ***do not require that the complaint include all facts*** necessary to carry the plaintiff's burden." *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009). In fact, the *Twombly* Court itself pointed out that "[a]sking for plausible grounds to infer 'the existence of a claim for relief' does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence to prove that claim." *al-Kidd*, *supra.* at 977, quoting *Twombly,* 550 U.S. at 556. Since the 2AC presents cognizable legal theories and a sufficient factual framework to support them -- with a likelihood that the discovery process will allow development of more specific facts -- the motion to dismiss should be denied. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

### B.    PLAINTIFFS ADEQUATELY PLED BREACH OF EXPRESS WARRANTY

In its effort to obtain dismissal of Plaintiffs' breach of express warranty claim, Defendant chooses to ignore the plain allegations of the 2AC, arguing that Plaintiffs failed to comply with the Court's February 10 Order. To the contrary, Plaintiffs' 2AC contains precisely the information requested by the Court and the facts necessary to establish every element of their claim for breach of express warranty.

First, although Defendant repeatedly implies that Plaintiffs are obliged to rely on the language of a written express warranty in order to state a claim, this is not the legal requirement. Under the California Commercial Code, "any affirmation of fact or promise made by the seller which relates to the goods and becomes part of the basis of the bargain creates an express warranty

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[1]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009); Defendant's MTD, p. 2:7-23.

that the goods shall conform to the affirmation or promise." Further, "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods will conform to the description." Cal. Com. Code §§ 2313(a), 2313(b). Express warranties can be created by advertisements and the seller/retailer need *not* use the word "warrant" or "guarantee" –he need not even have the *intent* to make the warranty. Cal. Com. Code §2313 (c)(2); *See, e.g., Thomas v. Olin Mathieson Chemical Corp.*, 255 Cal.App.2d 806, 811 (1967) (a mere "statement in a newspaper advertisement may be considered as part of the contract of sale (*citation*), and where a purchaser of a product relies on a representation on a label or in advertising material, recovery from the manufacturer may be allowed on the theory of express warranty without a showing of privity."); *Anthony v. General Motors Corp.*, 33 Cal.App.3d 699, 706 (1973) ("[a]n express warranty must ordinarily be created at the time the product is purchased (*citation*); but such a **warranty can be created by advertisements**." Citing, *Thomas*, 255 Cal.App.2d at 811 (emphasis added)).

Accordingly, Plaintiffs described, in detail, the images in Apple's advertisements that created an express warranty that the iPads was able to function outdoors.[2] Plaintiffs also alleged the exact language contained on Apple's website and the iPad's temperature specifications.[3] Short of inserting the number of blades of grass shown in Apple's commercials, it would be challenging to make their allegations with any more specificity. Each named Plaintiff goes on to allege exactly which representation he/she saw, **prior to purchase**, and reliance – had the contrary information been known, each named Plaintiff would have behaved differently.[4] In fact, Plaintiffs do a great deal more than make basic reliance allegations, providing specific details regarding each named Plaintiffs' conduct in reliance.[5] *See Metowski v. Traid Corp.*, 28 Cal.App.3d 332 (1972) (holding that receipt of misrepresentation and thereafter acting in manner consistent with misrepresentation creates an inference of reliance). For example, Representative Plaintiff Judi Ritchie purchased an iPad for her job as the social coordinator for an outdoor space after seeing Apple's representations regarding the iPad's useability outdoors, only to experience it unexpectedly overheating and shutting down,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[2] 2AC, ¶¶ 23-25.
[3] 2AC, ¶ 23, 28**.**
[4] 2AC, ¶¶ 34-46**.**
[5] 2AC, ¶¶ 36, 38, 40, 42, 44, 46.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  rendering it useless for the purpose for which she purchased it.[6] As with the other named Plaintiffs,

2  Ms. Ritchie's experience demonstrates her receipt of Apple's misrepresentations and her conduct

3  consistent with those representations, which creates an inference of reliance. Plaintiffs then articulate

4  the elements needed for their express warranty claim by alleging breach, the iPad's failure to

5  function as warranted, and damages (i.e., the difference in value between the iPad actually received

6  and a device that functions as warranted).[7]

7       Defendant attempts to stretch the court's rationale in *Maneely v. General Motors Corp*., 108

8  F.3d 1176 (9th Cir. 1997) to validate its contention that visual images cannot support Plaintiffs'

9  claim for breach of express warranty,[8] yet, *Maneely* has no applicability here. In *Maneely*, the

10  plaintiffs argued that depictions of people riding in the back of pick-up trucks constituted a promise

11  that such conduct was safe, a proposition the court rejected. *Id*. at 1178-1179. Thus, the focus of the

12  *Maneely* court's analysis was on the issue of safety (*Id*. at 1179-1182) and, given the wealth of

13  information available to the public about vehicle safety restraints, that court held that no reasonable

14  consumer could be misled into believing they could safely drive around with passengers in the truck-

15  bed by an advertisement showing mostly stationary pick-up trucks with people in the beds. *Ibid*.

