Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
E-mail: scole@scalaw.com
E-mail: mbainer@scalaw.com
E-mail: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiffs
and the putative Plaintiff Classes

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>　　　　　　　　Defendant. | **Case No. C10-03231 JF**<br><br>**<u>CLASS</u> ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**Date: June 10, 2011**<br>**Time: 9:00 a.m.**<br>**Dept.: Courtroom 3, 5th Floor**<br>**Judge: The Hon. Jeremy Fogel** |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. LEGAL ARGUMENT ...........................................................................................1

    A. THE APPLICABLE STANDARDS.............................................................1

    B. PLAINTIFFS HAVE NO OBLIGATION TO ESTABLISH STANDING FOR UNNAMED CLASS MEMBERS ............................................................3

    C. PLAINTIFFS ALLEGED AN APPROPRIATE CLASS UNDER THE CLRA ..............................................................................................................4

    D. PLAINTIFFS' ALLEGATIONS ARE APPROPRIATE FOR CLASS TREATMENT AND CONSIDERATION OF COMMON VERSUS INDIVIDUAL ISSUES IS PREMATURE.......................................................5

        1. The Element of Reliance is Not a Categorical Defeat to Class Certification. .......................................................................................5

        2. Potential Conflicts in State Law Do Not Militate Against Class Treatment. .........................................................................................7

    E. PLAINTIFFS' REQUESTED INJUNCTIVE RELIEF CAN SUPPORT CERTIFICATION UNDER FRCP RULE 23(B)(2) .....................................8

    F. PLAINTIFFS' RULE 23(B)(1) ALLEGATIONS SHOULD NOT BE SUMMARILY STRICKEN.........................................................................8

III. CONCLUSION......................................................................................................9

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Baba v. Hewlett-Packard Co.*,
 2010 U.S. Dist. LEXIS 59747 (N.D. Cal., June 16, 2010) .................................................... 1, 5

*Beckstead v. Superior Court*,
 21 Cal.App.3d 780 (1971) ............................................................................................................ 2

*Bell v. Farmers Ins. Exch.*,
 115 Cal.App.4th 715 (2004) ......................................................................................................... 8

*Blackie v. Barrack*,
 524 F.2d 891 (9th Cir. 1975) ........................................................................................................ 6

*Califano v. Yamasaki*,
 442 U.S. 682 (1979) ...................................................................................................................... 4

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
 217 F.Supp.2d 1028 (C.D. Cal. 2002) ......................................................................................... 1

*Chamberlan v. Ford Motor Co.*,
 369 F. Supp. 2d 1138, 1145-1146 (N.D. Cal. 2005) ................................................................. 5

*Collins v. GameStop Corp.*,
 2010 U.S. Dist. LEXIS 88878 (N.D. Cal. Aug. 6, 2010) .......................................................... 1

*Denney v. Deutsche Bank, AG*,
 443 F.3d 253 (2nd. Cir. 2006) ..................................................................................................... 3

*Ewert v. Ebay, Inc.*,
 2010 U.S. Dist. LEXIS 108838 (N.D. Cal. Sept. 30, 2010) ..................................................... 5

*Gutierrez v. California Commerce Club*,
 187 Cal.App.4th 969 (2010) .................................................................................................... 2, 5

*In re 2TheMart.com, Inc. Sec. Litig.*,
 114 F.Supp.2d 955 (C.D. Cal. 2000) ........................................................................................... 1

*In re General Motors Corporation Dex-Cool Products Liability Litigation*,
 241 F.R.D. 305 (S.D. Ill. 2007) ................................................................................................... 3

*In re LILCO Securities Litigation*,
 111 F.R.D. 663 (E.D.N.Y. 1986) ................................................................................................. 7

*In re Wal-Mart Stores, Inc.*,
 505 F.Supp.2d 609 (N.D. Cal. 2007) ...................................................................................... 1, 2

*Jenson v. Fiserv Trust Co.*,
 256 Fed.Appx. 924 (9th Cir. 2007) .............................................................................................. 6

*Johnson v. General Mills, Inc.*,
 2011 U.S. Dist. LEXIS 45120 (C.D. Cal. Apr. 20, 2011) ........................................................ 5

*Kamm v. Cal City Dev. Co.*,
 509 F.2d 205 (9th Cir. 1975) ........................................................................................................ 2

