1

2

3

4                                                    ** E-filed 8/26/2011**

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   JACOB BALTAZAR, CLAUDIA KELLER,          Case Number CV-10-3231-JF
     JOHN R. BROWNING, individually, and on behalf
13   of others similarly situated,                ORDER[1] GRANTING MOTION TO
                                                  DISMISS WITH LEAVE TO AMEND
14                              Plaintiffs,
                                                  [Re: Docket No. 52, 55]
15                v.

16   APPLE, INC.,

17                              Defendant.

18

19

20        Plaintiffs in this consumer class action assert claims for breach of warranty,  fraud, and

21   false advertising.  They allege that Defendant Apple has represents that its iPad tablet computers

     function outdoors without interruption, when in fact the devices overheat and shut down when
22
     used in sunny conditions.  Apple moves to dismiss Plaintiffs' second amended complaint
23
     ("SAC") for failure to state a claim upon which relief may be granted.  As was the case with the
24
     Plaintiff's previous pleadings, the SAC fails to allege facts tending to show that Apple ever
25
     represented or claimed that the iPad would operate under such conditions, or that members of the
26
     putative class justifiably relied on such representations.  Accordingly, the motion to dismiss will
27

28           [1]      This disposition is not designated for publication in the official reports.

Case No. CV-10-3231
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

1    be granted.  However, because the Court concludes that Plaintiffs still may be able to state a

2    cognizable claim based upon the alleged defects, Plaintiffs will be granted a final opportunity to

3    amend.

4                                              **I. BACKGROUND**

5            Apple launched the iPad on January 27,  2010, claiming that the device was innovative

6    and revolutionary.  (SAC ¶ 16.)  The iPad also has proved to be popular, with more than four

7    million units having been sold. (*Id.*)  Plaintiffs represent a putative class of iPad purchasers,

8    including both a California-only class and a nationwide class.  Each of the named Plaintiffs

9    alleges that he or she chose to purchase an iPad based at least in part on what they characterize

10   as representations by Apple that the iPad could function outdoors as an e-reader and mobile

11   internet device. (*Id*. at ¶¶ 34-46.)  Plaintiffs allege that the iPad does not function outdoors as

12   represented by Apple.  (*Id*.)  Instead, they claim that the device overheats when it is used

13   outdoors under sunny conditions even within the acceptable ambient temperature range, causing

14   it to shut down until it has time to cool.  The temperature range for normal use, as defined by

15   Apple in the product specifications available on the packaging and online, ranges from thirty-two

16   to ninety-five degrees Fahrenheit.  (*Id*. at ¶ 23.)

17           Plaintiffs claim that Apple produced a television commercial showing depictions of the

18   iPad being used outdoors, at least some of the time on sunny days, and posted on its website a

19   video showing scenes of the iPad being used outdoors and in the sun.[2]  They also base their

20   claims on a statement made on Apple's website that "[r]eading the iPad is just like reading a

21   book."  (*Id.* at ¶ 28.)  Finally, they assert that Apple represented expressly, both on the iPad's

22   packaging and on its website, that the iPad would function normally within the specified ambient

23

24   _____

25           [2]  Apple asks the Court to take judicial notice of what it claims is a copy of the television
     commercial and web video referenced in the SAC, as well as a screen shot of the Apple page that
26   linked to the web video.  In considering a motion to dismiss, the Court may take judicial notice
     of "documents whose contents are alleged in a complaint and whose authenticity no party
27   questions, but which are not physically attached to the pleadings."  *Branch v. Tunnell*, 14 F.3d
     449, 454 (9th Cir. 1994).  Plaintiffs have raised no objections to the authenticity of the
28   documents in question.

                                                      2

1    temperature range.  (*Id*. at 23.)

2        Plaintiffs contend that the iPad fails to meet "reasonable consumer expectations" because

3    it "overheats so quickly under common weather conditions that it does not function for

4    prolonged use either outdoors, or in many warm conditions, for a variety of common uses."  (*Id*.

5    at ¶ 22.)  They assert that Apple never informed consumers of the iPad's limitations and that

6    Apple knew or should have known of such limitations through its product testing efforts.  (Pl.'s

7    Opp. at 1:12-15.)  They allege that Apple, "like many large corporations," has an "internal

8    marketing information system which tracks customer demographics, competing products and

9    technology, customer complaints and product returns" (FAC at ¶ 35),  as a result of which it

10   "reasonably should have known of the customer complaints regarding the iPad."  (*Id*.)

