IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, MATTHEW HALPER, JUDI RITCHIE, CHADWICK HORN, individually, and on behalf of all others similarly situated,

    Plaintiffs,

  v.

APPLE INC.,

    Defendant.

No. C 10-03231 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this consumer class action involving the iPad, plaintiffs allege breach of contract and violation of California's Unfair Competition Law ("UCL") against defendant Apple Inc. Apple moves to dismiss plaintiffs' third amended complaint for failure to state a claim upon which relief may be granted. For the reasons discussed below, the motion to dismiss is **GRANTED**.

## STATEMENT

Apple launched the iPad on January 27, 2010 (Third Amd. Compl. ¶ 16). Plaintiffs represent a putative class of iPad purchasers, including both a California-only class and a nationwide class (*id.* ¶ 12). Each of the named plaintiffs alleges that he or she chose to purchase an iPad based at least in part on what they characterize as representations by Apple that the iPad could function outdoors as an e-reader and mobile internet device (*id.* ¶¶ 34–46). Plaintiffs allege that the iPad did not function outdoors as represented by Apple (*ibid.*). They claim that the device overheated when it was used outdoors even within the acceptable ambient temperature range, causing it to shut down until it cooled (*ibid.*). Plaintiffs claim that outdoor overheating was

exacerbated by the iPad's black face, which absorbed more heat from sunlight (*id* ¶ 20). The operating temperature range for normal use, as defined by Apple in the product specifications available on the packaging and online, was thirty-two to ninety-five degrees Fahrenheit (*id.* ¶ 23).

Plaintiffs base their pleadings on iPad advertisements and the product specifications. Plaintiffs claim that Apple produced a television commercial showing images of the iPad being used outdoors, at least some of the time on sunny days, and posted on its website a video showing scenes of the iPad being used outdoors and in the sun (*id.* ¶ 24–25). They also base their claims on a statement made on Apple's website that "[r]eading the iPad is just like reading a book" (*id.* ¶ 28). Finally, they assert that Apple expressly represented, both on the iPad's packaging and on its website, that the iPad would function normally within the specified ambient temperature range (*id.* ¶ 23). This order takes judicial notice of the materials plaintiffs rely on: the iPad warranty, web page regarding iBooks, screenshot of the web-video link, and 30-second television commercial (Dkt. Nos. 12, 30, 54, 64). Plaintiffs do not challenge the authenticity of these materials.

District Judge Jeremy Fogel issued two prior orders dismissing plaintiffs' first and second amended complaints with leave to amend (Dkt. Nos. 50, 68). The order dismissing the second amended complaint held that plaintiffs failed to allege sufficient facts to state breach of warranty claims (express warranty, implied warranty of merchantability, and California Song-Beverly Consumer Warranty Act), common-law fraud, intentional misrepresentation, and negligent misrepresentation claims, their claims under California's consumer protection statutes, California's False Advertising Law, Unfair Competition Law, and the Consumers Legal Remedies Act, as well as their claim for unjust enrichment. The order gave plaintiffs "a *final* opportunity to amend" (Dkt. No. 68 at 2) (emphasis added). In November 2011, this action was reassigned to the undersigned judge.

In their now-operative pleading, plaintiffs allege *virtually identical facts* as their dismissed complaint (*compare* Third Amd. Compl. ¶¶ 15–48 *with* Second Amd. Compl. ¶¶ 15–48). Plaintiffs re-plead their UCL claim without any material modifications, and change their warranty

2

claim into a breach-of-contract claim (*compare* Third Amd. Compl. ¶¶ 49–67 *with* Second Amd. Compl. ¶¶ 111–134).

## ANALYSIS

### 1. LEGAL STANDARD FOR MOTION TO DISMISS.

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). "While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted).

The Court may take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). In a motion to dismiss, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2. BREACH OF CONTRACT.

#### A. Legal Standard.

"A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect. In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006).

3

The contractual promise under a breach-of-contract theory is similar to the terms under a warranty theory. *See* Cal. Comm. Code 2313 (stating that the terms of an express warranty arise from any promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain); *Siders v. Schloo*, 188 Cal. App. 3d 1217, 1221 (1987) (explaining that plaintiff's breach-of-contract theory was not significantly different from their warranty claim which tried to incorporate implied terms into the contract of sale).

### B. Same Factual Deficiencies as the Dismissed Second Amended Complaint.

Plaintiffs allege *virtually identical facts* underlying their breach-of-contract claim as their earlier warranty claims, which were dismissed for insufficient facts. Plaintiffs' third amended complaint adds no material facts and states only the formulaic elements of breach of contract (Third Amd. Compl. ¶¶ 64–67). The advertisements and specifications are insufficient to show that Apple ever represented or claimed that the iPad would operate without interruption under conditions used by plaintiffs. This was already so held by Judge Fogel. The same analysis applies to plaintiffs' breach-of-contract claim. Plaintiffs do not explain how re-pleading the same facts as a breach-of-contract claim can change the reasonable promise or warranty by Apple. Once again, the allegations are insufficient to support the essential elements of either a warranty or a breach-of-contract claim.