16       The circumstance here, however, is quite different; Plaintiffs contend that the iPad is

17  unuseable in the ways *specifically* depicted in Apple's advertisements and within the temperature

18  range specified for the device. Moreover, the body of publicly-available information regarding the

19  capabilities and limitations of a novel electronic device such as the iPad simply cannot be deemed

20  comparable to the vast wealth of information available (the common knowledge) regarding the need

21  for vehicle safety restraints. To be analogous, the *Maneely* plaintiffs would have had to allege that

22  they were unable to put anything in their truck-beds, safely or not, for a substantial portion of the

23  time. That not being the case, further consideration of *Maneely* here is unhelpful.

24       As set forth above, Plaintiffs' 2AC provides every allegation needed to support their claim

25  for breach of express warranty, including (1) Defendant's misleading commercials and statements

26

27

28
   [6] 2AC, ¶¶ 43-44.
   [7] 2AC, ¶¶ 131, 133-134.
   [8] MTD, p. 6, lns. 9-16.

1   which formed part of the basis of the bargain in their purchase of the iPad, (2) the specific language

2   of the product specifications, (3) reliance by the named plaintiffs and putative class members, (4)

3   breach and (5) injury.[9] Defendant's request for dismissal should therefore be denied.

4

5   **C.    PLAINTIFFS ADEQUATELY ALLEGED THE IPAD'S LACK OF FITNESS
        FOR ITS ORDINARY PURPOSE**

6

7           In keeping with the bald assertion made in its prior motions to dismiss, Defendant maintains,

8   without identifying <u>what</u> the iPad's ordinary purpose is, that "...as a matter of law, iPad is

9   merchantable and fit for its ordinary purpose."[10] Defendant's assertion asks the Court to ignore

10  Plaintiffs' allegations identifying precisely how the iPad fails to serve the ordinary purpose of a

11  mobile device. As the 2AC explains, Apple designed and marketed the iPad as a portable tablet

12  computer that could be used for a myriad of functions *anywhere*, whether sitting in a park, an

13  outdoor cafe, or one's own front stoop.[11] The 2AC then provides every detail of the ordinary

14  purposes Apple intended the iPad to serve, along with the ways in which the iPad fails to do so.[12]

15  Although Defendant makes much of the fact that the iPad does serve some purposes, breach of

16  implied warranty does not require that the product be entirely unuseable. *Isip v. Mercedes-Benz USA,*

17  *LLC*, 155 Cal.App.4th 19, 27 (2007) (holding that breach of implied warranty of merchantability

18  does not require product to be entirely unuseable, but unfit for ordinary purposes). The 2AC

19  incorporates all of the preliminary and factual allegations into the claim for breach of implied

20  warranty and states every required element entitling Plaintiffs to relief,[13] including vertical privity.[14]

21  Accordingly, this Court has no legal or factual basis for dismissing Plaintiffs' claim for breach of

22  implied warranty.

23

24  _____

25  [9]   *See* Fn 1-7, *infra*.
    [10]  MTD, p. 8, lns. 6-7.

26  [11]  2AC, ¶¶ 2-3.
    [12]  2AC, ¶¶ 24-26, 28.

27  [13]  2AC, ¶¶ 135-141.
    [14]  Representative Plaintiffs Claudia Keller, Jacob Baltazar  Matthew Halper and Judi

28  Ritchie purchased their iPads directly from an Apple store, establishing vertical privity for
    purposes of the breach of implied warranty claim.

Plaintiffs' Opposition to Def.'s Motion to Dismiss Plaintiffs' Second Amended Complaint

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**D.    PLAINTIFFS' BREACH OF WARRANTY ALLEGATIONS ESTABLISH THIER CLAIM FOR BREACH OF THE SONG-BEVERLY ACT**

As explained in sections II(B) and (C), *infra*, Plaintiffs' 2AC contains all of the necessary allegations to establish the iPad's failure to comply with Defendant's express and implied warranties, constituting a breach of the Song-Beverly Act under California law. Cal. Civ. Code § 1790, *et seq*. What's more, Plaintiffs' claim for relief under the Song-Beverly Act is properly limited only to those who purchased the device in the State of California (the "California Class").[15] Therefore, Defendant's request for dismissal should be denied.

**E.    PLAINTIFFS' 2AC PLEADS EVERY ELEMENT OF CLAIMS BASED ON FRAUD AND NEGLIGENT MISREPRESENTATION**

**1.    Plaintiffs' Complaint Meets the Rule 9(b) Standard for Fraud-Based Claims.**

The purpose of the heightened pleading requirement under Rule 9(b) is to ensure that defendants understand the allegations against which they must defend. As such, a "court should hesitate to dismiss a complaint [pursuant to that Rule] if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial and (2) that plaintiff has substantial pre-discovery evidence of those facts." *U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 114, 116 (D.D.C. 2003). Here, Plaintiffs have provided Defendant with all of the information necessary for it to prepare a defense to every fraud-based claim.

**2.    Plaintiffs Identified the Contents of Defendant's Misrepresentations with Reasonable Particularity.**

To satisfy Rule 9(b), the Complaint need allege only "the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and 'the circumstances indicating falseness… .'" *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1032, 1038

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[15]    2AC, ¶¶ 12, 98-110.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  (N.D. Cal. 1997). Alternatively framed, Plaintiffs must allege the "who, what, when, where and

2  how" of Apple's false representations. *Hoey v. Sony Electronics, Inc.*, 515 F.Supp.2d 1099, 1104

3  (N.D. Cal. 2007). To that end, Plaintiffs' 2AC contains an exhaustive list of scenes from Apple's

4  television commercial, detailing the people, location, weather conditions and uses of the iPad

5  depicted.[16] The 2AC provides the same detailed information for the iPad commercial posted on

6  Apple's website, identifying the portions depicting use of the iPad in outdoor conditions.[17] With

7  regard to Apple's written representations, the 2AC provides the exact language regarding the iPad's

8  temperature restrictions and use "just like a book."[18] Finally, the 2AC alleges the product testing and

9  consumer complaints by which Apple knew or should have known of the problems alleged.[19]

10  In fact, Plaintiffs' allegations provide all the details the court found lacking in Defendant's

11  cited authority, *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009). The *Kearns* court found

12  the plaintiff's fraud allegations insufficient because he failed to identify what the television

13  advertisements or sales material stated, when he was exposed to them, or which ones he found

14  material and relied upon for his purchase. *Kearns*, *supra* at 1126. Conversely, in the present case, not

15  only did Plaintiffs detail the content of the advertisements and statements alleged to be deceptive,

16  but they also named the representation(s) each named Plaintiff relied upon, and when.[20] Indeed, the

17  2AC provide all the detail needed to explain how Apple misrepresented the iPad could be used in a

18  host of sunny outdoor locations, misrepresented the device functions when used in temperatures

19  between 32 and 95 degrees Fahrenheit and why Apple should be accountable to iPad purchasers for

20  it.

21  **3.    Plaintiffs Alleged Only Representations Made to Them Prior to Purchase and On Which They Relied.**

23  Defendant's contention that Plaintiffs failed to specify the representations each plaintiff saw

24  and relied upon prior to purchase is perplexing. The 2AC clearly identifies the representations every

---

[16]  2AC, ¶ 24(a)-(g).
[17]  2AC, ¶ 25.
[18]  2AC, ¶¶ 23, 28.
[19]  2AC, ¶ 29-32.
[20]  2AC, ¶¶ 24(a)-(g), 23, 25, 28, 29-32, 34-36.

named Plaintiff saw **prior** to purchasing their iPad and their reliance on those representations when purchasing the device.[21] Specifically, Representative Plaintiffs Claudia Keller, Jacob Baltazar and Judi Ritchi saw and relied upon Apple's deceptive television commercial,[22] while Representative Plaintiffs John Browning and Chadwick Horn saw and relied on Apple's website statement and/or temperature specifications.[23] Representative Plaintiff Matthew Halper viewed and relied on all of Apple's alleged representations prior to purchasing his iPad.[24] Nothing more is required for Plaintiffs to establish the reliance element of their claims for fraud and misrepresentation.

### 4. Plaintiffs Pled Misrepresentations Sufficient to Create a Duty to Disclose.

Defendant's claim that it had no duty to honestly and candidly disclose the iPad's functionality limitations is preposterous. When a company chooses to disclose certain facts about its products, it has a corresponding duty to disclose information contrary to those representations. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 835 (2006). A defendant's failure to disclose such contrary information constitutes an actionable fraudulent omission. *Id.* Here, that duty required Apple to disclose information contrary to its representations that the iPad would function outdoors without interruption, serving as an "e-reader" and providing portable access to the internet and other applications. At this stage, Plaintiffs are not obliged to provide dispositive proof of fraud; but must merely identify the specific representations made and the contrary information allegedly withheld. *Id.* at 836.

Plaintiffs' 2AC identifies Apple's representations regarding the iPad as a device functional in warm weather (e.g., sunny) conditions and the contrary information Defendant allegedly withheld, i.e. the device's overheating in unexpectedly mild environmental conditions.[25] The 2AC also includes the design factors discovery is likely to reveal are responsible for the iPad's limited functionality, including the operating temperature limitations, a large black face which naturally

---

[21] 2AC, ¶¶ 34-46.
[22] 2AC, ¶¶ 34, 39, 43.
[23] 2AC, ¶¶ 37, 45.
[24] 2AC, ¶ 41.
[25] 2AC, ¶¶ 22-29.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   draws in heat and lack of any sort of heat dissipation feature such as an internal fan/cooling device.[26]

2   As the only entity with knowledge of the capabilities, and more importantly, limitations, of the iPad

3   prior to its public launch, Apple is the party on whom the burden of disclosure falls. Had Apple

4   wanted to avoid disclosing the iPad's operational limitations, it simply could have refrained from

5   making representations regarding its useability outdoors. Indeed, discovery is expected to confirm

6   that <u>none</u> of Apple's advertisements for the iPad since the filing of this lawsuit contain depictions of

7   outdoor use. However, to those consumers who saw and relied on the earlier advertisements,

8   Defendant both had and breached a duty of disclosure.

9          **5.      The Misrepresentations Alleged are Sufficient to Deceive a Reasonable
10                     Consumer.**

11          When evaluating the likelihood of deception, a fraud claim should only be summarily

12   dismissed where "no reasonable customer receiving [the alleged misrepresentation]… could be

13   deceived into thinking that [the alleged misrepresentation was precisely accurate]." *Alicke v. MCI*

14   *Communications Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997). Indeed, it is a "'rare situation in which

15   granting a motion to dismiss [a deceptive practices claim] is appropriate.' (*n*)." *Shin v. BMW of N.*

16   *Am.*, 2009 WL 2163509  (C.D. Cal. Jul. 16, 2009) (denying motion to dismiss where manufacturer

17   "failed to disclose that the aluminum alloy wheels affixed to 'low profile' tires on certain models of

18   BMW automobiles are subject to premature cracking and would need to be replaced more frequently

19   than normal wheels" notwithstanding a "disclaimer" that "[d]ue to low-profile tires, please note:

20   wheels, tires and suspension parts are more susceptible to road hazard and consequential damages").

21   *Id.* at *2.

22          Although Defendant would have this Court believe otherwise, a reasonable person viewing

23   the advertisements and representations alleged in the 2AC would come to one logical conclusion: the

24   iPad is useable outdoors and within the temperature parameters Apple inserted into the product

25   specifications. Those images and specifications are not the vague and highly subjective

26   representations that might be considered "puffery," but specific and direct representations of what

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

[26]   2AC, ¶ 20.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  purchasers should be able to do with their iPads. *Cook, Perkiss & Liehe v. Northern California*

2  *Collection Service, Inc.*, 911 F.2d 242, 246 (9th Cir. 1990). The experiences of the Representative

3  Plaintiffs bear this out. For example, Representative Plaintiff Claudia Keller saw Apple's

4  commercial showing use of an iPad at an outdoor cafe and after attempting use in precisely the same

5  manner, experienced the device unexpectedly overheating and shutting down.[27] The same is true for

6  each of the Representative Plaintiffs, who attempted to use their iPads in the manner represented by

7  Apple, only to discover such use was often impossible.[28] Moreover, had Apple limited its

8  misrepresentations to a single advertisement or statement, its argument against deception to a

9  reasonable consumer might carry more weight. However, representations which might not

10  individually be found sufficiently misleading, when taken in combination, can result in consumer

11  deception. *See*, *e.g. Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008)

12  [combination of the product name, description and pictures contained on the packaging were all

13  components of the deceptive advertising]. In short, whether taken individually or in combination,

14  Defendant cannot establish, as a matter of law, that its representations could not deceive a reasonable

15  consumer.

16  **6.    Plaintiffs' CLRA Claim is Adequately Pled.**

17  Defendant's argument regarding Plaintiffs' CLRA claim, focusing on three named Plaintiffs

18  who purchased their iPads for business use, is simply irrelevant. Representative Plaintiffs Claudia

19  Keller, John Browning and Jacob Baltazar are individuals who purchased the iPad for personal use

20  and are therefore consumers within the definition of the CLRA.[29] Cal. Civ. Code § 1761(d).

21  Moreover, the 2AC alleges each element needed to state a cause of action under the CLRA. The

22  2AC alleges that Defendant is a California resident who developed and distributed false and

23  misleading advertising which represented that the iPad had characteristics, uses and benefits it does

24  not have.[30] The 2AC further alleges reliance and injury, notice to Defendant and demands monetary

25

26  _____

27  [27] 2AC, ¶ 36.
   [28] 2AC, ¶¶ 34-46.
28  [29] 2AC, ¶¶ 34-40.
   [30] 2AC, ¶¶ 87-91.

1   damages, punitive damages and injunctive relief.[31] Accordingly, Plaintiffs have pled everything

2   needed to sustain a cause of action under the CLRA. Cal. Civ. Code § 1750, *et seq*.

3

4      **F.**  **PLAINTIFFS' NUMEROUS ALLEGATIONS OF DEFENDANT'S
    <br>MISCONDUCT SUPPORT THEIR CLAIM FOR UNJUST ENRICHMENT**

5

6      Whether viewed as a distinct claim for relief <u>or</u> as a theory of recovery, the 2AC's allegations

7   contain ample support for a claim of unjust enrichment. Unjust enrichment requires merely a

8   showing of receipt of a benefit and unjust retention of the benefit at the expense of another.

9   *Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723, 726 (2000); *AccuImage Diagnostics Corp. v.*

10  *Terarecon, Inc.*, 260 F.Supp.2d 941, 958 (N.D. Cal. 2003).[32] This is precisely what the 2AC alleges

11  Apple did: receive and retain purchasers' money in exchange for a mobile device that did not fully

12  perform. To the extent a claim for unjust enrichment must be supported by allegations of

13  misconduct, Plaintiffs have adequately alleged nine other claims demonstrating Defendant's

14  misconduct, as set forth in detail herein. To the same extent Plaintiffs' claims for fraud, violation of

15  the UCL, CLRA and FAL and breaches of warranty should stand, so too should their claim for

16  unjust enrichment.

17

18  **III.**  **CONCLUSION**

19     Defendant's MTD to the 2AC rests on the same basic contention alleged in the prior MTD:

20  none of Plaintiffs' claims can stand because, Defendant conjectures, nobody could believe the iPad

21  was meant to reliably function as advertised. In seeking dismissal of Plaintiffs' claims, however,

22  Defendant is required to show substantially more than conjecture and cannot, as it has done here,

23  simply ignore or gloss over the highly specific allegations in Plaintiffs' 2AC. Rather, Defendant

24  must establish, *beyond doubt and to a certainty*, that Plaintiffs can prove "no set of facts" entitling

25  them to relief. This Apple has not done. Accordingly, Plaintiffs respectfully request the Court deny

26  ──────────────────────

27  [31]  2AC, ¶¶ 92- 97.
    <br>[32]  *Accord.*, *Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 793 (2003) (court

28  describing unjust enrichment as an effect, e.g. "the result of a failure to make restitution under
    <br>circumstances where it is equitable to do so.")

SCOTT COLE & ASSOCIATES, APC
<br>ATTORNEYS AT LAW
<br>THE WACHOVIA TOWER
<br>1970 BROADWAY, NINTH FLOOR
<br>OAKLAND, CA 94612
<br>TEL: (510) 891-9800

Plaintiffs' Opposition to Def.'s Motion to Dismiss Plaintiffs' Second Amended Complaint

1  Defendant's MTD in its entirety.

2

3  Dated: May 20, 2011

4                                        **SCOTT COLE & ASSOCIATES, APC**

5

6
                             By:   /s/Matthew R. Bainer
7                                  Matthew R. Bainer, Esq.
                                   Attorneys for the Representative Plaintiffs
8                                  and the Plaintiff Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Opposition to Def.'s Motion to Dismiss Plaintiffs' Second Amended Complaint