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

| | | |
|---|---|---|
| | *Keilholtz v. Lennox Hearth Prods.*, 268 F.R.D. 330 (N.D. Cal. 2010) | 5 |
| | *LaSala v. American Sav. & Loan Assn.*, 5 Cal.3d 864 (1971) | 2 |
| | *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282 (2002) | 6 |
| | *McManus v. Fleetwood Enters.*, 320 F.3d 545 (5th Cir. 2003) | 6, 7 |
| | *Metowski v. Traid Corp.*, 28 Cal.App.3d 332 (1972) | 7 |
| | *Mirkin v. Wasserman*, 5 Cal.4th 1082 (1993) | 6 |
| | *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) | 8 |
| | *Murray v. Local 2620*, 192 F.R.D. 629 (N.D. Cal. 2000) | 9 |
| | *Myers v. MedQuist, Inc.*, 2006 U.S. Dist. LEXIS 91904 (D.N.J. Dec. 20, 2006) | 2 |
| | *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261 (9th Cir. 2010) | 5 |
| | *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580 (C.D. Cal. 2008) | 6 |
| | *Pella Corp. v. Saltzman*, 606 F.3d 391 (2010) | 3 |
| | *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776 (9th Cir. 1986) | 8 |
| | *Shumacher v. Tyson Fresh Meats, Inc.*, 221 F.R.D. 605 (D. S.D. 2004) | 7 |
| | *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059 (8th Cir. 2000) | 1 |
| | *U.S. Trust Co. of New York v. Alpert*, 163 F.R.D. 409 (S.D. N.Y. 1995) | 9 |
| | *Vasquez v. Superior Court*, 4 Cal.3d 800 (1971) | 4, 7 |
| | *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009) | 2 |
| | *Vuyanich v. Republic Nat'l Bank*, 723 F.2d 1195 (5th Cir. 1984) | 3 |

*Vuyanich v. Republic National Bank of Dallas*,
   82 F.R.D. 420 (N.D. Tex. 1979) ............................................................................................... 3

*Walsh v. Chittenden Corp.*,
   798 F.Supp. 1043 (D. Vt. 1992) ................................................................................................ 7

*Wang v. Chinese Daily News*,
   623 F.3d 743 (9th Cir. 2010) ..................................................................................................... 8

*Wolin v. Jaguar Land Rover North Am.*, LLC,
   617 F.3d 1168 (9th Cir. 2010) ................................................................................................... 6

*Wolph v. Acer Am. Corp.*,
   2011 U.S. Dist. LEXIS 35003 (N.D. Cal. Mar. 25, 2011) ......................................................... 6

*Zachary v. Chase Manhattan Bank, N.A.*,
   52 F.R.D. 532 (1971) ................................................................................................................ 9

**Federal Statutes**
Fed. R. Civ. P. 9(f) ........................................................................................................................ 1

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

**Treatises & Secondary Resources**
Federal Practice and Procedure Civil § 1785.3 (3d 2005) ............................................................ 2

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800


## I. INTRODUCTION

With the instant Motion to Strike ("MTS"), Defendant renews its effort to strike Plaintiffs' class allegations as inadequate under Federal Rules of Civil Procedure, Rule 9(f) (which governs motions to strike) and Rules 23(a)-(d) (addressing the requirements for class certification). Defendant's request is both a procedural rarity and wholly unsupportable. In support of its Motion, Defendant offers arguments which might be cognizable in opposition to a motion for class certification, but which are fundamentally flawed at this juncture of the litigation. Determinations of class sufficiency are *particularly disfavored* at the pleading stage, stemming in no small part from the fact that no discovery has been conducted. Indeed, Defendant's MTS perfectly illustrates the problems inherent in analyzing certification issues at the pleading stage. Rather than relying on an evidentiary record, Defendant is forced to proffer little more than conjecture regarding damages and absent class member experiences in support of its arguments. Accordingly, Defendant's Motion to Strike should be denied.

## II. LEGAL ARGUMENT

### A. THE APPLICABLE STANDARDS

Motions to strike, often used as a delay tactic, are treated disfavorably, especially in light of the limited importance of pleading in federal practice. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007) (citing *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)). Issues raised in a motion to strike, like a motion to dismiss for failure to state a claim, are to be viewed in the light most favorable to the party opposing the motion. *In re Wal-Mart Stores, Inc.*, supra. (*citing In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000), *see also Collins v. GameStop Corp.*, 2010 U.S. Dist. LEXIS 88878, *4 (N.D. Cal. Aug. 6, 2010). Moreover, the standard for granting Defendant's MTS is almost insurmountable, since Defendant must show that the questions of law are clear (not in dispute) and that none of Plaintiffs' claims could succeed under any set of circumstances. *Baba v. Hewlett-Packard Co.,* 2010 U.S. Dist. LEXIS 59747, *7 (N.D. Cal., June 16, 2010).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Moreover, motions to strike *class allegations* at the pleading stage are doubly disfavored. *See*, *e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (*citing Kamm v. Cal City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)) (expressing disapproval of attempts to analyze the propriety of class treatment without allowing its proponent sufficient discovery to establish Rule 23 requirements). "[D]ismissal of class allegations at the pleading stage should be done rarely and [the preferred] course is to deny [motions to strike] because the shape and form of a class action evolves only through the process of discovery." *Wal-Mart Stores, Inc.*, *supra.* at 615. (internal citations omitted) (*citing Myers v. MedQuist, Inc.*, 2006 U.S. Dist. LEXIS 91904, *4 (D.N.J. Dec. 20, 2006)). In fact, even in the *Wal-Mart* scenario, where the Court found the plaintiff's class definitions to be suspicious (and perhaps even improper), the Court denied defendant's motion as premature, holding that discovery should be permitted so as to allow for a fully-adversarial class certification motion. *Wal-Mart*, *supra,* at 615-16.

Disfavor for striking class allegations at the pleading stage is equally true under California state court practice. *Gutierrez v. California Commerce Club*, 187 Cal.App.4th 969, 976-77 (2010) (discussion of judicial policy discouraging trial courts from determining **class sufficiency** at the pleading stage). "In order to effect this judicial policy, the California Supreme Court has *mandated* that a candidate complaint for class action consideration, if at all possible, be allowed to survive the pleading stages of litigation." *Beckstead v. Superior Court*, 21 Cal.App.3d 780, 783 (1971) (*citing*, *LaSala v. American Sav. & Loan Assn.*, 5 Cal.3d 864 (1971) (emphasis added). Allowing pre-certification discovery to proceed first recognizes that determining whether a class action is more "beneficial to litigants and the judicial process" is more intelligently made as the judge becomes intimate with the character of the action. *Gutierrez, supra,* at 976-977.

For these reasons, any consideration of Plaintiffs' class allegations should only be allowed after obtaining adequate discovery and with a full evidentiary record before the Court. *See,* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005).

### B. PLAINTIFFS HAVE NO OBLIGATION TO ESTABLISH STANDING FOR UNNAMED CLASS MEMBERS

Defendant's first line of attack is its argument that the classes, as defined, include members who suffered no injury[1] and thus, have no standing to sue.[2] Defendant's argument, however, contains two fatal components: first, it requires this Court to take, *as false*, the allegations of the 2AC, and second, it asks this Court to resolve questions of absent class member standing at the pleading stage.

In a class action, only standing of the representative plaintiffs need be shown. *In re General Motors Corporation Dex-Cool Products Liability Litigation*, 241 F.R.D. 305, 310 (S.D. Ill. 2007). "'Once threshold individual standing by the class representative is met,[3] a proper party to raise a particular issue is before the court, **and there remains no further separate class standing requirement in the constitutional sense**.'" *Ibid*. (emphasis added) (*quoting* 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 2:5 (4th ed. 2002 & Supp.2006)). As the court in *Pella Corp. v. Saltzman* noted "[w]hile it is almost inevitable that a class will include some people who have not been injured by the defendant's conduct because at the outset of the case many members may be unknown, or the facts bearing on their claims may be unknown, this possibility does not preclude class certification." 606 F.3d 391, 394 (7th Cir. 2010) (emphasis added). If the named plaintiffs have Article III standing and the Court properly applies the requirements of Rule 23, then for pleading purposes, "the certified class must necessarily have standing as an entity." *Vuyanich v. Republic National Bank of Dallas*, 82 F.R.D. 420, 428 (N.D. Tex. 1979) (*Vacated by Vuyanich v. Republic Nat'l Bank*, 723 F.2d 1195 (5th Cir. 1984) *on other grounds*). Here, the named Plaintiffs all have standing to sue, providing entity standing for the proposed classes. Defendant's MTS should therefore be denied.

---

[1] Notably, an "injury" can include such things as the "fear or anxiety" of some future-occurring damage or harm. *Denney v. Deutsche Bank, AG*, 443 F.3d 253, 264-265 (2nd. Cir. 2006) (noting that the requirement of injury is "...not applied too restrictively" and that standing can be satisfied even where a plaintiff can only show a *possibility* that defendant's conduct may have a future effect).

[2] MTS, pp. 4:5-5:5.

[3] Apple does not specifically challenge the standing of the named Plaintiffs themselves.

**C.  PLAINTIFFS ALLEGED AN APPROPRIATE CLASS UNDER THE CLRA**

Defendant's argument regarding Plaintiffs' claim under the Consumers Legal Remedies Act ("CLRA") is a red herring, myopically focusing on those named Plaintiffs who purchased their iPads strictly for "business" use. However, the 2AC explains that Plaintiffs' nationwide and California CLRA classes are comprised only of non-entity members who purchased the iPad for personal use. Cal. Civ. Code § 1761(d). As CLRA claims are specifically designated as suitable for class treatment, Plaintiffs' class allegations should stand.

As with many multi-claim class actions, not every Representative Plaintiff or member of the putative classes need be or, likely, even will be eligible for recovery under every claim, including the CLRA -- nor is such required. *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010). Indeed, in *Califano v. Yamasaki*, 442 U.S. 682 (1979) the United States Supreme Court described class relief as "peculiarly appropriate," even though the plaintiffs there filed claims under two statutory provisions – some possessing a claim for relief under one of the statutory provisions but not the other. *Id.* at 701. The Supreme Court found that the issues involved were "common to the class as a whole" and that the class action device would save resources by permitting an issue potentially affecting an enormous number of people to be litigated in an economical fashion. *Id.* Here, a substantial portion of the millions of iPad purchasers undoubtedly bought the device for personal use, making it nearly undoubtable that the common question of whether Apple engaged in deceptive trade practices in violation of the CLRA will affect a significant number of class members.

Moreover, the CLRA <u>specifically provides for use of the class action procedure</u>. *See*, *e.g.*, Cal. Civ. Code § 1781(b) ("[t]he court shall permit the suit to be maintained on behalf of all members of the represented class"); *Vasquez v. Superior Court*, 4 Cal.3d 800, 820-21 (1971) (advocating invocation of the CLRA "[i]f the class action is to prove a useful tool to the litigants and the court"). In fact, the *Vasquez* court noted that the promulgation of the CLRA was the Legislature's indication in "unmistakable terms that consumers may bring suit **as a class** to seek redress for damages sustained as a result of false representations by sellers." *Vasquez*, *supra* at 817; *see also*, *e.g. Johnson v. General Mills, Inc.*, 2011 U.S. Dist. LEXIS 45120 (C.D. Cal. Apr. 20,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2011), *Keilholtz v. Lennox Hearth Prods.*, 268 F.R.D. 330, 343 (N.D. Cal. 2010), *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1145-1146 (N.D. Cal. 2005).

Any further consideration of Plaintiffs' class allegations under the CLRA are premature at this stage, given that Defendant has provided the Court with no evidence by which to analyze whether common questions of law and fact predominate.[4] Accordingly, this Court should not strike Plaintiffs' class allegations under the CLRA.

### D. PLAINTIFFS' ALLEGATIONS ARE APPROPRIATE FOR CLASS TREATMENT; CONSIDERATION OF COMMON VERSUS INDIVIDUAL ISSUES IS PREMATURE

Defendant's argument that individual issues necessarily predominate over common ones endeavors to bring this Court to a premature consideration of class certification. As noted above, issues surrounding Plaintiffs' ability to satisfy Rule 23 should be left until pre-certification discovery has been completed. *Vinole*, supra at 942; *Gutierrez v. California Commerce Club*, supra at 976. To preclude further class litigation at this stage would require Defendant to show that no circumstances exist under which Plaintiffs' class allegations could be certified under Rule 23(b)(3). *Baba*, supra. Apple cannot meet this high standard.

#### 1. Reliance allegations do not preclude class certification.

As the Advisory Committee to the 1966 Rule 23 Amendments explained, "a fraud perpetrated on numerous persons by use of similar misrepresentations may be an appealing situation for a class action..." Fed. R. Civ. P. 23, Advisory Committee Notes to 1966 Amendments, Subdivision (b)(3). When "[c]onfronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken a common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975).

---

[4] The authority cited by Defendant bears this out, since both opinions are on motions for class certification where the plaintiffs would have been obliged to establish commonality, **not** an attack on the underlying pleading. *See Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261 (9th Cir. 2010); *Ewert v. Ebay, Inc.*, 2010 U.S. Dist. LEXIS 108838, *17 (N.D. Cal. Sept. 30, 2010).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*See also, Jenson v. Fiserv Trust Co.*, 256 Fed.Appx. 924, 926 (9th Cir. 2007) (*citing Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. Cal. 1975). Indeed, as the *Jenson* Court specifically noted in upholding class certification of the plaintiff's fraud claim, "common issues do not necessarily fail to predominate simply because reliance must be shown...when the same material misrepresentations have been communicated, an inference of reliance may arise as to the entire class. *Ibid.* (citing *Mirkin v. Wasserman*, 5 Cal.4th 1082 (1993)).

Regarding Plaintiffs' CLRA claims, "'[t]he causation required by Civil Code section 1780 does not make plaintiffs' [CLRA] claims unsuitable for class treatment.' (*citation*). For the majority of class members, causation is shown through the materiality of the misrepresentations. (*citation*). If materiality is shown, reliance and causation may be presumed as to the entire class." *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 596 (C.D. Cal. 2008) (*citing Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282, 1292-93 (2002)). Amenability for class treatment is equally true of claims predicated on breach of warranty. *See e.g.*, *Wolin v. Jaguar Land Rover North Am.*, LLC, 617 F.3d 1168, 1174 (9th Cir. 2010) (reversing denial of certification of, *inter alia*, claims for breach of warranty); *Wolph v. Acer Am. Corp.*, 2011 U.S. Dist. LEXIS 35003, 28-29 (N.D. Cal. Mar. 25, 2011) (conditionally certifying class action on behalf of notebook computer purchasers where plaintiffs alleged breach of warranty claims in conjunction with various consumer protection claims for relief).

The opinion cited by Defendant – a non-binding decision from the Fifth Circuit – does nothing to undermine the notion that claims involving reliance are suitable for class treatment. *See McManus v. Fleetwood Enters.*, 320 F.3d 545 (5th Cir. 2003). First, *McManus* addressed a motion for class certification, issued *after* the parties had had the opportunity to conduct discovery and after the court reviewed a fully-developed evidentiary record. *Id.* Second, in order for the *McManus* plaintiffs to establish reliance they needed to show that every class member saw a very particular misrepresentation: the towing capacity listed on the vehicle door tag, and had to rely on it in a very specific way: to assume that supplemental brakes would not be needed to tow a vehicle within that capacity. *Id.* at 546-47. Unsurprisingly, the *McManus* court found that purchasers might have seen and interpreted the towing capacity differently, rendering the issue of reliance unsuitable for class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  treatment. *Id.* at 550. Here, by contrast, Plaintiffs allege a broad, multi-part campaign of false
2  advertising regarding use of the iPad for its basic purposes, and can rely on common evidence that
3  class members received the same misrepresentations and, thereafter, acted in a manner consistent
4  with those misrepresentations, all of which creates an inference of common reliance. *See*, *e.g.*,
5  *Metowski v. Traid Corp.*, 28 Cal.App.3d 332, 338 (1972); *Vasquez*, *supra.*

### 2. Potential conflicts in state law do not militate against class treatment.

While Apple urges that potential differences in states' laws are sufficient, at the pleading stage, to show the predominance of individual issues, Apple offers no persuasive authority for the proposition. Morever, where the common law claims are predicated on the same factual allegations and proof will be essentially the same, commonality may be found, "[e]ven if the law of different states might ultimately govern the common law claims-an issue that need not and is not decided at this juncture-certification of the class for the whole action is appropriate." *Walsh v. Chittenden Corp.*, 798 F.Supp. 1043, 1055 (D.Vt. 1992). "'The spectre of having to apply different substantive law (sic) does not warrant refusing to certify a class on the common-law claims.'" *Id.* (*quoting In re LILCO Securities Litigation*, 111 F.R.D. 663, 670 (E.D.N.Y. 1986)). In fact, even in situations where the laws of different states are in serious conflict, sub-classes and/or other tools to promote efficiency can be utilized, so long as, in the end, the action remains manageable. *See*, *e.g.*, *Shumacher v. Tyson Fresh Meats, Inc.*, 221 F.R.D. 605, 613 (D. S.D. 2004). Finally, Apple ignores the fact that California law will likely be applied to all putative class members' claims since those claims are largely products of California state law, meaning that the body of jurisprudence would emanate from California's state judicial opinions.

Plaintiffs should be afforded a full opportunity to demonstrate the predominance of common questions of fact and law and resolve any differences in state law at a class certification hearing. At the pleading stage, the 2AC need only plead that the elements for satisfying Rule 23 exist. The 2AC adequately does that.

### E.     INJUNCTIVE RELIEF CAN SUPPORT RULE 23(B)(2) CERTIFICATION

A class may be certified under FRCP Rule 23(b)(2) even when injunctive relief <u>and</u> monetary damages are requested. "[C]lass actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003) (*withdrawn on other grounds by Molski v. Gleich*, 2003 U.S. App. LEXIS 2055 (9th Cir. Feb. 6, 2003) (*citing*, *Probe v. State Teachers' Ret. Sys.,* 780 F.2d 776, 780 (9th Cir. 1986)). In fact, class actions may be certified under Rule 23(b)(2) even where the request for injunctive relief is merely on an "equal footing" with the requested monetary damages. Indeed, injunctive relief need not predominate. *Wang v. Chinese Daily News*, 623 F.3d 743, 754 (9th Cir. 2010).[5] The fact the 2AC contains a request for an award for money damages, and the amount of those damages may ultimately require individual inquiries, does not function as a bar to certification. *Bell v. Farmers Ins. Exch.*, 115 Cal.App.4th 715, 744 (2004) [most class actions contemplate the eventual individual proof of damages, oftentimes in a formulaic manner].

Apple's suggestion that the 2AC's request for injunctive relief is "incidental" is unsupported and downplays the significance of curbing unfair competition brought on by deceptive advertising practices that adversely impact interstate commerce and are far from being merely "incidental." Given the 2AC's references to *continuing* deception by Apple, the putative Rule 23(b)(2) class should be allowed to conduct discovery and present proof of these claims to the Court at the proper time.

### F.     PLAINTIFFS ADEQUATELY PLED A RULE 23 (B)(1) CLASS

Not only is Apple's attack on the 2AC's Rule 23(b)(1) allegations premature, but it ignores the fact that a perfectly certifiable Rule 23(b)(1) class may request declaratory or injunctive relief <u>as well as</u> monetary damages. *See, e.g. Murray v. Local 2620, AFSCME*, 192 F.R.D. 629 (N.D. Cal.

---

[5]     Each case cited by Defendant for the proposition that injunctive relief must either be the sole or predominate relief requested in order to warrant certification under Rule 23(b)(2) pre-dates the Ninth Circuit's decision in *Wang v. Chinese Daily News*, 623 F.3d 743 (9th Cir. 2010), the controlling authority on this issue.

2000); *U.S. Trust Co. of New York v. Alpert*, 163 F.R.D. 409 (S.D. N.Y. 1995), *Zachary v. Chase Manhattan Bank, N.A.*, 52 F.R.D. 532 (1971). Here, the 2AC explains the ongoing nature of Apple's deception (warranting injunctive relief) and, given the likelihood of additional lawsuits addressing that advertising campaign, there is a risk that separate adjudications would establish incompatible standards of conduct or result in the impairment of class members' rights, all factors supporting certification of a Rule 23(b)(1) class. *See also*, 2 *Newberg* § 4:8 at 1-2. Finally, the 2AC seeks an award of punitive damages which may result in the creation of a limited fund, yet another factor which supports certification. *U.S. Trust Co. of New York v. Alpert*, *supra* at 419. Since the required elements for pleading this class exist in the 2AC, the MTS should be denied.

## III. CONCLUSION

This Court should decline Defendant's renewed effort to go beyond the proper scope of review at the pleading stage. Apple has failed to meet the substantial burden required for this Court to strike the class allegations from Plaintiffs' 2AC since it cannot prove that Plaintiffs' claims will necessarily fail. The motion to strike should be denied.

Dated: May 20, 2011

                                               **SCOTT COLE & ASSOCIATES, APC**

                                      By: /s/Matthew R. Bainer
                                             Matthew R. Bainer, Esq.
                                             Attorneys for the Representative Plaintiffs
                                             and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800