## II.  MOTION TO DISMISS

12       "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

13   cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*

14   *Centinela Hosp. Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to

15   dismiss, "all allegations of material fact are taken as true and construed in the light most

16   favorable to the nonmoving party."  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th

17   Cir. 1996).  However, "[w]hile a complaint attacked by Rule 12(b)(6) motion to dismiss does not

18   need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

19   'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

20   the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955

21   (2007) (internal citations omitted).  Leave to amend must be granted unless it is clear that the

22   complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66

23   F.3d 245, 248 (9th Cir. 1995).

## III.  DISCUSSION

25   **A.  Breach of Warranty**

26       **1.  Express Warranty**

27       To plead an action for breach of express warranty under California law, a plaintiff must

28   allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of

3

warranty which proximately caused plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142 (1986). In its order dismissing the FAC, the Court concluded that Plaintiffs' general allegations that they relied on representations made in Apple commercials and web content were insufficient to allege the terms of the warranty. The Court stated that "[a]t the least, Plaintiffs must identify the particular commercial or advertisement upon which they relied and must describe with the requisite specificity the content of that particular commercial or advertisement." Order of Feb. 10, 2011 at 3.

The SAC alleges that Apple expressly warranted that the iPad "would operate properly and without defects, and would, therefore, operate under normal environmental conditions, *as advertised*," SAC ¶ 127, and that Apple's "representations regarding use of the iPad outdoors and within the specified temperature range . . . constitute a description of the goods that became part of the basis of the bargain with purchasers of the iPad," (SAC ¶ 129.) The SAC describes the content of the images in an Apple commercial and web video available from the Apple website, and quotes Apple's advertising materials as stating that "[r]eading on iPad is just like reading a book."[3] (SAC ¶ 28.) Finally, the complaint states that Apple expressly warranted the iPad

> against defects in materials and workmanship under normal use for a period of ONE (1) YEAR from the date of retail purchase by the original end-user purchaser ("Warranty Period"), and that Apple defined normal use as operating the iPad "in a place where the temperature is between 0∘ and 35∘ C. (32∘ and 95∘ F.).

(SAC ¶ 102.)

While Plaintiffs observe correctly that a warranty can be created by statements in advertisements, *see e.g.*, *Thomas v. Olin Mathieson Chem. Corp.*, 255 Cal. App. 2d 806, 811 (1967), they do not point to any cases in which a court found that advertising images alone are sufficient to created an express warranty. On the other hand, Apple relies on *Maneely v. GM*, 108 F.3d 1176 (9th Cir. 1997), in which the court rejected warranty claims based on advertising

---

[3] In its order dismissing the FAC, the Court concluded that this statement appears to be non-actionable puffery. Order of Feb. 10, 2011.

images.  The court concluded that "[u]nlike a specific and unequivocal written statement," images of people in the beds of pickup trucks only "present[ed] visual images of the product set in certain surrounds[,] making no explicit guarantees" that riding in the back of a moving truck was safe.  *Id.* at 1180.

Moreover, even if the Court were to conclude that Apple's advertisement could be construed as an express warranty that the iPad would work in the *exact* situations depicted, such a warranty would not apply to *other* situations.  Plaintiffs describe seven brief scenes in a thirty-second commercial depicting the iPad in use in "outdoor locations," some of which uses allegedly occurred on a "sunny day."  SAC ¶ 24.  Several of the images are on the screen for less than a second, and none show the iPad being used in direct sunlight or for an extended period in any environment.  Declaration of Eric A. Long, Ex. A.  Even under the most liberal pleading standard, these brief clips of iPad use in some outdoor locations cannot be construed as an express warranty that the device will operate without interruption in direct sunlight or in outdoor conditions generally.

Plaintiff's allegations based on the web video linked to Apple's website are similarly deficient.  The Apple web page containing the link to the video clearly describes the video as having been created by "iPad owner Jesse Rosten," and it quotes Rosten's statement that, "This is an exploration of what is possible, not necessarily what is practical."  Apple also adds a footnote to Rosten's statement, warning "Do not attempt."  Again, the video includes only brief depictions of outdoor use.

The SAC alleges that the iPad is packaged with an express warranty against defects in materials or workmanship under normal use, and that Apple itself defines normal use to include operation in a place where the ambient temperature is between thirty-two and ninety-five degrees Fahrenheit.  However, the SAC does not allege that the product's overheating and temporarily shutting down under certain conditions constitutes a defect in materials or workmanship.  *See* SAC ¶ 128.  While the warranty covers defects that arise if the iPad is used normally, there is no warrantee that the device will operate without interruption under all conditions within a specified range.

5

1

2          **2.  Implied Warranty of Merchantability**

3              Cal. Civ. Code § 1792 provides that "every sale of consumer goods that are sold at retail

4      in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty

5      that the goods be merchantable."  The implied warranty of merchantability "does not impose a

6      general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides

7      for a minimum level of quality." *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th

8      1291, 1296 (Cal. Ct. App. 1995).  Goods in conformity with the implied warranty of

9      merchantability: "(1) Pass without objection in the trade under the contract description[;] (2) Are

10     fit for the ordinary purposes for which such goods are used[;] (3) Are adequately contained,

11     packaged, and labeled[;] and (4) Conform to the promises or affirmations of fact made on the

12     container or label."  Cal. Civil Code § 1791.1(a).   In *Kent v. Hewlett-Packard Co.*, 72 U.C.C.

13     Rep. Serv. 2d (Callaghan) 628 (N.D. Cal. 2010), this Court concluded that the plaintiffs had to

14     show more than that the alleged defect was "inconvenient," rather, they had to show that the the

15     defect renders the defendant's computers unfit for their ordinary purpose.

16             In its order dismissing the FAC, the Court noted that, "Plaintiffs must identify with

17     greater specificity which of these functions are the 'ordinary purpose' of the iPad and how the

18     device was unfit for that purpose."  Order of Feb. 10, 2011, at 4.  The SAC alleges that the iPad

19     is marketed as a mobile tablet computer that can be used "*anywhere*, whether it be while sitting

20     in a park, at an outdoor café, or on one's own front stoop."  SAC ¶ 2-3 (emphasis in original).

21     However, the SAC alleges not that the iPad is unfit for use *anywhere*, but that it is unfit for use

22     *everywhere* and under all conditions.  While the SAC alleges that the iPad does not fulfill the

23     expectation of the named Plaintiffs, it does not plead facts tending to show that the device fails to

24     meet "a minimum level of quality" for a tablet computer.

25         **3. California Song-Beverly Consumer Warranty Act**

26             To state a viable claim under California's Song-Beverly Consumer Warranty Act, a

27     plaintiff must plead sufficiently a breach of warranty under California law.  *Birdsong v. Apple,*

28     *Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009).  As discussed above, Plaintiffs have failed to state a

6

1    claim for breach of an express or an implied warranty.

2    **B. Fraud Based Claims**

3        **1. Rule 9(b) Pleading Standard**

4        Under Fed. R. Civ. P. 9(b), "[i]n all averments of fraud or mistake, the circumstances

5    constituting fraud or mistake shall be stated with particularity."  A plaintiff must set forth more

6    than the neutral facts necessary to identify the transaction; he or she also must explain why the

7    statement or omission complained of was false or misleading.  *In re GlenFed, Inc. Securities*

8    *Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994).

9        **2. Common-Law Claims**

10       To state a claim for fraud or intentional misrepresentation under California law, a

11   plaintiff must allege: (1) misrepresentation (false representation, concealment, or nondisclosure);

12   (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable

13   reliance; and (5) resulting damage.  *Lazar v. Superior Ct.*, 12 Cal.4th 631, 638 (1996) (fraud);

14   *Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1486, 1474 (1997) (intentional

15   misrepresentation).  "The same elements comprise a cause of action for negligent

16   misrepresentation, except there is no requirement of intent to induce reliance."  *Cadlo v. Owens-*

17   *Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).

18       As discussed above, Plaintiffs have failed to allege adequately that Apple misrepresented

19   the conditions under which the iPad would operate or that they justifiably could rely on those

20   representations in believing that the iPad would operate as they expected.  The SAC alleges that

21   Apple made knowing misrepresentations in its thirty-second commercial, the web video

22   available from its website, its statement that the iPad can be used "just like a book," and the

23   temperature restrictions listed in the product specifications.  However, none of the named

24   plaintiffs claims to have relied on Apple's statement that the iPad can be used "just like a book,"

25   which, as noted above, is mere puffery.  In addition, in light of the clear disclaimers associated

26   with the web video, Plaintiffs have not alleged sufficient facts to support a conclusion that

27   reliance upon any representations made in that video was reasonable.

28       Although the SAC provides greater specificity with respect to the images used in Apple's

7

1  television advertisement, the advertisement itself contains only brief depictions of the iPad being

2  used outdoors, and none of these appear to be in direct sunlight.  Plaintiffs do not explain how

3  they reasonably could rely on the images in the advertisement as a basis for believing that the

4  iPad could be used for an extended period in the sun.  Plaintiffs claim that they relied on the

5  advertisement to conclude that the device would operate "outdoors," SAC ¶ 35, or "under the

6  conditions in the advertisement," SAC ¶ 35, but they allege only that the device fails to operate

7  in a limited subset of outdoor conditions that are not depicted in the advertisement.

8       In addition, as Apple and this Court have observed, Plaintiffs do not assert a product

9  liability claim.  Unlike a design defect case, in which where the inquiry is whether a product is

10  manufactured in accordance with its intended specifications, *Brothers v. Hewlett-Packard Co.*,

11  No. C-06-02254 RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007), Plaintiffs' legal

12  theories require that they make "a bona fide claim of actual reliance," *Cadlo v. Owens-Illinois,*

13  *Inc,.*, 125 Cal. App. 4th 513, 519 (2004).  The SAC does not explain how Plaintiffs reasonably

14  could rely on the temperature specifications to conclude that the iPad would never shut down

15  within the specified temperature range.  The temperature specifications do not purport to

16  describe fully the environmental conditions under which the device would operate.  To use an

17  obvious example, one could not conclude from the specifications that the iPad would be

18  expected to operate in a rain or snow storm simply because it is designed to operate at certain

19  ambient temperatures.

20       Plaintiffs also allege that Apple had a duty to disclose the iPad's functional limitations.

21  They argue that in choosing to disclose certain facts about the product, Apple had a

22  corresponding duty to disclose information inconsistent with those disclosures.  They claim that

23  because it represented that the iPad would function outdoors without interruption and in warm

24  weather conditions, Apple was obligated to disclose the alleged problems with operating the

25  device in direct sunlight.  However, as noted above, Plaintiffs have not alleged facts supporting

26  their claim that Apple ever represented that the iPad would function outdoors without

27  interruption under all conditions.  To maintain a claim for fraudulent omission, Plaintiff must

28  allege specifically a representation actually made by the defendant that is contrary to the

1   omission, or an omission of a fact that the defendant was obliged to disclose.  *See Daughtery v.*

2   *American Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006).  The SAC fails to do either.

3   **C. Consumer Protection Statutes**

4        Plaintiffs also seek relief under three California consumer protection statutes: the Unfair

5   Competition Law (UCL), which makes actionable any "unlawful, unfair or fraudulent business

6   act or practice," Cal. Bus. & Prof. Code § 17200; the False Advertising Law (FAL), which

7   makes it unlawful to make or disseminate any statement concerning property or services that is

8   "untrue or misleading . . . ," *Id.* § 17500; and the Consumer Legal Remedies Act, which prohibits

9   "unfair methods of competition and unfair or deceptive acts or practices" generally, Cal.

10  Civ.Code § 1770. Claims made under these statutes are governed by the "reasonable consumer"

11  test which focuses on whether "members of the public are likely to be deceived." *Werberl v.*

12  *Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal July 2, 2010) (quoting

13  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

14       "Under the reasonable consumer standard, [a plaintiff] must show that members of the

15  public are likely to be deceived. The California Supreme Court has recognized that these laws

16  prohibit not only advertising which is false, but also advertising which, although true, is either

17  actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the

18  public."  *Videtto v. Kellogg USA*, No. 2:08-cv-01324-MCE-DAD, 2009 WL 1439086, at *3

19  (E.D. Cal. May 21, 2009) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).

20  While whether a business practice is deceptive is usually a question of fact not appropriate for a

21  motion to dismiss, *see Williams*, 552 F.3d at 938, "[i]f an alleged misrepresentation would not

22  deceive a reasonable consumer or amounts to mere puffery, then any cause of action having

23  deception as an element may be addressed, as a matter of law, on a motion to dismiss, *McKinnis*

24  *v. Kellogg USA*, No. CV 07-2611 ABC (Rcx), 2007 WL 4766060, at *3 (C.D. Cal. Sept. 19,

25  2007).

26       As detailed above, the representations alleged cannot be understood to claim that the iPad

27  will operate under the specific environmental conditions under which it allegedly tends to shut

28  down.  Plaintiffs have not shown why a reasonable consumer would be deceived by the alleged

9

1    misrepresentations.

2    **D.   Motion to Strike Class Allegations**

3          The Court will defer consideration of Apple's motion to strike Plaintiffs' class allegations

4    until Plaintiffs have had a final opportunity to amend their pleading.

5                                        **III.   ORDER**

6          Good cause therefore appearing, the motion to dismiss is GRANTED, WITH LEAVE TO

7    AMEND. Any amended complaint shall be filed within (30) days of the date of this order.

8

9

10   IT IS SO ORDERED

11

12

13   DATED:   August 26, 2011                   _____
                                                JEREMY FOGEL
14                                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV-10-3231
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)