As they did in their dismissed second amended complaint, plaintiffs yet again rely on a commercial containing seven brief scenes depicting the iPad in use in "outdoor locations," some of which occurred on a "sunny day" (Third Amd. Compl. ¶ 24). Plaintiff fails to mention that the seven brief scenes are only a small fraction of the thirty-second commercial, which consisted of approximately thirty different scenes. The images depiction outdoor use were fast and fleeting. Several of the images were on the screen for less than a second, and none showed the iPad being used in direct sunlight or for an extended period in any outdoor environment (Dkt. No. 54 at Exh. A). The overall impression of the commercial is not that the iPad was an outdoor product, but a mobile product. In fact, the iPad was not even turned on in some of the scenes, but was merely being moved about handily. Even under the most liberal pleading standard, and even

though there are seven of them, these brief depictions cannot be construed as a promise that the device will operate relentlessly outdoors in sunlight.

Plaintiffs' allegations based on the web video linked to Apple's website are similarly deficient. The independently created video contained brief scenes of the iPad being used outdoors, including being affixed to the dashboard of a car and the gas tank of a motorcycle (Third Amd. Compl. ¶ 25). Importantly, the Apple web page containing a link to the video clearly described the video as having been created by "iPad owner Jesse Rosten," and it quoted Rosten's statement that, "This is an exploration of what is possible, not necessarily what is practical." Apple also added a footnote to Rosten's statement, warning "Do not attempt." Plaintiffs fail to allege that any advertisement promised the particular performance plaintiffs claim to be entitled to.

Plaintiffs allege that the iPad was packaged with an express warranty against defects in materials or workmanship under normal use, and that Apple itself defined normal use to include operation in a place where the ambient temperature was between thirty-two and ninety-five degrees Fahrenheit. While the warranty covered defects that arise if the iPad was used normally, there was no promise that the device would operate without interruption under all conditions within a specified ambient temperature range. To use an obvious example, one could not conclude from the specifications that the iPad would be expected to operate in a rain or snow storm simply because it is designed to operate at certain ambient temperatures. In sum, plaintiffs do not alleged sufficient facts to show there was a breach of contract.

### 3. UNFAIR COMPETITION LAW.

#### A. Legal Standard.

Section 17200 prohibits acts of unfair competition, including "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Claims made under the UCL are governed by the "reasonable consumer" test which focuses on whether "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). If an alleged misrepresentation would not deceive a reasonable

5

consumer or amounts to mere puffery, then the claim may be dismissed as a matter of law. *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal 1994).

### B. No Material Changes From the Dismissed Second Amended Complaint.

Judge Fogel held that plaintiffs had not shown why a reasonable consumer would be deceived by the allegedly misleading advertisements. For reasons already discussed, the advertisements and specifications could not be understood to represent or promise that the iPad would operate without interruption in the specific environmental conditions under which it allegedly tended to shut down. Plaintiffs have not alleged any new information in their operative pleading that remedies this deficiency.

Plaintiffs still fail to explain how they could reasonably rely on the temperature specifications to conclude that the iPad would never shut down within the specified ambient temperature range. As already discussed, the temperature specifications did not purport to describe fully the environmental conditions under which the device would operate without interruption.

The commercial contained only fleeting images of the iPad being used outdoors, and none of these appeared to be in direct sunlight. Plaintiffs do not explain how they reasonably could rely on the images in the commercial as a basis for believing that the iPad could be used for an extended period in the sun. Plaintiffs claim that they relied on the commercial to conclude that the device would operate "outdoors," or "under the conditions in the advertisement," (Third Amd. Compl. ¶ 35) but they allege only that the device fails to operate without interruption in a limited subset of outdoor conditions.

None of the named plaintiffs claims to have relied on Apple's statement that the iPad can be used "just like a book," which was mere puffery. In light of the clear disclaimers associated with the web video, plaintiffs have not alleged sufficient facts to support a conclusion that reliance upon any representations made in that video is reasonable.

Plaintiffs' UCL claim fails because they did not show why a reasonable consumer would be deceived by the allegedly misleading materials.

6

**4.  MOTION TO STRIKE CLASS ALLEGATIONS.**

Because this order is granting Apple's motion to dismiss the entire pleading, its motion to strike plaintiffs' class allegations is moot.

**CONCLUSION**

Plaintiffs have failed to allege any new material facts in their third amended complaint. As warned in the previous order, plaintiffs will not have a fourth chance. Because plaintiffs have failed to remedy the pleading deficiencies previously identified, the third amended complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: December 22, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE